UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARTIN S. GOTTESFELD,

          Plaintiff,

       -against-

HUGH J. HURWITZ; DAVID ANDERSON;
ESKER TATUM; ANTHONY BUSSONICH,

          Defendants.

18-CV-10836 (PGG)

ORDER OF SERVICE

---

PAUL G. GARDEPHE, United States District Judge:

Plaintiff, currently held in the Plymouth County Correctional Facility, in Plymouth,

Massachusetts, brings this *pro se* action asserting that the defendants have violated his federal

constitutional rights and "state civil rights." Because all of the defendants are federal officers, the

Court construes the complaint as asserting claims under *Bivens v. Six Unknown Named Agents of

the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act. By order

dated December 19, 2018, the Court granted Plaintiff's request to proceed without prepayment of

fees, that is, *in forma pauperis*.[1] The Court directs service on the defendants. For the reasons

discussed below, the Court denies Plaintiff's application for the Court to request *pro bono*

counsel without prejudice.

## DISCUSSION

**A.    Service on the defendants**

To allow Plaintiff, who is proceeding *in forma pauperis*, to effect service on the

defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S.

Marshals Service Process Receipt and Return form ("USM-285 form") for each defendant. The

---

[1] Prisoners are not exempt from paying the full filing fee even, when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

Case 1:18-cv-10836-PGG Document 8 Filed 02/05/19 Page 2 of 4

Clerk of Court is further instructed to: (1) mark the box on the USM-285 form labeled "Check for service on U.S.A."; and (2) issue a summons and deliver to the Marshals Service a copy of this order and all other paperwork necessary for the Marshals Service to effect service on the defendants and the United States of America.

Service must be effected within 90 days of the date the summons is issued. It is Plaintiff's responsibility to ensure that service is made and, if necessary, to request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). If within 90 days of issuance of the summons, Plaintiff has not made service or requested an extension of time in which to do so, under Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure, the Court may dismiss this action for failure to prosecute. Finally, Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss this action if he fails to do so.

**B.      Application for *pro bono* counsel**

The Court must deny Plaintiff's application for the Court to request *pro bono* counsel. The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, his efforts to obtain a lawyer, and his ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, the Court denies Plaintiff's application for the Court to request *pro bono* counsel without prejudice to Plaintiff's filing another such application at a later date.

**CONCLUSION**

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff, together with an information package.

2

The Court further directs the Clerk of Court to complete the USM-285 forms with the addresses for Defendants Hugh J. Hurwitz, David Anderson, Esker Tatum, and Anthony Bussonich, and deliver all documents necessary to effect service on the defendants and the United States of America to the U.S. Marshals Service.

The Court denies Plaintiff's application for the Court to request *pro bono* counsel without prejudice to Plaintiff's filing another such application at a later date. (ECF No. 4.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: Feb. 5, 2019
New York, New York

_____
PAUL G. GARDEPHE
United States District Judge

3

## DEFENDANTS AND SERVICE ADDRESSES

1.  Hugh J. Hurwitz
    Acting Director, Federal Bureau of Prisons
    320 First St. NW
    Washington, DC 20534

2.  David Anderson
    Acting Deputy Director, United States Marshals Service
    121 S. Clark St.
    Arlington, Virginia 22202

3.  Esker Tatum
    Warden, MCC New York
    150 Park Row
    New York, New York 10007

4.  Anthony Bussonich
    Medical Director, MCC New York
    150 Park Row
    New York, New York 10007