UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Martin S. Gottesfeld, Plaintiff, pro se v. Hurwitz et al. | Case No.: 18-cv-10836-PGG |

DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-15-19

EMERGENCY MOTION FOR A TEMPORARY INJUNCTION

Plaintiff Martin S. Gottesfeld (herein "plaintiff"), acting pro se, hereby moves the Honorable Court on an emergency basis to issue a temporary injunction pending the resolution of this case which – at a minimum – would prohibit the defendants, their subordinates, agents, contractors, etc. and the designees of such entities (herein collectively "relevant other parties") from segregating the plaintiff from the general inmate population in violation of federal regulations, the 1st Amendment, The Due Process Clause, The 6th Amendment right to counsel and The 8th Amendment.

In support of this motion, the plaintiff submits and wishes, respectfully, to direct The Honorable Court's attention to the exhibits provided herewith: Exhibit 1 (Affidavit of the plaintiff), Exhibit 2 (Affidavit of Mr. Johnell Turner, with whom The District is already familiar (please see Exhibit 1 paragraph 30)), and Exhibit 3 (Signed excerpt from a letter which should have been privileged but was nonetheless opened, inspected and likely read outside of the plaintiff's presence by the relevant other parties despite attorney-client markings from Ms. Virginia Villa, Esq., the plaintiff's 1st Circuit appellate attorney).

The plaintiff recognizes that for an injunction to issue he must show that he will suffer irreparable harm in the absence of relief along with one other factor, usually that he is likely to prevail on the merits.

The plaintiff believes that it is axiomatic that he must prevail on the merits of the instant case when the governing Code of Federal Regulation (CFR) is unambiguous and is being defied so blatantly. To hold otherwise

would be to grant the government an open pass to disobey such regulations whenever it found such to be expedient. Indeed, the government has proved itself, in this case, to be quite officious in its adherence to CFR when such strict adherence is to its benefit to open priviledged correspondence (please see Exhibit 1 paragraph 53), but in comparison to be willfully indifferent to other sections of CFR which it finds less advantageous (please see Exhibit 1 paragraphs 4-8, 48, and the remainder of Exhibit 1 generally).

In regards to irreperable harm, "To determine whether a plantiff has shown irreperable harm,' the court must actually consider the injury the plaintiff will suffer if he or she loses on the preliminary injunction but ultimately prevails on the merits, paying particular attention to whether the remedies available at law, such as monetary damages, are inadequate to compensate for that injury.' Salinger v. Colting, 607 F.3d 68, 80 (2d. Cir. 2010) (internal quotation marks omitted)." 500 Fed. Appx. 24 2012, 12-1484-cv Decided Oct. 12, 2022.

The plaintiff argues that it is a well-known and widely-lamented fact that Special Housing Units (SHUs) do lasting and irreperable harm to those forced to occupy them, especially for prolonged and indefinite periods as he has and would continue to suffer without The Honorable Court's benevolent intercession. Indeed, the plaintiff asserts that there can be no serious argument to the contrary nowadays, as former President Obama made clear in a 2016 Op Ed in The Washington Post following the suicide of New York youth Kalief Browder, which the plaintiff herein incorporates by reference. It follows that later monetary damages would be an inadequate remedy, as was reflected in the plaintiff's complaint in the instant case, seeking only the recovery of fees and costs incurred and a court order forcing corrective action rather than money damages.

Well-known and reputable studies cited by The Human Rights Council of the United Nations and The U.N. Special Rapporteur On Torture and Other Cruel Inhuman or Degrading Treatment or Punishment have found small-group confinement, as practiced by The Federal Bureau of Prisons in its SHUs, to be analogous in its effects to solitary confinement.

Further, the specific facts of the instant case as revealed by Exhibits 1-3 hereto go beyond these general principles and convincingly demonstrate more specific,

ongoing and irreperable harms, including but not limited to violations of the plaintiff's rights to Constitutional Due Process, Free Speech, Freedom of the Press, familial consortium, the effective assistance of counsel, and his right to be free from cruel and unusual punishment (including deliberate indifference).

The plaintiff wishes to request, respectfully, that The Honorable Court bear with him given that he is pro se and facing serious limits on his legal resources (please see Exhibit 1 paragraph 66). For example, should The Honorable Court decide that the plaintiff has failed to meet an evidentiary burden, then the plaintiff kindly requests a hearing whenever possible whereat he can call MDC Brooklyn personnel, including its warden, Mr. H. Quay, its chief medical officer, Mr. Travers and its administrative detention decision-makers as witnesses and present other evidence to further buttress his argument.

The plaintiff also wishes to note that the recent behavior of the Federal Bureau of Prisons seems to reveal an inappropriate motive for placing him in the SHU/CMU rather than the mitigation of a "threat to the continuing operation of the Institution." He has been allowed calls on a frequent basis without the additional strictures of a CMU to no such adverse effect for over 3 years now, including at 4 different BOP facilities and twice recently in Brooklyn (please see Exhibit 1, paragraphs 37, 51, and 67). He has been allowed contact visits with his wife at 2 BOP facilities, similarly without any such adverse effect (please see Exhibit 1 paragraph 58). He has had access to the BOP's electronic messaging, and more generally to inmate computer systems at 3 BOP facilities, including recently at MDC Brooklyn, to no such adverse effect (please see Exhibit 1 paragraphs 55 and 24). He has never been charged with a BOP infraction (please see Exhibit 1 paragraphs 4-6) nor placed on restricted correspondence (please see Exhibit 1 paragraph 62). It therefore seems far more likely than not that the BOP has segregated the plaintiff due to its view of him, in the words of the Bureau's own employees, as "an activist" whose situation is "political," (please see Exhibit 1 paragraphs 28 and 30-31 as well as Exhibit 2 paragraphs 3-4) and because of his role in the press (please see Exhibit 1, paragraphs 8-17).

For all these reasons, the plaintiff kindly requests that The Honorable Court

issue at the soonest possible moment a temporary injunction requiring at a minimum that the relevant other ~~parties~~ parties comply with federal regulations and Constitutional requirements for housing the plaintiff, including but not limited to administrative detention regulations and Communications Management Unit rules and procedures.

The plaintiff further requests that The Honorable Court require the relevant other parties to move him into general population (please see Exhibit 1 paragraph 64) and not to place the plaintiff in a Communications Management Unit or similar setting distinct from the general inmate population without first making a credible and sufficient showing to The Honorable Court's satisfaction that despite the staggering evidence which he's amassed to the contrary the plaintiff nonetheless represents the type of "threat to the continuing operation of the institution" which such units are truly supposed to mitigate.

The plaintiff regrets that he is unable to serve process of this emergency motion on the defendants (please see Exhibit 1 paragraph 66). In lieu, and especially considering the circumstances, he humbly requests that The Honorable Court order the clerk to call the defendants' attention to this filing.

Respectfully mailed on March 11th, 2019,

_____
Martin S. Gottesfeld, plaintiff, pro se
Metropolitan Detention Center
Martin S. Gottesfeld, Reg. No.: 12982-104
P.O. Box 329002
Brooklyn, NY 11232



METROPOLITAN DETENTION CENTER
80 29TH ST, BROOKLYN, NY 11232
The enclosed letter was processed through
mail procedures for forwarding to you.
The letter has neither been opened nor inspected.
If the writer raises a question or a problem over
which this facility has jurisdiction, you may wish
to return the material for further information
or clarification. If the writer encloses correspondence
for forwarding to another addressee,

Metropolitan Detention Center
Martin Gottesfeld Register No.: 12982-104
P.O. Box 329002
Brooklyn, NY 11232

Pro Se Clerk's Office
U.S. District Court
500 Pearl St.
New York, NY 10007