RECEIVED
SDNY PRO SE OFFICE
2019 APR -2 PM 12: 34
S.D. OF N.Y.

United States District Court
Southern District of New York

Martin S. Gottesfeld, pro se
Plaintiff
- against -
Hugh Hurwitz, et al.

Civil Action No.: 18-cv-10836-PGG

USDC SDNY
DOC
ELECTRONICALLY FILED
DOC #_____
      4-2-79

## Motion For A Temporary Injunction

Plaintiff Martin S. Gottesfeld (herein "plaintiff"), acting pro se, hereby moves The Honorable Court to issue a temporary injunction pending the resolution of the instant case, which would - at a minimum - prohibit the defendants, their subordinates, agents, contractors, etc. and the designees of such entities (herein collectively "relevant other parties") from: opening, inspecting, and/or reading the plaintiff's legal mail outside of his presence as if it were general correspondence, including but not limited to his correspondence both to and from The Honorable United States District Court for The Southern District of New York, The Honorable United States Court of Appeals for The First Circuit, The Honorable United States District Court for The District of Massachusetts, The Honorable Massachusetts Superior Court for The County of Middlesex, and his appellate attorney, Ms. Virginia Villa, Esq; taking actions or inactions, whether through indifference, negligence, malice, incompetence, or other unreasonable and/or tortious acts or omissions,

which unduly interfere with the timely or the intact delivery of the plaintiff's legal and other correspondence, including but not limited to failing to seal properly outgoing envelopes which the plaintiff is prohibited from sealing himself and which he must therefore rely on the other relevant parties to seal as well as failing, without notifying the plaintiff, to marshal his mail to and from The United States Postal Service in a timely manner or in any manner whatsoever, and failing to deliver the plaintiff's periodicals to him without unreasonable delay; and failing to allow the plaintiff to purchase or to otherwise obtain a reasonable amount of postage stamps, 8½x11-inch paper, writing impliments, letter-sized envelopes, and legal envelopes sufficient to pursue his pending litigation in the instant case, his pending federal appeals in the First Circuit, his pending civil action in Middlesex Superior Court in Woburn, MA, his future state and federal litigation, as well as to reply to his incoming mail and to write to his wife 5 days per week (excluding postal holidays).

In support of this motion, the plaintiff submits and wishes, respectfully, to direct The Honorable Court's attention to Exhibit 1 (Affidavit of Martin S. Gottesfeld) provided herewith.

The plaintiff further wishes to provide Exhibit 2 (MDC Brooklyn Commissary Lists), showing at 1 that legal envelopes had been redacted from the list under the category "STATIONARY [sic]" during one order period and, at 2, an unsuccessful attempt by the plaintiff to order the maximum quantity of two (2) legal envelopes and additional postage stamps; and Exhibit 3 (four [4]

envelopes from The Honorable United States Court of Appeals for the First Circuit, one [1] envelope from the United States Attorney's Office for the District of Massachusetts, and three [3] envelopes from Ms. Virginia Villa, Esq.), each of which was addressed to the plaintiff but nonetheless opened by the BOP and the contents of which were inspected and likely read outside of the plaintiff's presence as if they were general correspondence.

However, the plaintiff is unable to provide Exhibits 2 and 3 herewith for two reasons. First, in the SHU he is unable to make copies of these items for his own retention and he fears that these irreplaceable items will be forever lost if he attempts to mail them (please see Exhibit 1 paragraphs 2-3). Second, he has been unable to purchase a manilla envelope of sufficient size to mail these items (please see Exhibit 1 paragraph 9).

The plaintiff will gladly provide Exhibits 2 and 3 should the Honorable Court order the relevant other-parties to make copies of these items and then either order the relevant other-parties to provide the plaintiff with a sufficient envelope to mail the originals to The Honorable Court or order the Clerk of Court to mail an unused manilla envelope of sufficient size to the plaintiff.

Once again, the plaintiff recognizes that for an injunction to issue he must show that he will suffer irreparable harm in the absence of relief along with one more factor, usually that he is likely to prevail on the merits.

And once again, the plaintiff believes that it is axiomatic that he must prevail on the merits of his civil action. The relevant sections

of the Code of Federal Regulations (CFR) regarding the handling of special mail and general correspondence by the FBOP are unambiguous and the Constitutional implications are obvious, serious, and largely, though not entirely, enumerated explicitly in Exhibit 1 paragraphs 2-4, and 22-23.

In regards to irreparable harm, "To determine whether a plaintiff has shown irreparable harm, 'the court must carefully consider the injury the plaintiff will suffer if he or she loses on the preliminary injunction but ultimately prevails on the merits, paying particular attention to whether the remedies available at law, such as monetary damages, are inadequate to compensate for that injury.' Salinger v. Colting, 607 F.3d 68, 80 (2d. Cir. 2010) (internal quotations marks omitted)." 500 Fed. Appx. 24 2012, 12-1484-cv Decided Oct. 12, 2012.

In American Civil Liberties Union v. Clapper, 904 F.3d 617, 622 (2d. Cir. 2015), the United States Court of Appeals ruled that deprivation of a Constitutional right constitutes irreparable harm.

And in an array of cases, many Federal courts have found that harm which is impossible to ascertain and/or quantify, including loss of general good will and reputational damage, is also irreparable for the purposes of Fed. R. Civ. Proc. 65.

For all of these reasons, as demonstrated clearly and convincingly in Exhibits 1-3, a temporary injunction should issue.

Penultimately, the plaintiff wishes to apologize to the Clerk of Court for his use of non-standard 3-ring-punched 8x10½-inch paper for this filing (please see Exhibit 1 paragraph 10).

Finally, the plaintiff wishes to note that he anticipates being able to effectuate service of this motion and Exhibit 1 hereto on the defendants and The United States of America in the days after this filing first appears on the public docket and that the plaintiff and/or his designee will notify The Honorable Court after such service has been completed.

Respectfully mailed on March 25th, 2019,

G

Martin S. Gottesfeld, pro se, Reg. No.: 12982-104
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, NY 11232

5 of 5

# Affidavit of Martin S. Gottesfeld

I, Martin S. Gottesfeld, do hereby affirm that the following is true and accurate to the best of my knowledge, information, and belief on this 24th day of March, 2019:

1. I am Martin S. Gottesfeld. I am a federal inmate in the West Special Housing Unit (SHU) of MDC Brooklyn. My federal registration number is 12982-104.

2. On or about Tuesday, March 5th, 2019, I followed FBOP special mail procedure to send a privileged letter to Virginia Villa Esq., who is my appellate attorney in the 1st Circuit. I properly addressed the envelope and marked it "Special Mail – Open Only In The Presence Of The Inmate." I affixed sufficient postage.

3. Ms. Villa never received this letter, which took me hours to compose and which I was unable to have copied in a timely manner in the SHU. This letter was never returned to me either. I do not know the whereabouts of this letter or whether its privileged contents have been read by the BOP. While in the SHU, I have no other effective way of initiating direct contact with Ms. Villa and while in FBOP custody I have no other way of sending privileged legal documents to Ms. Villa, who was appointed to represent me at taxpayer expense and who lives too far away for regular visits to be practical nor fiscally responsible.

4. Thus, if my legal mail does not arrive intact to Ms. Villa, I am unable to meaningfully assist in my own defense and she is

unable to provide effective assistance of counsel.

5. The Honorable U.S. District Court for The Southern District of New York previously ordered "that the Clerk of Court mail a copy of this order to pro se Plaintiff at Martin S. Gottesfeld, Reg-No. 12982-104, Metropolitan Detention Center, P.O. Box 329002, Brooklyn, NY 11232." (Please see 18-cv-10836-PGG D.E. 16 at 2.) The Honorable Court properly and accurately specified my postal address therein and I believe that the Clerk of Court did indeed mail a copy of the aforementioned order to me at the above address. Nonetheless, I have not yet received this order in the mail from the Clerk of Court. I do not know if it was opened by the BOP despite its obvious nature as legal mail.

6. The only way I knew of the scheduled hearing in The Southern District of New York on Monday, March 25th, 2019 beforehand was via the copy of The Honorable Court's order which I received from my wife on Thursday, March 21st, 2019, through non-privileged mail from further away in Boston.

7. Without a single exception during my stay at MDC Brooklyn since Friday, February 15th, 2019, my incoming mail from The United States Court of Appeals for The First Circuit has always been opened, inspected, and likely read outside of my presence by the FBOP.

8. With only a single – and recent – exception which came after my previous affidavit had been filed with The Southern District of New York on Friday, March 15th, 2019, my privileged legal mail from my First Circuit appellate attorney, Ms. Virginia Villa, Esq., has always been opened, inspected, and likely read outside of my presence

2 of 7

by MDC Brooklyn.

9. I have been unable to purchase manilla envelopes ever since my arrival at MDC Brooklyn more than 5 weeks ago. Though they've usually, but not always, been listed on the "MDC Brooklyn Commissary List For Administrative Detention Status Inmates In Special Housing" under the "Stationery" category as "Envelope, 9x12 [7500]," they have never arrived when selected for purchase. Further, even if they were to arrive, SHU inmates are only allowed to order a maximum quantity of two (2) per every two-week period. This amount would be insufficient for me to make even a single filing per two weeks in 1-on-1 litigation given my need to send one copy to the Court for filing, 1 copy to opposing counsel, and 1 copy home for archival record-keeping. It seems to me that the limited or total unavailability of manilla envelopes presents a serious and unreasonable obstacle to pro se litigation by inmates in the West SHU of MDC Brooklyn.

10. Inmates in the West SHU at MDC Brooklyn cannot order 8½x11-inch paper as many courts require for filing. The only paper that such inmates can order is a single 80-sheet 3-ring-punched 8x10½-inch notebook per 2 weeks. For SHU inmates to acquire 8½x11-inch paper, they must rely on handouts from staff who do not always have a sufficient quantity. As a result, in order to make timely filings, pro se inmates may have to hope that courts will understand these circumstances and overlook compliance with applicable filing requirements, as is the case with this affidavit.

11. As an inmate in BOP custody, I am not allowed to seal my letters to my wife. I am required to provide them to the BOP ~~unsealed~~

unsealed. Then I must rely on the BOP to seal them. This isn't the case at other facilities which house federal inmates, including the private Donald W. Wyatt Detention Facility and the state-run Plymouth County Correctional Facility.

12. My mailings to my wife almost always bear time-sensitive letters, manuscripts, edits, corrections, etc. for published and/or soon-to-be-published works which are relevant to my pending appeals or civil actions, including to my case in The Southern District of New York, and they also often bear time-sensitive instructions for furthering my pro se and other litigation in multiple venues. It is far more likely than not that the BOP knows this because its staff routinely and regularly open, inspect, and read non-privileged mail to and from inmates, including me.

13. On Saturday, March 9th, 2019, my wife received a letter from me which I had dated Friday, March 1st, 2019, and which I had placed in the outgoing mail at MDC Brooklyn on the night of Sunday, March 3rd, 2019. This letter wasn't then postmarked until Wednesday, March 6th, 2019. Thus, there was an extra 2-day delay between when my letter could have been mailed on March 4th and when it was actually mailed on March 6th.

14. On or about March 9th, 2019, a member of the public sent my team images of a properly-addressed envelope they had sent to me only to have it returned to them.

15. On Friday, March 15th, 2019, my wife sent me a manilla envelope which I am yet to receive.

16. On Monday, March 18th, 2019, my wife received 3

4 of 7

envelopes in the mail from me, all were postmarked Friday, March 15th, 2019. One was barely sealed and another hadn't been sealed at all and arrived empty — its contents apparently having fallen out in transit. Of the 2 which did bear contents, one was dated Monday, March 11th, 2019 (and had been placed in the mail by me at MDC Brooklyn that same night) and the other was dated (and had been placed in the mail by me on the night of) Thursday, March 14th, 2019. Thus, there was an extra 3-day delay between when my Monday, March 11th, 2019, letter could have been mailed on the 12th and when it actually was mailed on the 15th. Further, by the time I am able to learn in the SHU that one of my outbound letters was lost, windows of opportunity for publication of time-sensitive articles or to make time-sensitive corrections may have lapsed, irreparably harming my reputation as a journalist.

17. On March 21st, 2019, I learned that a letter bearing legal forms which my nephew had properly addressed and sent to me on or about February 28th, 2019, had been returned to him unopened. This occurred after my nephew sent me an authorization, which I executed, allowing him to request information about me and my confinement from the BOP.

18. Other mail which I have tried to send to my wife and others and which she and others have tried to send to me has also been delayed or disappeared entirely.

19. I encountered similar problems with mail being delayed, or disappearing entirely, or arriving unsealed while I was at MCC New York in late 2016 through early 2017 and these problems are

relevant to my pending civil suit in The Southern District of New York.

20. Compounding the obvious problems of lost time, effort, and postage due to legal and other mail not arriving intact at the locations to which it was properly addressed, inmates in the SHU at MDC Brooklyn are normally only allowed to purchase a quantity of twenty (20) one-ounce forever U.S. postage stamps per two-week period. So each lost and/or mishandled letter depletes a limited resource which is impossible to recover. Although I was told by my unit team manager weeks ago that my hand-delivered written request to purchase extra stamps would be approved, my subsequent and consistent efforts to obtain the extra stamps have been fruitless.

21. Further, other methods of communication are either entirely cut off or severely limited and delayed in the SHU, making it often ~~[scribbled]~~ more emotionally distressing than an outsider might first imagine to have a letter lost and/or mishandled, especially for inmates who cannot verify receipt of their outgoing mail through other channels and who may thereafter incorrectly infer that their families and acquaintances haven't written back to them due to apathy, ambivalence, disappointment, etc. (possibly over them being moved to the SHU for perceived disciplinary reasons).

22. On Saturday, March 9th, 2019, I subscribed to The Wall Street Journal. However, I have never once actually received any issues of The Wall Street Journal ~~[struck]~~ at MDC Brooklyn. I have a 1st Amendment right to read The Wall Street Journal and The Wall Street Journal has a 1st Amendment right to deliver its publication to me.

23. The above constitute irreparable violations of my rights and those of other inmates under the 1st Amendment, the Due Process Clause, the 6th Amendment right to the effective assistance of counsel and the right to meaningfully contribute to their own defense, as well as irreparable violations of Federal regulations, which are now and which without relief will continue to harm my public reputation ~~along~~ as ~~because~~ a human rights advocate and as a journalist. It follows that these violations irreparably harm my pending litigation, including my appeal from a loss of both liberty and property in the First Circuit.

Signed under penalty of perjury,

AG

Martin S. Gottesfeld, pro se, Reg. No.: 12982-104
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, NY 11232

Metropolitan Detention Center
Austin S. Gottsfeld, Reg. No.: 12982-104
P.O. Box 329002
Brooklyn, NY 11232

RECEIVED
SDNY PRO SE OFFICE
2019 APR -2 PM 12: 34
S.D. OF N.Y.

Pro Se Clerk's Office
U.S. District Court
Southern District of New York
500 Pearl St.
New York, NY 10007