RECEIVED
SDNY PRO SE OFFICE
2019 APR -2 PM 12:3[illegible]
[illegible] OF N.Y.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| Martin S. Gottesfeld, pro se Plaintiff - against - Hugh J. Hurwitz, et al. | Civil Action No.: 18-cv-10836-PGG |
|---|---|

USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: DATE FILED: 4-2-19

REPLY TO DEFENDANT'S OPPOSITION TO EMERGENCY MOTION FOR TEMPORARY INJUNCTION

Plaintiff Martin S. Gottesfeld (herein "plaintiff"), acting pro se, hereby replies to Defendants March 20, 2019, preliminary opposition to plaintiff's first emergency motion for a temporary injunction, filed by Assistant U.S. Attorney Alexander J. Hogan. In support of this reply, plaintiff submits and wishes to direct, respectfully, The Honorable Court's attention to Exhibit 1 provided herewith (Affidavit of Martin S. Gottesfeld).

The plaintiff is unsure if it is an appropriate time for him to file a new motion for the appointment of counsel, though he does believe that the merits of his claim have ~~greatly~~ become very much clearer, and he notes that he would very much like the assistance of counsel and that his own access to legal resources is greatly limited. (Please see Exhibit 1 paragraph 4.)

However, it is clear even to the plaintiff that the government's opposition ignores key facts and issues raised in the motion and

its Exhibits and misconstrues some others in an effort to deprive The Honorable Court of its authority over the parties in this pending litigation, which began before the plaintiff was in BOP custody again.

At all times since the events in controversy, the plaintiff's location has been under the control of the defendants. Surely, the defendants cannot skirt the jurisdiction of The Honorable Court and continue the same bad behavior which gave rise to the instant case (although some of the forms of that behavior have changed, the rights being violated and the apparent motive remains the same) by simply moving the plaintiff from District to District.

Further, the claims in the instant case specifically and explicitly include the national management of the FBOP, not just a particular warden or facility. In fact, the motive for moving the plaintiff to MCC New York is a matter in controversy in the instant case, where the heads of the FBOP and U.S. Marshals are named ~~plaintiffs~~ defendants. (Please see the complaint.)

The motion for the injunction and the complaint are not "unrelated" as the government claims. This is obvious upon review.

The government's preliminary opposition totally ignores the issue of the plaintiff's designation to a so-called Communications Management Unit or CMU, which is a determination under the control of the defendants. The motion for a temporary injunction ~~is therefore not moo~~ therefore will not be "moot" when the defendant leaves the SHU at MDC Brooklyn as the government claims.

For these reasons, the proper opposing party of the plaintiff's emergency motion for a temporary injunction is Mr. Hurwitz, and not his subordinate, the warden of MDC Brooklyn, who has no oversight of the plaintiff's designation to a CMU. In contrast to the warden of MDC, it is Mr. Hurwitz who has the authority to change the plaintiff's designation and order the warden of MDC to release the plaintiff from the SHU. Mr. Hurwitz may not be located in The Southern District of New York, but there is only 1 Federal government. Venue for the instant case was properly chosen and so long as the FBOP, and thereby Mr. Hurwitz, operate in the district, they are within the jurisdiction of The Honorable Court.

The injunctive action which the plaintiff seeks is not against a particular facility, but to enjoin the entire bureau.

The instant case did not originate under 28 U.S.C. §2241. And the motion for injunctive relief should not be construed under §2241 when the proper opposing party is not a particular warden or facility. Additionally, the motion for injunctive relief in this case contains elements, such as reputational damage, which are ill-suited for such an interpretation.

For all of these reasons, The Honorable Court clearly has jurisdiction over the continued acts of the defendants and the plaintiff prays that it will exercise that authority.

The plaintiff requests ~~the~~ a hearing on his motion and that The Honorable Court reinstitute its order to show cause, making note of the continuing controversy originating in the complaint of the instant case and continuing through the plaintiff's

designation - by the named defendants in the instant case and not the Warden of MDC Brooklyn nor any other facility - to a Communications Management Unit for clearly inappropriate and unconstitutional reasons.

Respectfully mailed on March 25th, 2019,

Martin S. Gottesfeld, pro se, Reg. No.: 12982-104
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, NY 11232

# Affidavit of Martin S. Gottesfeld

I, Martin S. Gottesfeld, do hereby affirm that the following is true and accurate to the best of my knowledge, information, and belief on the evening of the 25th day of March, 2019:

1. I am Martin S. Gottesfeld. I am a federal inmate in the West Special Housing Unit (SHU) of MDC Brooklyn. My federal registration number is 12982-104.

2. No one came to bring me to court or to attend court via the telephone this morning. I wanted and still want to be heard on my emergency motion for a temporary injunction, mailed Monday, March 11th, 2019 and docketed Friday, March 15th, 2019. I did not decline nor refuse to attend court this morning.

3. At approximately 1:30 P.M. this afternoon I received the 3-page letter motion and preliminary response filed by Assistant U.S. Attorney Alexander J. Hogan of the Southern District of New York, dated March 20, 2019. The origin information on the shipping label reflects that it wasn't accepted by the post office until 3/22/19. It seems impossible that this could have reached me prior to the scheduled hearing this morning.

4. I would very much appreciate the assistance of counsel in the litigation of my motions for injunctions and the remainder of the case. My access to legal materials is very limited.

5. If there have been any other filings on the docket of 18-cv-10836-PGG, whether by The Honorable Court or any of the defendants, then I am yet to receive them. I am still yet to receive the original Order To Show Cause from the Clerk of Court, which I firmly believe was promptly mailed by the Clerk's Office.

6. The designation of federal inmates, including to Communications Management Units (CMUs), is controlled nationwide by FBOP staff in Grand Prairie, Texas, who operate under the supervision of the head of the FBOP, Mr. Hugh J. Hurwitz.

7. As I was drafting this affidavit and accompanying motion, I finally received three (3) pieces of mail from the Clerk of Court bearing the Order To Show Cause, Amended Order To Show Cause, and order of 3/21/19. All were opened, inspected, and read outside of my presence as regular mail. I will attempt to enclose an example of such here, for docketing.

Signed under penalty of perjury,

[signature] G

Martin S. Gottesfeld


CLERK
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
THE DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE
500 PEARL STREET - NEW YORK, NY 10007-1312
OFFICIAL BUSINESS
neopost
03/19/2019
US POSTAGE
FIRST-CLASS MAIL
$00.50
ZIP 10007
041L11231778
LEGAL MAIL
Martin S Gottesfeld
ID No. 12982-104
P.O. Box 329002
Brooklyn, NY 11232
THIS MAIL DOES NOT MEET LEGAL
MAIL REQUIREMENTS
PER BOP P.S. 5800.16
1123239002 BO99