UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Martin Gottesfeld, pro se
Plaintiff
- against -
Hugh J. Hurwitz, et al.

Civil Action No.: 18-cv-10836-

RECEIVED
SDNY PRO SE OFFICE
2019 APR 26 AM 10:57
S.D. OF N.Y.

## SUPPLEMENTAL MOTION FOR TEMPORARY INJUNCTIONS

Plaintiff Martin S. Gottesfeld (herein "plaintiff"), acting pro se, hereby supplements his Emergency Motion For a Temporary Injunction, mailed March 11th, 2019, and filed March 15th, 2019, as well as his separate (but not unrelated) Motion For a Temporary Injunction, mailed Monday, March 25th, 2019.

The plaintiff wishes to direct, respectfully, The Honorable Court's attention to Exhibit 1 provided herewith (Affidavit of Martin Gottesfeld).

The plaintiff hopes that The Honorable Court has received all of the items from him enumerated in Exhibit 1 paragraph 11. Shall any be missing, the plaintiff humbly requests that The Honorable Court take whatever action, if any, it deems just, prudent, and proper to secure the delivery of the missing item(s) to the Clerk of Court.

The plaintiff also humbly requests that The Honorable Court order the defendants, their subordinates, agents, designees, contractors, etc. to preserve the evidence listed in Exhibit 1 paragraph 23, and to coordinate its delivery to the Clerk of Court.

Along with the plaintiff's most recent letter/affidavit, signed Tuesday, March 26th, 2019, Exhibit 1 hereto further demonstrates that the relief which the plaintiff seeks is not and cannot be confined to a single federal district nor to a particular warden or facility. Indeed, while the relevant behavior in controversy in the instant case began in The Southern District of New York in 2016, it now spans three districts, with key decisions and proximate causes continuing to accrue in at least one other. Without relief, the federal district in which Terra Haute, Indianna is located will be next.

The plaintiff also wishes to note that, while he lacks the legal materials to research case law, he believes that The Honorable Court surely has within its purview the

authority to order that mail sent from its own Clerk of Court marked confidential must be treated as special mail by the defendants. It's hard to imagine that any sovereign tribunal could be without the power to protect the most basic of its own processes.

The plaintiff also wishes to highlight from his letter/affidavit signed on Tuesday, March 26th, 2019, that once again it is his designation to a CMU — a choice not made by any warden or by any staff of any facility where the plaintiff has ever been held — which has led, once again, to his placement in a third SHU, at a facility where he previously had been in general population without incident.

Given the information previously provided and contained herein and hereafter, the plaintiff wishes to request, respectfully, the issuance of appropriate orders pursuant to Fed. Rule of Civil Proc. 65.

Due to his renewed and continuing difficulties serving process, as illustrated both previously and in Exhibit 1 hereafter, the plaintiff humbly requests, given the circumstances, that the Honorable Court order the Clerk of Court to call the defendants' attention to any filings awaiting certification of service, including but not necessarily limited to this one.

Respectfully mailed on Sunday, March 31st, 2019,

Martin S. Gottesfeld, pro se, Reg # 12982-104
Federal Transfer Center
P.O. Box 898801
Oklahoma City, OK 73189-8801

# Affidavit of Martin Gottesfeld

I, Martin S. Gottesfeld, do hereby affirm that the following is true and accurate to the best of my knowledge, information and belief on this 31st day of March, 2019:

1. My name is Martin S. Gottesfeld. I am a federal inmate in the Special Housing Unit (SHU) of the Federal Transfer Center in Oklahoma City, OK. My federal registration number is 12982-104.

2. I was moved here from the Metropolitan Detention Center (MDC) in Brooklyn on Tuesday, March 26th, 2019. I was housed in the SHU at MDC Brooklyn from the night of my arrival there, Friday, February 15th, 2019 until my transfer to Oklahoma some thirty-nine (39) days later. At no point did I attend an administrative detention hearing or receive an administrative detention order in Brooklyn.

3. At no point since my arrival in the SHU in Oklahoma have I attended an administrative detention hearing or been given an administrative detention order.

4. I have been housed exclusively in SHUs in 2 different federal districts for the past forty-four (44) consecutive days due to my designation by federal staff working in yet a third federal district in Texas where I have never been held.

5. This follows, and is clearly related to, the eighty-one (81) consecutive days I spent in the SHU at the Metropolitan Correctional Center (MCC) New York, in the Southern District of New York, without ever receiving an administrative detention hearing or administrative detention order. This period at MCC New York, from November 14th, 2016 through February 4th, 2017, led directly to the filing of the instant case in the Southern District of New York for violations of my Constitutional and other rights by the one — and the only — U.S. Federal government. The same federal government and the same agents thereof who have been named as defendants in the instant case are now, more likely in a deliberate fashion than not, continuing many of these same and/or inherently similar violations while the instant case is pending before the Honorable U.S. District Court for the Southern District of New York.

6. Inmates in the SHU in Oklahoma City are not allowed their first social phone call until they have been in the SHU for thirty (30) consecutive days. My last call with my wife took place on Thursday, March 7th, 2019. At MDC Brooklyn I would have been eligible for my next call with my wife in one week's time, on Sunday, April 7th, 2019. However,

now that the defendants and/or their colleagues, subordinates, agents, designees, contractors, etc. and the subordinates, agents, designees, contractors, etc. thereof have moved me to the SHU in Oklahoma, I will not be eligible for my next call with my wife until Thursday, April 25th - some eighteen (18) days after April 7th and some seven (7) weeks - or 49 days - after my last call on March 7th. In this regard, my situation has worsened.

7. Inmates in the SHU in Oklahoma - like inmates in the SHUs at MDC Brooklyn, MCC New York and any other federal facility - are not allowed to use electronic messaging. So, without phone calls and without electronic messaging, my only available avenue to contact my wife is via the postal service.

8. Inmates in the SHU in Oklahoma are only allowed to send a maximum of three (3) personal letters per week and they must be sent only on Wednesdays. In the SHUs at MCC New York and MDC Brooklyn, inmates have the opportunity to send and receive personal mail five (5) days per week (excluding postal holidays), and I faithfully sent letters to my wife at every opportunity. In this regard too, my situation has worsened. I am not sure if this policy for outbound mail in the SHU at Oklahoma complies with federal law and regulations, and I would like to check. However:

9. I have submitted multiple written requests to use the electronic law library (ELL) and a typewriter here in Oklahoma. Thus far those requests have been fruitless. There is only one (1) single law-library computer for a sizeable SHU population in Oklahoma.

10. I have submitted a written request here in Oklahoma to make an urgent legal call to the docketing clerk for the Honorable U.S. District Judge Paul G. Gardephe as well as a less-urgent but nonetheless still important call to my appellate attorney in the First Circuit, Ms. Virginia Villa, Esq. I would like to confirm that the Honorable Court has been receiving my filings and to update it on my continuing placement in another SHU. I have never had even a single first opportunity to speak with Ms. Villa in the now-more-then-1-months' time since her appointment in February. No such legal calls have been forthcoming.

11. By the time that the Honorable Court receives this affidavit, I believe it shall have received all of the following: my Friday, March 22nd, 2019, Notice of Non-receipt of Response from Respondents and accompanying affidavit; my Sunday, March 24th, 2019, Notice of Filing of ADDO and AFFO#1 in Support of Emergency Motion for a Temporary Injunction and accompanying affidavit; my Monday, March 25th, 2019

reply to the government's preliminary opposition to my Emergency Motion For a Temporary Injunction and corresponding affidavit; my Monday, March 25th, 2019, non-emergency motion for a different (but not unrelated) temporary injunction along with the corresponding affidavit and evidence bearing a reference to a "BOP" policy statement as opposed to a specific "MDC" policy; and my letter/affidavit notifying the Honorable U.S. District Judge Paul G. Gardephe to my arrival and placement in the SHU here in Oklahoma. Only the last item on this list was sent from Oklahoma.

12. My dental appointment to have my wisdom tooth pulled on Friday, March 22nd, 2019, (prior to my departure from MDC Brooklyn) was not honored and I was not told why. The morning of the appointment simply came and passed. It's possible that it was cancelled to avoid complications which could have delayed my transfer.

13. It appears that the dental staff in Oklahoma were not notified of the pending issue. However, I am pleased to report that — unlike MDC Brooklyn — medical staff here in Oklahoma regularly make sick-call rounds through the SHU on Mondays, Wednesdays and Fridays; and that within about 2 hours of reporting the issue on Friday, March 29th, 2019, Dr. Addie Upchurch, DDS, came to my cell with a flashlight to examine the tooth. She had already diligently examined my dental record, which had been annotated by the dentist at MDC Brooklyn.

14. Dr. Upchurch confirmed with me that it was the same tooth as opposed to a new issue. She asked why I was in the SHU, but then superceded her question by asking if I thought I would get out of the SHU soon. I truthfully answered, "I don't think so."

15. I told her that the tooth hasn't been hurting, but that when it gets acute it gets very painful very quickly, and that I was avoiding doing anything that might set it off. I informed her that I have been chewing on the other side and that I have not been brushing, for fear of fracturing it.

16. Dr. Upchurch said that she would schedule an appointment for early next week to pull it, and offered to prescribe me some Motrin (ibuprofen) as keep-on-person medication in case it acts up. I thanked her.

17. Hours later I was handed the filled prescription of 800mg ibuprofen tablets.

18. Dr. Upchurch and this experience reflect very well on the FBOP and Federal Transfer Center Oklahoma City while also standing in stark contrast to MDC Brooklyn.

19. The "Fresh mint Anticavity Flouride Gel Toothpaste" issued to inmates at FTC Oklahoma contains flouride as its sole "Active Ingredient." This also stands in

stark contrast to the non-Flouride toothpaste which MDC Brooklyn issues to unsuspecting inmates.

20. I wish to notify The Honorable Court that less than 12 hours before I left MDC Brooklyn I received 3 issues from my Wall Street Journal subscription, the most recent from the preceeding Saturday. BOP staff (presumably from either the mailroom or S.I.S.) brought to my attention that the issues were arriving to the facility addressed to my wife and without my registration number. I mentioned the problem to my wife in my outgoing letter to her that night. However, given recent events, I am far from certain that this problem was the true proximate cause of the delivery delays and failures which I experienced while trying to receive the Wall Street Journal at MDC Brooklyn, especially as the issue was remedied without anything being asked of me.

21. Haircuts are hard to come by in the SHU. I haven't had one since prior to my arrival at MDC Brooklyn on Friday, February 15th, 2019. My written request for one, submitted shortly into my stay at MDC Brooklyn, was fruitless. Inmates in the SHU in Oklahoma are not eligible for a haircut until they have been in the SHU for thirty (30) consecutive days, which for me would be on Thursday, April 25th, 2019.

22. I do not know how often inmates can receive inbound mail in the SHU in Oklahoma and it is too early yet to know if anything has been delayed unduly. However, for the record, in case such is relevant, I have not received any inbound legal or non-legal mail yet from anybody or from any court. Though, I do expect that this should change soon.

23. In addition to the evidence which I recently submitted, showing that, outside of my presence, the FBOP had openly inspected, and timely read as well as delayed mail which the Clerk of Court had stamped as confidential, there are about 10 envelopes from The First Circuit, Ms. Virginia Villa, Esq., the United States Attorney's Office for the District of Massachusetts, and the Clerk of Court for the Southern District of New York which I would like to preserve as evidence of the consistency of this behavior. Since I was not allowed to bring any personal property with me to Oklahoma, I wrapped these envelopes in a paper marked "Evidence" and "these envelopes are evidence," or similar, and "packed them at" for delivery to my destination facility with the rest of my property.

24. I have learned that the average length of stay for a sentenced inmate here at the Federal Transfer Center in Oklahoma City is between two (2) and four (4)

weeks. I will be without my personal property this whole time, including my radio, which is my only other source of news, as well as my reference books and style guides, including my dictionary, thesaurus, almanac, and copy of The Elements of Style. I will have no opportunity to purchase commissary while I'm in the SHU here. In this regard too, my situation has worsened.

25. I believe as a general rule, the FBOP does not usually send inmates more than five hundred (500) miles away from their families. My wife lives in Somerville, Massachusetts, which I believe is more than five hundred (500) miles away from Terre Haute, Indiana.

26. Once again, I would like to apologize to the Clerk of Court for the non-standard nature of this filing, being as it is, written double-sided on 3-ring-punched paper.

27. Should The Honorable Court find a pencil signature to be inadequate, I would gladly swear to the truth and accuracy of this affidavit upon The Honorable Court's request.

28. All of the above have once again hampered my ability to litigate the instant case, including to serve process as yet again I am without the required addresses and now I am unable to send my team instructions except on Wednesdays. It also presents serious complications for my pending appeal and my pending civil action in Middlesex County Superior Court in Massachusetts, as well as my ability to pursue other claims for which the relevant statutes of limitations are rapidly elapsing.

29. While I was a pre-trial inmate the defendants in the instant case never tried to put me in the Special Administrative Measures (SAMs) program—

Signed under penalty of perjury,



Martin S. Gottesfeld, Reg #12982-104
Federal Transfer Center
P.O. Box 898801
Oklahoma City, OK 73189-8801

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Martin S. Gottesfeld, pro se,<br>Plaintiff<br>- against -<br>Hugh J. Hurwitz, et al. | Civil Action No.: 18-cv-10836-PGG |

NOTICE REGARDING FILING OF SUPPLEMENTAL MOTION FOR TEMPORARY
INJUNCTIONS

Plaintiff Martin S. Gottesfeld (herein "plaintiff"), acting
pro se, wishes hereby to notify The Honorable Court,
respectfully, of the irregular and relevant circumstances of the
filing of the plaintiff's handwritten Supplemental Motion For
Temporary Injunctions and its accompanying affidavit as well as
to new information which has become known to the plaintiff since
its composition.

Therefore, the plaintiff wishes, respectfully, to direct The
Honorable Court's attention to the original handwritten filing,
and for convenience, clarity, and to avoid potential
misunderstandings, to the typewritten versions which the
plaintiff has recently been able to produce and which he has
filed herewith. Additionally, the plaintiff wishes, respectfully,
to direct The Honorable Court's attention to his subsequent
affidavit, dated April 15th, 2019, as well, as it has further
and more up-to-date information.

In regards to paragraphs 3-8 of the plaintiff's April 15th,
2019, affidavit, the plaintiff wishes to note the prison mailbox
rule originating from Houston v. Lack, 487 U.S. 266; 108 S. Ct.
2379; 101 L. Ed. 2d 245 (1988).

In regards to paragraph 8 of the plaintiff's original
affidavit, dated March 31st, 2019, the plaintiff now notes 28
CFR §§ 540.16 and 540.21(i) as well as Federal Bureau of Prisons
Program Statement 5265.14 (April 5, 2011) § 13, "Payment of
Postage," the latter of which may or may not be in accordance
with contemporary ideals of reasonableness.

In regards to paragraph 20 of the plaintiff's original
affidavit and the corresponding paragraph 17 of the plaintiff's
April 15th, 2019, affidavit, the plaintiff wishes to note Clement
v. California Department of Corrections, 364 F.3d 1148 (9th Cir.
2004).

Finally, the plaintiff wishes to notify The Honorable Court
and the defendants of his intent to file another motion for
further injunctive relief after he has filed his forthcoming
amended complaint and after he knows whether The Honorable Court
will order the defendants, their agents, subordinates, designees,
contractors, etc. to allow him to send sealed mail--without undue
delay added by such other parties--for filing by the Clerk of
Court.

Respectfully mailed on Tuesday, April 16th, 2019,

Martin S. Gottesfeld, pro se, Reg. No.: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808


## CERTIFICATE OF PARTIAL SERVICE

I, Martin S. Gottesfeld, do hereby certify that on Tuesday, April 16th, 2019, I have caused a copy of the accompanying documents to be mailed to defendants Hugh J. Hurwitz and David Anderson but <u>not</u> to defendants Eskar Tatum and Anthony Bussonich.

Signed,

Martin S. Gottesfeld, pro se

Affidavit of Martin S. Gottesfeld

I, Martin S. Gottesfeld, do hereby affirm that the following is true and accurate to the best of my knowledge, information, and belief on this 15th day of April, 2019:

1. My name is Martin S. Gottesfeld.

2. I am a federal inmate in the Communications Management Unit (CMU) at the Federal Correctional Institution (FCI) Terre Haute and my federal registration number is 12982-104.

3. I tried to mail the Supplemental Motion For Temporary Injunctions and its accompanying affidavit, both dated March 31st, 2019, from the Federal Transfer Center in Oklahoma City, OK, on the night of Sunday, March 31st, 2019, as well as on the following morning, Monday, April 1st, 2019, but I was unable to do so.

4. As per the instruction of a correctional officer (CO), I placed an envelope containing those documents, which had been properly addressed to the Clerk of Court, in my cell door.

5. However, that envelope was never collected and there was nothing further which I could do at the time.

6. The next morning, I was told to "pack out," as I was being transferred, and I again tried to have prison staff mail the envelope as legal mail.

7. I was told that inmates in Oklahoma could only send mail out on Wednesdays and I tried to explain that there is a distinction between general correspondence and legal mail, which is supposed to be sent and delivered expediently.

8. Nonetheless, I was told that I could "pack out" the envelope as property to follow me to Terre Haute but that I couldn't have it mailed that morning.

9. I recently received that envelope here in Terre Haute.

10. I reaffirm that my 29-paragraph affidavit, dated Sunday, March 31st, 2019, and signed in pencil, was true and accurate to the best of my knowledge, information, and belief at the time I signed it.

11. In regards to paragraph 6 of my previously-mentioned affidavit, I had a social call with my wife on or about Wednesday, April 3rd, 2019, but I could not have predicted that on March 31st, 2019 when I signed the earlier affidavit.

12. I am now allowed 2 weekly social telephone calls of up to 15 minutes each, as per the standard procedures of the Terre Haute CMU.

13. Thus, while inmates in general population in the Federal Bureau of Prisons receive 3,900 minutes of phone time per year, inmates in the CMU at Terre Haute receive about 40 percent as many (52 weeks per year * 30 minutes per week + 1 extra 15-minute call Christmas week = 1,575 minutes of phone time).

- Page 1 of 2 -

14. In regards to paragraphs 12 through 18 of my previously-mentioned affidavit, Dr. Upchurch did not have a chance to pull my wisdom tooth before I left FTC Oklahoma City and it remains an open issue.

15. Without my asking, the precautionary prescription for ibuprofen was continued at FCI Terre Haute and I recently saw a doctor for medical intake screening.

16. The doctor told me that I would probably see dental here near the end of the month, which is acceptable to me as the tooth has not been painful recently, though I did have a moderately painful flare-up the week I arrived at Terre Haute.

17. In regards to paragraph 20 of my previously-mentioned affidavit, I have been getting issues of The Wall Street Journal at Terre Haute--even without my federal registration number printed on the mailing label--and I would estimate that the average delivery delay has been 2 calendar days, with some issues missing entirely.

18. In regards to paragraph 21 of my previously-mentioned affidavit, I was able to get my hair cut on or about April 2nd, 2019.

19. In regards to paragraph 22 of my previously-mentioned affidavit, I have since received inbound mail which was sent to me at FTC Oklahoma City after that mail was forwarded to FCI Terre Haute.

20. In regards to paragraph 22 of my previously-mentioned affidavit, I have been told that some of my property from MDC Brooklyn has arrived here at FCI Terre Haute and is awaiting security screening before it can be turned back over to me.

21. I have submitted a written request, as per standard procedure as I understand it, asking to be present when my property is screened and noting that there is evidence therein which I wish to preserve. I have further followed up on this request.

22. I apologize to the people of The Great State of Indiana and the municipality of Terre Haute therein for misspelling the proper names of their state and city, respectively. As I previously stated, I had no access to reference materials at the time I composed my previously-mentioned affidavit.

23. I am unable to serve process on Defendant Tatum and Defendant Bussanich as I cannot print mailing labels for them and FCI Terre Haute will not let me send mail to individuals for whom I cannot print mailing labels.

Signed under penalty of perjury,

Martin S. Gottesfeld, Reg. No.: 12982-104

- Page 2 of 2 -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Martin S. Gottesfeld, pro se<br>Plaintiff<br>- against -<br>Hugh J. Hurwitz, et al. | Civil Action No.: 18-cv-10836-PGG |

SUPPLEMENTAL MOTION FOR TEMPORARY INJUNCTIONS

Plaintiff Martin S. Gottesfeld (herein "plaintiff"), acting pro se, hereby supplements his Emergency Motion For a Temporary Injunction, mailed March 11th, 2019, and filed March 15th, 2019, as well as his separate (but not unrelated) Motion For a Temporary Injunction, mailed Monday, March 25th, 2019.

The plaintiff wishes to direct, respectfully, The Honorable Court's attention to Exhibit 1 provided herewith (Affidavit of Martin Gottesfeld).

The plaintiff hopes that The Honorable Court has received all of the items from him enumerated in Exhibit 1 paragraph 11. Should any be missing, the plaintiff humbly requests that The Honorable Court take whatever action, if any, it deems just, prudent, and proper to secure the delivery of the missing item(s) to the Clerk of Court.

The plaintiff also humbly requests that The Honorable Court order the defendants, their subordinates, agents, designees, contractors, etc. to preserve the evidence listed in Exhibit 1 paragraph 23 and to coordinate its delivery to the Clerk of Court.

Along with the plaintiff's most recent letter/affidavit, signed Tuesday, March 26th, 2019, Exhibit 1 hereto further demonstrates that the relief which the plaintiff seeks is not and cannot be confined to a single federal district nor to a particular warden or facility. Indeed, while the relevant behavior in controversy in the instant case began in The Southern District of New York in 2016, it now spans three districts, with key decisions and proximate causes continuing to acrue in at least one other. Without relief, the federal district in which Terra Haute, Indianna is located will be next.

The plaintiff also wishes to note that, while he lacks the legal materials to research case law, he believes that The Honorable Court surely has within its purview the authority to order that mail sent from its own Clerk of Court marked confidential must be treated as special mail by the defendants. It's hard to imagine that any sovereign tribunal could be without the power to protect the most basic of its own processes.

The plaintiff also wishes to highlight from his letter/ affidavit signed on Tuesday, March 26th, 2019, that once again it is his designation to a CMU - a choice not made by any warden or

by any staff of any facility where the plaintiff has ever been held - which has led, once again, to his placement in a third SHU, at a facility where he previously had been in general population without incident.

Given the information previously provided and contained herein and herewith, the plaintiff wishes to request, respectfully, the issuance of appropriate orders pursuant to Fed. Rule of Civil Proc. 65.

Due to his renewed and continuing difficulties serving process, as illustrated both previously and in Exhibit 1 herewith, the plaintiff humbly requests, given the circumstances, that The Honorable Court order the Clerk of Court to call the defendants' attention to any filings awaiting certification of service, including but not necessarily limited to this one.

Respectfully mailed on Sunday, March 31st, 2019,


Martin S. Gottesfeld, pro se, Reg# 12982-104
Federal Transfer Center
P.O. Box 898801
Oklahoma City, OK 73189-8801

Affidavit of Martin Gottesfeld

I, Martin S. Gottesfeld, do hereby affirm that the following is true and accurate to the best of my knowledge, information, and belief on this 31st day of March, 2019:

1. My name is Martin S. Gottesfeld. I am a federal inmate in the Special Housing Unit (SHU) of the Federal Transfer Center in Oklahoma City, OK. My federal registration number is 12982-104.

2. I was moved here from the Metropolitan Detention Center (MDC) in Brooklyn on Tuesday, March 26th, 2019. I was housed in the SHU at MDC Brooklyn from the night of my arrival there, Friday, February 15th, 2019 until my transfer to Oklahoma some thirty-nine (39) days later. At no point did I attend an administrative detention hearing or receive an administrative detention order.

3. At no point since my arrival in the SHU in Oklahoma have I attended an administrative detention hearing or been given an administrative detention order.

4. I have been housed exclusively in SHUs in 2 different federal districts for the past fourty-four (44) consecutive days due to my designation by federal staff working in yet a third federal district in Texas where I have never been held.

5. This follows, and is clearly related to, the eighty-one (81) consecutive days I spent in the SHU of the Metropolitan Correctional Center (MCC) New York, in The Southern District of New York, without ever receiving an administrative detention hearing or administrative detention order. This period at MCC New York, from November 14th, 2016 through February 4th, 2017, led directly to the filing of the instant case in The Southern District of New York for violations of my Constitutional and other rights by the one - and the only - U.S. federal government. The same federal government and the same agents thereof who have been named as defendants in the instant case are now, more likely in a deliberate fashion than not, continuing many of these same and/or inherintly similar violations while the instant case is pending before The Honorable U.S. District Court for The Southern District of New York.

6. Inmates in the SHU in Oklahoma City are not allowed their first social phone call until they have been in the SHU for thirty (30) consecutive days. My last call with my wife took place on Thursday, March 7th, 2019. At MDC Brooklyn, I would have been eligible for my next call with my wife in one week's time, on Sunday, April 7th, 2019. However, now that the defendants and/or their colleagues, subordinates, agents, designees, contractors, etc. and the subordinates, agents, designees, contractors, etc. thereof have moved me to the SHU in Oklahoma, I will not be eligible for my next call with my wife until Thursday, April 25th - some eighteen (18) days after April 7th and some seven (7) weeks - or 49 days - after my last call on

March 7th. In this regard, my situation has worsened.

7. Inmates in the SHU in Oklahoma - like inmates in the SHU at MDC Brooklyn, MCC New York, and any other federal facility - are not allowed to use electronic messaging. So, without phone calls and without electronic messaging, my only available avenue to contact my wife is via the postal service.

8. Inmates in the SHU in Oklahoma are only allowed to send a maximum of three (3) personal letters per week and they must be sent only on Wednesdays. In the SHUs at MCC New York and MDC Brooklyn, inmates have the opportunity to send and receive personal mail five (5) days per week (excluding postal holidays), and I faithfully sent letters to my wife at every opportunity. In this regard too, my situation has worsened. I am not sure if this policy for outbound mail in the SHU at Oklahoma complies with federal law and regulations, and I would like to check. However:

9. I have submitted multiple written requests to use the electronic law library (ELL) and a typewriter here in Oklahoma. Thus far those requests have been fruitless. There is only one (1) single law-library computer for a sizeable SHU population in Oklahoma.

10. I have submitted a written request here in Oklahoma to make an urgent legal call to the docketing clerk for The Honorable U.S. District Judge Paul G. Gardephe as well as a less-urgent, but nonetheless still important, call to my appellate attorney in The First Circuit, Ms. Virginia Villa, Esq. I would like to confirm that The Honorable Court has been receiving my filings and to update it on my continuing placement in another SHU. I have never had even a single, first, opportunity to speak with Ms. Villa in the now-more-than-1-month's time since her appointment in February. No such legal calls have been forthcoming.

11. By the time that The Honorable Court receives this affidavit, I believe it should have received all of the following: my Friday, March 22nd, 2019, Notice of Non-receipt of Response From Respondents and accompanying affidavit, my Sunday, March 24th, 2019, Notice of Filing of Additional Affidavit In Support of Emergency Motion For a Temporary Injunction and accompanying affidavit, my Monday, March 25th, 2019, reply to the government's preliminary opposition to my Emergency Motion For a Temporary Injunction and corresponding affidavit, my Monday, March 25th, 2019, non-emergency motion for a different (but not unrelated) temporary injunction along with the corresponding affidavit and evidence bearing a reference to a "BOP" policy statement as opposed to a specific "MDC" policy, and my letter/affidavit notifying The Honorable U.S. District Judge Paul G. Gardephe to my arrival and placement in the SHU here in Oklahoma. Only the last item on this list was sent from Oklahoma.

12. My dental appointment to have my wisdom tooth pulled on

Friday, March 22nd, 2019, (prior to my departure from MDC Brooklyn) was not honored and I was not told why. The morning of the appointment simply came and passed. It's possible that ti was cancelled to avoid complications which could have delayed my transfer.

13. It appears that the dental staff in Oklahoma were not notified of the pending issue. However, I am pleased to report that - unlike MDC Brooklyn - medical staff here in Oklahoma regularly make sick-call rounds through the SHU on Mondays, Wednesdays, and Fridays, and that within about 2 hours of reporting the issue on Friday, March 29th, 2019, Dr. Adele Upchurch, DDS, came to my cell with a flashlight to examine the tooth. She had already diligently examined my dental record, which had been annotated by the dentist at MDC Brooklyn.

14. Dr. Upchurch confirmed with me that it was the same tooth as opposed to a new issue. She asked why I was in the SHU, but then superceded her question by asking if I thought I would get out of the SHU soon. I truthfully answered, "I don't think so."

15. I told her that the tooth hasn't been hurting, but that when it gets acute, it gets very painful very quickly, and that I was avoiding doing anything that might set it off. I informed her that I have been chewing on the other side and that I have not been brushing, for fear of irritating it.

16. Dr. Upchurch said that she would schedule an appointment for early next week to pull it and offered to prescribe me some Motrin (ibuprofen) as keep-on-person medication in case it acts up. I thanked her.

17. Hours later, I was handed the filled prescription of 800mg ibuprofen tablets.

18. Dr. Upchurch and this experience reflect very well on the FBOP and Federal Transfer Center Oklahoma City while also standing in stark contrast to MDC Brooklyn.

19. The "fresh mint Anticavity Flouride Gel Toothpaste" issued to inmates at FTC Oklahoma contains flouride as its sole "Active Ingredient." This also stands in stark contrast to the non-flouride toothpaste which MDC Brooklyn issues to unsuspecting inmates.

20. I wish to notify The Honorable Court that less than 12 hours before I left MDC Brooklyn I received 3 issues from my Wall Street Journal subscription, the most recent from the preceeding Saturday. BOP staff (presumably from either the mailroom or S.I.S.) brought to my attention that the issues were arriving to the facility addressed to my wife and without my registration number. I mentioned the problem to my wife in my outgoing letter to her that night. However, given recent events, I am far from certain that this problem was the true proximate cause of the delivery delays and failures which I experienced while trying to receive The Wall Street Journal at MDC Brooklyn, especially as the issue was remediated without anything being asked of me.

21. Haircuts are hard to come by in the SHU. I haven't had

one since prior to my arrival at MDC Brooklyn on Friday, February 15th, 2019. My written request for one, submitted shortly into my stay at MDC Brooklyn, was fruitless. Inmates in the SHU in Oklahoma are not eligable for a haircut until they have been in the SHU for thirty (30) consecutive days, which for me would be on Thursday, April 25th, 2019.

22. I do not know how often inmates can receive inbound mail in the SHU in Oklahoma and it is too early yet to know if anything has been delayed unduly. However, for the record, in case such is relevant, I have not received any inbound legal or non-legal mail yet from anybody or from any court. Though, I do expect that this should change soon.

23. In addition to the evidence which I recently submitted, showing that, outside of my presence, the FBOP had opened, inspected, and likely read as well as delayed mail which the Clerk of Court had stamped as confidential, there are about 10 envelopes from The First Circuit, Ms. Virginia Villa, Esq., the United States Attorney's Office for the District of Massachusetts, and the Clerk of Court for The Southern District of New York which I would like to preserve as evidence of the consistency of this behavior. Since I was not allowed to bring any personal property with me to Oklahoma, I wrapped these envelopes in a paper marked "Evidence" and "These envelopes are evidence," or similar, and "packed them out" for delivery to my destination facility with the rest of my property.

24. I have learned that the average length of stay for a sentenced inmate here at the Federal Transfer Center in Oklahoma City is between two (2) and four (4) weeks. I will be without my personal property this whole time, including my radio, which is my only other source of news, as well as my reference books and style guides, including my dictionary, thesaurus, almanac, and copy of The Elements of Style. I will have no opportunity to purchase commissary while I'm in the SHU here. In this regard too, my situation has worsened.

25. I believe as a general rule, the FBOP does not usually send inmates more than five hundred (500) miles away from their families. My wife lives in Somerville, Massachusetts, which I believe is more than five hundred (500) miles away from Terra Haute, Indianna.

26. Once again, I would like to apologize to the Clerk of Court for the non-standard nature of this filing, being as it is, written double-sided on 3-ring-punched paper.

27. Should The Honorable Court find a pencil signature to be inadequate, I would gladly swear to the truth and accuracy of this affidavit upon The Honorable Court's request.

28. All of the above have once again hampered my ability to litigate the instant case, including to serve process as yet again I am without the required addresses and now I am unable to

send my team instructions except on Wednesdays. It also presents serious complications for my pending appeal and my pending civil action in Middlesex County Superior Court in Massachusetts, as well as my ability to pursue other claims for which the relevant statutes of limitations are rapidly elapsing.

29. While I was a pre-trial inmate the defendants in the instant case never tried to put me in the Special Administrative Measures (SAMs) program.

Signed under penalty of perjury,


Martin S. Gottesfeld, Reg # 12982-104
Federal Transfer Center
P.O. Box 898801
Oklahoma City, OK 73189-8801

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
Martin S. Gottesfeld, pro se,
          Plaintiff
     -  against  -                   Civil Action No.: 18-cv-10836-PGG
Hugh J. Hurwitz, et al.
```

## MOTION FOR ASSISTANCE WITH SERVICE OF PROCESS

Plaintiff Martin S. Gottesfeld (herein "plaintiff"), acting pro se, hereby moves The Honorable Court to order the Clerk of Court to complete service of the accompanying filings upon the defendants Eskar Tatum and Anthony Bussonich at the below addresses:

Eskar Tatum
Warden, MCC New York
150 Park Row
New York NY 10007

Anthony Bussonich
Medical Director, MCC New York
150 Park Row
New York, NY 10007

The plaintiff notes paragraph 23 of his affidavit, dated Monday, April 15th, 2019, in support of this request as well as his previous filings regarding his inability to direct others to serve process on his behalf for fear of disciplinary action, and the accompanying inmate request to staff, or "cop-out."

The plaintiff apologizes for any inconvenience brought about by this request.

## CERTIFICATE OF PARTIAL SERVICE

I, Martin S. Gottesfeld, do hereby certify that on Tuesday, April 16th, 2019, I have caused a copy of the foregoing document to be mailed to defendants Hugh J. Hurwitz and David Anderson but not to defendants Eskar Tatum and Anthony Bussonich.

Signed,


Martin S. Gottesfeld, pro se


Respectfully mailed on Tuesday, April 16th, 2019,


Martin S. Gottesfeld, pro se, Reg. No.: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

- Page 1 of 1 -

To: CMU Unit Team
From: Martin S. Gottesfeld, Reg. No.: 12982-104
Date: Friday, April 12th, 2019
Subject: TRULINCS Contacts for 18-cv-10836-PGG

Salutations Unit Team,

I have an open case on which I am pro se in The Southern District of New York. The docket number is 18-cv-10836-PGG. I am unable to add TRULINCS contacts for two (2) of the defendants on whom I must serve process:

Eskar Tatum
Warden, MCC New York
150 Park Row
New York, NY 10007

Anthony Bussanich
Medical Director, MCC New York
150 Park Row
New York, NY 10007

I believe that this difficulty stems from the mailing address for these individuals being a federal detention facility. However, they are not inmates who are incarcerated and they are named defendants in 18-cv-10836-PGG. When I try to add Mr. Tatum and Mr. Bussanich as contacts, I get an error saying that I am not allowed to use that address.

Can someone please manually add these contacts to my TRULINCS account or point me in the right direction to overcome this obstacle as I do need to be able to serve process on these defendants?

My thanks in advance for your help,

_____
Martin S. Gottesfeld, Reg. No.: 12982-104






FOREVER USA
PURPLE HEART

MAIL FROM FEDERAL
CORRECTIONAL INSTITUTION

USM_P3
SDNY



◇12982-104◇
U S District Court
Pro Se Clerk
500 Pearl ST
NEW YORK, NY 10007
United States

UNITED STATES
POSTAL SERVICE®

USPS TRACKING #

Label 400 Jan. 2013
7690-16-000-7948

9114 9023 0722 4072 3904 14

NAME: Martin Gottesfeld
NUMBER: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808