

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

May 1, 2019

BY ECF

Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *Gottesfeld v. Hurwitz*, 18 Civ. 10836 (PGG)

Dear Judge Gardephe:

      On March 15, 2019, Plaintiff Martin Gottesfeld ("Plaintiff") filed a motion for a temporary injunction. *See* Dkt. No. 12. The Government responded to this motion on March 20, 2019. *See* Dkt. No. 19. On April 2, 2019, Plaintiff filed another motion for a temporary injunction. *See* Dkt. No. 30. On April 5, 2019, the Court ordered Defendants to respond to this motion, which Defendants did on April 8, 2019. *See* Dkt. Nos. 35, 36. On April 26, 2019, Plaintiff filed another motion for a temporary injunction ("Motion"), to which the Government, on behalf of the Federal Bureau of Prisons, now responds.[1] *See* Dkt. No. 43.

      Like his two prior motions for a temporary injunction, Dkt. Nos. 12, 30, Plaintiff's Motion relates to conditions of his confinement at facilities that are not the Metropolitan Correctional Center ("MCC"), the prison from which the claims in this action arise. Rather, in his current Motion, Plaintiff complains of the conditions of his imprisonment at the Federal Transfer Center in Oklahoma City ("FTC Oklahoma City") and the Federal Correctional Institution in Terre Haute, Indiana ("FCI Terre Haute").[2]

      As discussed in the Government's prior letters, because Plaintiff is complaining of conditions related to his confinement (including the institution to which he is designated), this

---

[1] This Office does not yet have authority to represent all of the individual Defendants named in this action, but is submitting this response as a representative of the Federal Bureau of Prisons.

[2] As stated in the Government's April 8 letter to the Court, *see* Dkt. No. 36, Plaintiff arrived at FCI Terre Haute on April 1, 2019, which is the institution at which he will serve his sentence. After leaving the Metropolitan Detention Center in Brooklyn on March 26, 2019, Plaintiff spent a short period of time at FTC Oklahoma City while he was en route to FCI Terre Haute.

Motion is properly construed as an application pursuant to 28 U.S.C. § 2241.  *See Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (a motion pursuant to § 2241 generally challenges the execution of a federal inmate's sentence, including such matters as the administration of parole, computation of an inmate's sentence by prison officials, prison disciplinary actions, type of detention, prison transfers, and prison conditions); *Jabarah v. Garcia*, No. 08-cv-3592 (DC), 2010 WL 3834663, at *4 (S.D.N.Y. Sept. 30, 2010) ("Because [petitioner] is challenging the conditions of his confinement, his claim for injunctive relief must be construed as a claim for relief under 28 U.S.C. § 2241.").

"Federal district courts may grant writs of habeas corpus only 'within their respective jurisdictions.'"  *Salcedo v. Decker*, No. 18-cv-8801 (RA), 2019 WL 339642, at *1 (S.D.N.Y. Jan. 28, 2019) (quoting 28 U.S.C. § 2241(a)).  In the *habeas corpus* context, jurisdiction "depends on the location of the proper respondent—'the person having custody of the person detained.'"  *Id.* (quoting 28 U.S.C. § 2243).  As held by the Supreme Court in *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004), the proper respondent is the warden of the facility where the prisoner is being held.  *See Allen v. Lindsay*, No. 09-cv-1283 (KAM), 2010 WL 5067907, at *2 (E.D.N.Y. Dec. 7, 2010) ("The proper venue for a Section 2241 habeas petition challenging conditions of confinement is the district where the petitioner is confined.") (collecting cases); *Jabarah*, 2010 WL 3834663, at *4 ("The proper venue to bring a § 2241 challenge is the district of confinement.").

Here, this Court could not grant the relief Plaintiff seeks because the warden of FCI Terre Haute is not located in the Southern District of New York.[3]

Further, to the extent Plaintiff wishes to challenge the institution to which he has been designated, that, again, would be seeking relief pursuant to Section 2241.  Accordingly, such a request would need to be made to the appropriate district court in Indiana.  *See, e.g.*, *Barber v. Perdue*, No. 11-cv-0127 (NAM) (DEP), 2012 WL 5996342, at *4 (N.D.N.Y. Nov. 9, 2012) ("[Petitioner's] petition challenging his prison designation is properly brought pursuant to 28 U.S.C. § 2241."); *Mcllawain v. Nalley*, No. 02-cv-1046 (FJS) (VEB), 2008 WL 355623, at *5 (N.D.N.Y. Feb. 7, 2008) ("Petitioner asserts that the Bureau of Prisons should be directed to reduce his security designation and transfer him to a correctional facility closer to his home. As a threshold matter, it should be noted that this type of claim is properly asserted in a § 2241 petition . . . .") (citing *Jiminian*, 245 F.3d at 146); *see also Jabarah*, 2010 WL 38346663, at *4 ("As [plaintiff] now seems to acknowledge, venue does not lie in this District to the extent he seeks injunctive relief with respect to the conditions of his confinement at ADX-Florence . . . Rather, this claim must be brought in the district of confinement.").[4]  Plaintiff is now at the facility at which he will be serving his sentence—FCI Terre Haute.  To the extent he complains

---

[3] If Plaintiff's Motion was not construed as a petition pursuant to Section 2241, venue would nonetheless be improper given the events subject to the Motion did not occur in the Southern District of New York.

[4] The Government also notes that Plaintiff has not raised these issues administratively with the Bureau of Prisons, which he is required to do before pursuing relief under Section 2241.  *See Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001).

that his transfer to FCI Terre Haute spanned multiple federal districts (notably none being the Southern District of New York), he is now in the Southern District of Indiana where he will be serving his 121-month term of imprisonment. Accordingly, he can challenge both his designation to FCI Terre Haute and the conditions of his confinement at FCI Terre Haute in the federal district court for the Southern District of Indiana.

      Accordingly, Defendants respectfully submit that the Court lacks jurisdiction to consider this Motion. And, to the extent Plaintiff wishes to challenge the facility to which the Bureau of Prisons has designated him, then he should first exhaust his administrative remedies. If that does not produce the result Plaintiff seeks, only then may he bring an action in the appropriate district court in Indiana.

      Sincerely,

      GEOFFREY S. BERMAN
      United States Attorney of the
      Southern District of New York

By:   /s/ Alexander J. Hogan
      ALEXANDER J. HOGAN
      Assistant United States Attorney
      86 Chambers Street, Third Floor
      New York, New York 10007
      Tel.: (212) 637-2799
      Fax: (212) 637-2686
      E-mail: alexander.hogan@usdoj.gov

cc:   Martin Gottesfeld, Register Number 12982-104
      FCI Terre Haute
      Federal Correctional Institution
      P.O. Box 33
      Terre Haute, IN  47808