UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARTIN S. GOTTESFELD,

          Plaintiff,

v.

HUGH J. HURWITZ, *et al.*,

          Defendants.

18 Civ. 10836 (PGG)

---

## DECLARATION OF JOY AASSIDDAA

I, Joy Aassiddaa, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I am currently employed by the United States Department of Justice, Federal Bureau of Prisons (the "BOP"), as a Legal Assistant at the Consolidated Legal Center in New York, NY ("CLC New York"). I have been employed by the BOP since September 2, 2007. I have held my current position since November 16, 2015.

2. I base this declaration on my personal knowledge and on information contained in SENTRY, the BOP's computerized database, and the BOP's files relating to inmate Martin S. Gottesfeld ("Plaintiff"), Federal Register Number 12982-104.

3. The BOP has established a multi-tiered system, known as the Administrative Remedy Program, by which a federal inmate may seek review of an issue relating to any aspect of his or her confinement except claims for which other administrative procedures have been established (including tort claims, Inmate Accident Compensation claims, and Freedom of

1

Information Act claims). *See* 28 C.F.R. §§ 542.10 to 542.19.

4. Prior to initiating the multi-tiered system, an inmate must first present his or her issue informally to staff ("BP-8"). *See* 28 C.F.R. § 542.13. If informal resolution is unsuccessful, an inmate may initiate the formal administrative remedy process by submitting a Request for Administrative Remedy ("BP-9") to the Warden of his or her facility within 20 calendar days following the date on which the basis for the Request occurred. *See* 28 C.F.R. § 542.14.

5. An inmate who is dissatisfied with the Warden's response may submit an appeal to the Regional Director on the appropriate form ("BP-10") within 20 calendar days of the date the Warden signed the response. *See* 28 C.F.R. § 542.15.

6. In the event the inmate is dissatisfied with the Regional Director's response, the inmate may proceed to the next and final level by filing a Central Office Administrative Remedy Appeal ("BP-11") with the BOP's General Counsel within 30 calendar days of the date the Regional Director signed the response. *See id.*

7. No administrative remedy appeal is considered finally exhausted until it is considered by BOP's Central Office.

8. In my capacity as Legal Assistant, I have reviewed the SENTRY administrative remedy records pertaining to Plaintiff in this action.

9. Based upon this review, Plaintiff has failed to file any administrative remedies at any time during his incarceration at a BOP facility. I have attached a true and correct copy of the SENTRY Administrative Remedy Generalized Retrieval for Plaintiff as Exhibit A.

10. The Federal Tort Claims Act ("FTCA") provides that "[a]n action shall not be

instituted upon a claim against the United States for money damages for injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ." 28 U.S.C. § 2675(a). The BOP's regulations applicable to administrative tort claims asserted under the FTCA require claims to be submitted first to the Regional Office in the region where the basis for the claim occurred. 28 C.F.R. § 543.31(c). After considering the merits of the claim, the Regional Counsel may deny or propose a settlement of the claim. 28 C.F.R. § 543.32(d). Under the applicable regulations, if a claimant is dissatisfied with the final agency action, he or she may file suit in an appropriate U.S. District Court. 28 C.F.R. § 543.32(g).

11. A review of the database of administrative tort claims reveals that Plaintiff has not filed any administrative tort claims relating to his incarceration at MCC New York.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 16, 2019

_____
Joy Aassiddaa