

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

May 16, 2019

BY ECF

Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *Gottesfeld v. Hurwitz*, 18 Civ. 10836 (PGG)

Dear Judge Gardephe:

    On May 23, 2019, the Court will hold an initial conference in this action at 12:30 p.m. *See* Dkt. No. 34.  By ordered dated February 6, 2019, the Court directed the parties to submit a letter outlining the nature of this action and a proposed discovery plan. *See* Dkt. No. 10.[1] As discussed herein, Defendants respectfully request that the Court stay discovery pending the resolution of Defendants' motion to dismiss. *See* Dkt. No. 51.

    From November 14, 2016 to February 4, 2017, Plaintiff was incarcerated at the Metropolitan Correctional Center ("MCC").  Though Plaintiff was incarcerated pursuant to a criminal proceeding pending in the United States District Court for the District of Massachusetts, *see United States v. Gottesfeld*, No. 16-cr-10305 (D. Mass. 2016), he was temporarily relocated to MCC for this period because he was engaged in a hunger strike.  Plaintiff's claims arise from his period of detention at MCC.

    Since leaving MCC in 2017, Plaintiff has been convicted in the District of Massachusetts for Conspiracy to Commit Offense or to Defraud the United States, in violation of 18 U.S.C. § 371, and Intentional Damage to a Protected Computer, in violation of 18 U.S.C. §§ 1030(a)(5)(A), (c)(4)(B).  He is currently serving a 121-month term of imprisonment at the Federal Correctional Institution in Terre Haute, Indiana ("FCI Terre Haute"). *See United States v. Gottesfeld*, No. 16-cr-10305 (D. Mass. 2016) (Dkt. No. 389).

    This conviction stemmed from conduct whereby Plaintiff orchestrated a cyberattack on two Massachusetts medical facilities related to their treatment of a teenage girl who had been

---

[1] Because Plaintiff is incarcerated, Defendants are submitting this letter without having conferred with Plaintiff.

placed in the custody of the Massachusetts Department of Children and Families because of concerns that her parents were interfering with her prior treatment.[2] Due to these cyberattacks, these facilities incurred hundreds of thousands of dollars in damages. *See United States v. Gottesfeld*, No. 16-cr-10305 (D. Mass. 2016) (Dkt. No. 3).

In the current action, the Defendants are: (1) former Acting Deputy Director of the United States Marshals Service ("USMS") David Anderson ("Anderson"); (2) Esker L. Tatum ("Tatum")—former Warden of MCC; (3) Anthony Bussonich ("Bussonich")—former medical director at MCC; and (4) Acting Director of the Federal Bureau of Prisons ("BOP") Hugh Hurwitz ("Hurwitz") (collectively, "Defendants").[3]

Plaintiff asserts several constitutional claims arising from his detention at MCC against Defendants pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"). These claims include violations of: (1) his right to Due Process under the Fifth Amendment; (2) his right to counsel under the Sixth Amendment; (3) his rights under the First Amendment to engage in a hunger strike and interact with the media; and (4) his rights under the Fifth Amendment relating to his conditions of confinement.[4] Read liberally, Plaintiff is also asserting a claim pursuant to the Federal Tort Claims Act ("FTCA"), *see* 28 U.S.C. §§ 2671 *et seq.*, and various provisions of the New York State Constitution.

The claims fall into the following several categories: (1) Plaintiff was improperly placed in the Special Housing Unit ("SHU"), which caused his visitation, communication, and recreational privileges to be limited; (2) there were multiple issues related to his conditions of confinement (including rodents in the prison, cold temperatures, and that the water was turned off in the SHU on one occasion); (3) Plaintiff's First Amendment rights were violated when MCC threatened to (but did not) force feed Plaintiff if he continued with his hunger strike; and (4) Plaintiff's ability to interact with the media was limited.

On May 16, 2019, Defendants moved to dismiss the case in its entirety and requested that the Court stay discovery pending the resolution of this motion. Defendants moved to dismiss on the following grounds: (1) Plaintiff has failed to exhaust his administrative remedies pursuant to the Prison Litigation Reform Act; (2) Plaintiff has failed to exhaust his administrative remedies pursuant to the FTCA; (3) Plaintiff has failed to allege the personal involvement of Defendants

---

[2] A video was posted to YouTube from an account owned and managed by Plaintiff calling for, in the name of the hacking organization Anonymous, actions against the Massachusetts medical facilities in response to their treatment of the teenage girl.

[3] Anderson, Tatum, and Bussonich have since retired from their respective positions.

[4] Plaintiff cites to the Eight Amendment to assert his claim relating to his conditions of confinement, but because Plaintiff was a pretrial detainee at the time, the proper vehicle for this claim is the Fifth Amendment. *See, e.g.*, *Pope v. Geo Grp.*, No. 18-cv-6900 (BMC) (LB), 2019 WL 79426, at *2 (E.D.N.Y. Jan. 2, 2019).

Anderson or Hurwitz; (4) a *Bivens* claim is not cognizable as to the claims asserted by Plaintiff; and (5) Plaintiff's complaints do not rise to the level of constitutional violations.[5]

      As stated, Defendants respectfully seek discovery to be stayed in this action pending resolution of the motion.[6] *See* Fed. R. Civ. P. 26(c); *Spencer Trask Software & Info. Svcs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002) (granting stay in part based on defendants' "substantial arguments" for dismissal). The instant motion to dismiss may resolve this case in its entirety. Alternatively, the motion may result in certain Defendants being dismissed from the case. To conserve the parties' resources and most efficiently resolve this case, and because prejudice to Plaintiff from a stay is unlikely, the Defendants request that the Court stay discovery until this motion is resolved. However, Defendants are attaching to this letter a proposed case management plan in the event the Court denies this request.

      I thank the Court for its attention to this matter.

---

[5] Plaintiff has made various motions for temporary injunctions. *See* Dkt. Nos. 12, 30, 43. For the reasons discussed in Defendants' responses to these motions, these applications are either moot or not properly before this Court. *See* Dkt. Nos. 19, 36, 44. To the extent Plaintiff seeks to challenge the conditions of his confinement at FCI Terre Haute or his designation to FCI Terre Haute, he must first exhaust his administrative remedies and then, if unsuccessful at the administrative level, bring his claims pursuant to 28 U.S.C. § 2241 in the Southern District of Indiana because the proper venue for such claims is the district in which the warden of the facility is located. *See Allen v. Lindsay*, No. 09-cv-1283 (KAM), 2010 WL 5067907, at *2 (E.D.N.Y. Dec. 7, 2010) ("The proper venue for a Section 2241 habeas petition challenging conditions of confinement is the district where the petitioner is confined.") (collecting cases); *Jabarah v. Garcia*, No. 08-cv-3592 (DC), 2010 WL 3834663, at *4 (S.D.N.Y. Sept. 30, 2010) ("The proper venue to bring a § 2241 challenge is the district of confinement."). Both the prison to which one is designated and the conditions of confinement at that prison are properly construed as habeas petitions pursuant to 28 U.S.C. § 2241. *See id.*, at *4 ("Because [petitioner] is challenging the conditions of his confinement, his claim for injunctive relief must be construed as a claim for relief under 28 U.S.C. § 2241."); *Barber v. Perdue*, No. 11-cv-0127 (NAM) (DEP), 2012 WL 5996342, at *4 (N.D.N.Y. Nov. 9, 2012) ("[Petitioner's] petition challenging his prison designation is properly brought pursuant to 28 U.S.C. § 2241."); *Mcllawain v. Nalley*, No. 02-cv-1046 (FJS) (VEB), 2008 WL 355623, at *5 (N.D.N.Y. Feb. 7, 2008) ("Petitioner asserts that the Bureau of Prisons should be directed to reduce his security designation and transfer him to a correctional facility closer to his home. As a threshold matter, it should be noted that this type of claim is properly asserted in a § 2241 petition . . . .") (citing *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001)).

[6] At this juncture, Defendants are not willing to discuss settlement of this action.

                    Sincerely,

                    GEOFFREY S. BERMAN
                    United States Attorney of the
                    Southern District of New York

              By:   /s/ Alexander J. Hogan
                    ALEXANDER J. HOGAN
                    Assistant United States Attorney
                    86 Chambers Street, Third Floor
                    New York, New York 10007
                    Tel.: (212) 637-2799
                    Fax: (212) 637-2686
                    E-mail: alexander.hogan@usdoj.gov

cc:     Martin Gottesfeld
        Register Number 12982-104
        FCI Terre Haute
        Federal Correctional Institution
        P.O. Box 33
        Terre Haute, IN  47808