UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| Martin S. Gottesfeld, pro se, Plaintiff - against - Hugh J. Hurwitz, et al. | Civil No.: 18-cv-10836-PGG |
|---|---|

ELECTRONICALLY FILED
DOC #:
DATE FILED: 7-16-19

## MOTION FOR EXTENSION OF TIME TO FILE

Plaintiff Martin S. Gottesfeld (herein "Plaintiff"), acting pro se, hereby moves The Honorable Court for an extension of time in which to file his opposition to the defendants' motion to dismiss, filed on May 16th, 2019 (please see D.E. 51). The Honorable Court had previously ordered the plaintiff to file his opposition on June 20th, 2019 (please see D.E. 55) and the plaintiff had previously mailed (and thereby filed pursuant to Houston v. Lack, 487 U.S. 266 (1988)) a previous MOTION FOR EXTENSION OF TIME TO FILE on Monday, June 10th, 2019, asking for leave to file his response on or before August 31st, 2019.

In his previous motion for an extension, the plaintiff cited the length of the defendants' motion, the time which the defendants took to prepare their motion while represented by counsel, the disadvantages faced by the plaintiff as compared to the defendants' counsel (specifically his lack of access to word processing software), and the slow and careful necessity of distinguishing the instant case from the cacophony of unpublished non-precedential opinions provided by the defendants in support of their motion.

The plaintiff must now seek an open-ended extension of time to file out of an abundance of caution because he may not be able to request more time in the future due to circumstances beyond his control. In support of the instant motion, the plaintiff hereby requests that The Honorable Court take judicial notice, pursuant to Fed. R. Evid. 201(c)(2) of the following exhibits hereto,

## MEMO ENDORSED

[Handwritten: provided herewith]

* Exhibit 1: Plaintiff's July 1st, 2019, letter to the Office of the

- Page 1 of 3 -

[Handwritten endorsement: The application is denied. The Clerk of Court will send a copy of this Order to pro se Plaintiff by certified mail.]

SO ORDERED:

Paul G. Gardephe, U.S.D.J.
July 25, 2019

Inspector General for the U.S. Justice Department reporting violations of the voyeurism subsection (please see 28 CFR §115.6) of the Prison Rape Elimination Act (PREA) at the plaintiff's unit, i.e. the FCI Terre Haute CMU, and the 49-paragraph Affidavit of Martin S. Gottesfeld executed on June 27th, 2019 (5 pages total), noting the likely retaliation which the plaintiff believes that he may face as a result of his report due to, inter alia, the failure of the Federal Bureau of Prisons (FBOP) to abide by 28 CFR §115.51(b) (please see affidavit therein ¶¶ 39-41)

    * Exhibit 2: Excerpt from 28 CFR §115.6 regarding "Voyeurism" and the Prison Rape Elimination Act (PREA) (1 page)

    * Exhibit 3: Excerpt of FBOP Program Statement 3300.03, "Employment," §19(8), "NAME TAGS AND OTHER ADORNMENTS," stating the policy that FBOP staff members are to wear nametags (see also Exhibit 1, declaration, ¶19) (2 pages)

    * Exhibit 4: Excerpt from FBOP Program Statement 3420.11, "Standards of Employee Conduct," §5, "PERSONAL CONDUCT," forbidding sexual behavior and intimidation toward inmates (see also Exhibit 1, declaration, ¶¶ 14-18 and 20-23) (4 pages)

    * Exhibit 5: Excerpt from 28 CFR §115.51, showing §115.51(b) (see also Exhibit 1 and declaration therein ¶¶ 26-27 and 31-38) (1 page)

    * Exhibit 6: Excerpt from 28 CFR §540.203 showing §540.203(b)(1), i.e. that CMU inmates cannot send special mail to the courts (see also Exhibit 1, declaration, ¶¶ 28-29) (2 pages)

    * Exhibit 7: December 10, 2018, letter from Katherine Siereveld, representing herself as a "Senior Attorney" to an Indiana state court where she may not be licensed to practice (see also Exhibit 1, declaration, ¶¶ 31-34) (1 page)

    * Exhibit 8: May 15th, 2019, letter from the plaintiff to "Certified PREA Auditor" Diane Lee reporting the lack of access to PREA hotlines and

- Page 2 of 3 -

confidential access to the Office of the Inspector General (see also Exhibit 1 and declaration therein ¶¶ 26-27 and 35-38, and Exhibit 5) (2 pages)

\* Exhibit 9: Print-out from USPS.com showing the delivery of Exhibit 8 in Rockville, MD, on May 28th, 2019 (see also Exhibit 1, declaration therein ¶¶ 36-38) (1 page)

\* Exhibit 10: Excerpt of S.D. NY 18-cv-10836-PGG D.E. 42 showing ¶¶ 6-7 and 14-15 (see also Exhibit 1, declaration therein ¶¶ 39-41) (2 pages)

In light of the above, the plaintiff moves The Honorable Court to order him to file a more specific motion in the future when the current uncertainty has subsided detailing when he expects to be able to complete his opposition to the defendants' motion to dismiss.

Respectfully mailed on Monday, July 1st, 2019 (and filed thereon pursuant to Houston v. Lack, 487 U.S. 266 (1988)) in an envelope bearing U.S. Postal Service tracking number 9114 9023 0722 4293 0876 29, handed to FBOP employees Ms. Eisele, Ms. Wheeler, and/or Ms. Thomas with sufficient postage affixed pre-paid,

_____
Martin S. Gottesfeld, pro se
Reg. No.: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

### CERTIFICATE OF SERVICE

I, Martin S. Gottesfeld, pro se, do hereby certify that on Monday, July 1st, 2019, I mailed a copy of the foregoing document to counsel for the defendants in the abovecaptioned case by handing such copy to FBOP employees Ms. Eisele, Ms. Thomas, and/or Ms. Wheeler for placement in the mail. See Houston v. Lack, 487 U.S. 266 (1988).

_____
Martin S. Gottesfeld, pro se

- Page 3 of 3 -