UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARTIN S. GOTTESFELD,

                Plaintiff,

- v. -

ACTING DEPUTY DIRECTOR DAVID ANDERSON, WARDEN ESKER L. TATUM, MEDICAL DIRECTOR ANTHONY BUSSONICH, and ACTING DIRECTOR HUGH J. HURWITZ,

                Defendants.

**ORDER**

18 Civ. 10836 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

    Pro se Plaintiff Martin S. Gottesfeld filed this action on November 19, 2018, alleging that he was improperly held in the Metropolitan Correctional Center's Special Housing Unit for a three-month period between November 2016 and February 2017. (Cmplt. (Dkt. No. 2) at 4 & ¶¶ 4, 6, 8)[1] Since the Complaint was filed, Gottesfeld has filed four motions for a preliminary injunction concerning the conditions of his incarceration while detained at the Metropolitan Detention Center in Brooklyn and at the Federal Correctional Institution at Terre Haute, Indiana. Defendants contend that this Court lacks subject matter jurisdiction to grant the injunctive relief Plaintiff seeks. The Court agrees. Accordingly, Plaintiff's motions for "temporary injunctions" will be denied.

---

[1] All citations in this Order reflect page numbers assigned by this District's Electronic Case Filing system.

## BACKGROUND

On August 1, 2018, in the District of Massachusetts, Gottesfeld was convicted of conspiracy to damage protected computers and damaging protected computers. He is serving a 121-month sentence. See Verdict, United States v. Gottesfeld, No. 16 Cr. 10305 (NMG) (D. Mass. Aug. 1, 2018); see also Judgment, United States v. Gottesfeld, No. 16 Cr. 10305 (NMG) (D. Mass. Aug. 1, 2018). Between November 14, 2016 and February 4, 2017, Gottesfeld was held at the Metropolitan Correctional Center ("MCC") in Manhattan. (Cmplt. (Dkt. No. 2) at 4 & ¶ 1) While at the MCC, Gottesfeld engaged in a hunger strike. (Id. ¶ 1) As a result of his hunger strike, MCC personnel assigned him to the facility's Special Housing Unit ("SHU"). (Id. ¶ 2) Gottesfeld was confined in the SHU for 81 days. Gottesfeld complains that he never should have been assigned to the SHU, and that while held in the SHU, he was subjected to "conditions that would shock the conscience of the average objectively reasonable member of the public." (Id. ¶¶ 8-9) The Complaint names as defendants Hugh J. Hurwitz, the Acting Director of the Federal Bureau of Prisons; David Anderson, the former Acting Deputy Director of the U.S. Marshals Service; Esker Tatum, the former warden of the MCC; and Anthony Bussonich, MCC's former medical director. (Id. at 3)

Gottesfeld's pending motions for injunctive relief do not concern conditions at the MCC. These motions instead address conditions Gottesfeld faced while imprisoned at the (1) Metropolitan Detention Center ("MDC") in Brooklyn between February 15, 2019 and March 26, 2019 (Dkt. Nos. 12, 30); (2) Federal Transfer Center in Oklahoma City, Oklahoma (Dkt. No. 43); and (3) Federal Correctional Institution in Terre Haute, Indiana ("Terre Haute"), where he is currently incarcerated and will serve his sentence (Dkt. No. 45).

In his motions, Gottesfeld seeks an order directing that (1) he be removed from the SHU and housed with the general prison population or, in the alternative, receive a review of his placement in the SHU in accordance with federal regulations; (2) his legal mail be opened in his presence in accordance with federal regulations; (3) there not be undue delay in posting his mail; (4) he be provided with sufficient dental care; (5) prison personnel provide him with the same amount of time to make telephone calls as other inmates; and (6) he be provided with additional postage stamps and other materials necessary for his pending cases. (See Dkt. Nos. 12-13, 30, 43, 45)

## PROCEDURAL HISTORY

The Complaint was filed on November 19, 2018. (Dkt. No. 2)

On March 15, 2019, before (1) Defendants had responded to the Complaint or (2) an initial pretrial conference had been held, Gottesfeld filed his first "Emergency Petition for a Temporary Injunction" regarding conditions at the MDC. (Dkt. No. 12) On March 18, 2019, this Court ordered Defendants to show cause why an order should not be issued pursuant to Federal Rule of Civil Procedure 65(b) directing Defendants to release Gottesfeld from the SHU at the MDC, and assigning him to general population. (Dkt. No. 17)

On March 20, 2019, the Government submitted a letter contending that Gottesfeld's petition should be denied for lack of subject matter jurisdiction. (Dkt. No. 19) The Government argued that Gottesfeld's conditions of confinement claim is construed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 19) (citing Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001); Jabarah v. Garcia, No. 08 Civ. 3592 (DC), 2010 WL 3834663, at *4 (S.D.N.Y. Sept. 30, 2010)), and noted that "'Federal district courts may grant writs of habeas corpus only "within their respective jurisdictions."'" (Id. (quoting Salcedo v. Decker,

3

No. 18 Civ. 8801 (RA), 2019 WL 339642, at *1 (S.D.N.Y. Jan. 28, 2019 (quoting 28 U.S.C. § 2241(a))) The Government further argued that because Gottesfeld challenged the conditions of his confinement at MDC-Brooklyn, this Court lacks subject matter jurisdiction to consider the Petition. (Id.) The Government also explained that Gottesfeld was about to be transferred from MDC-Brooklyn, and that this expected transfer would moot his claim for injunctive relief. (Id.)

On March 21, 2019, the Government informed this Court that Gottesfeld would be transferred on March 26, 2019. (Govt. March 21, 2019 Ltr. (Dkt. No. 65)). Accordingly, on March 21, 2019, the Court adjourned the order to show cause hearing sine die. (Dkt. No. 21)

In a petition dated March 25, 2019 but not filed until April 2, 2019, Gottesfeld moved for a "Temporary Injunction" related to the conditions of his confinement at MDC. (Dkt. No. 30)

On April 5, 2019, this Court directed the Government to respond to Gottesfeld's second Petition. (Dkt. No. 35) In an April 8, 2019 letter, the Government set forth the same arguments made in its March 20, 2019 letter, but added that Gottesfeld was no longer an inmate at the MDC, and that accordingly his requests for injunctive relief are now moot. (Dkt. No. 36)

On April 26, 2019, Gottesfeld filed a "Supplemental Motion for Temporary Injunctions" regarding conditions at the Federal Transfer Center in Oklahoma City, Oklahoma, and the Federal Correctional Institution at Terre Haute, Indiana. (Dkt. No. 43) Gottesfeld was briefly detained at the Federal Transfer Center while en route from MDC-Brooklyn to his final destination – FCI-Terre Haute. (Govt. March 21, 2019 Ltr. (Dkt. No. 65)) Gottesfeld arrived at FCI-Terre Haute on April 1, 2019. (Govt. April 8, 2019 Ltr. (Dkt. No. 36)) In a May 1, 2019 response to Gottesfeld's April 26, 2019 motion, the Government repeated the arguments made in its earlier submissions. (Govt. May 1, 2019 Ltr. (Dkt. No. 44))

4

Finally, on May 7, 2019, Gottesfeld filed a "Second Supplemental Motion for Temporary Injunctions" regarding conditions at FCI-Terre Haute. (Dkt. No. 45)

## DISCUSSION

### I. MOOTNESS

This Court must first consider whether it has the constitutional or statutory authority to adjudicate Gottesfeld's motions. If there is no subject matter jurisdiction, the Court lacks the power to consider the action further. See, e.g., Ford v. D.C. 37 Union Local 1549, 579 F.3d 187, 188 (2d Cir. 2009).

"When an inmate is transferred from a prison facility, any pending injunction [for relief] against the transferring facility is moot, regardless of whether the [request for relief] was filed prior to the transfer." Jabarah, 2010 WL 3834663, at *3. And "[u]nder Article II, section 2 of the Constitution, federal courts lack jurisdiction to decide questions that cannot affect the rights of litigants in the case before them." Davis v. New York, 316 F.3d 93, 99 (2d Cir. 2002). Accordingly, when a claim is "moot because no effectual relief may be granted," a court must dismiss the claim. Cnty. of Suffolk, N.Y. v. Sebelius, 605 F.3d 135, 144 (2d Cir. 2010).

Here, Gottesfeld's first three motions for injunctive relief are moot, because they relate to conditions at the MDC and the Federal Transfer Center in Oklahoma City, and Gottesfeld is no longer an inmate at either facility. See, e.g., Thompson v. Choinski, 525 F.3d 205, 209 (2d Cir. 2008) (affirming dismissal of claims seeking "a modification of the conditions of [plaintiff's] confinement at [a] Connecticut state facility"; since petitioner "has since been transferred," his claims are moot).

Gottesfeld argues that his claims for injunctive relief are not moot, because he is challenging his designation "to a so-called Communications Management Unit . . . , which is a

5

determination under the control of the defendants." (Pet. Reply (Dkt. No. 31) at 2) This argument is not responsive to the mootness issue, however. Gottesfeld's claims for injunctive relief relate to conditions at MDC-Brooklyn and the Oklahoma City Federal Transfer Center, and his claims are moot because he "no longer has any need for injunctive relief with respect to conditions at" those facilities. Jabarah, 2010 WL 3834663, at *3; see also Prins v. Coughlin, 76 F.3d 504, 506 (2d Cir. 1996) ("It is settled in this Circuit that a transfer from a prison facility moots an action for injunctive relief against the transferring facility."). Gottesfeld does not cite any authority to the contrary. Accordingly, Gottesfeld's first three motions for injunctive relief will be denied as moot.

## II. IMPROPER DISTRICT

"When a federal inmate is challenging the conditions of confinement, the proper vehicle for such a challenge is the federal habeas statute, 28 U.S.C. § 2241." Jabarah, 2010 WL 3834663, at *4 (citing Thompson, 525 F.3d at 209). "The proper venue to bring a § 2241 challenge is the district of confinement." Id. (citing Santulli v. United States, No. 02 Civ. 8664 (SAS), 2003 WL 21488084, at *2 (S.D.N.Y. June 25, 2003)); see also Salcedo, 2019 WL 339642, at *1 ("Federal district courts may grant writs of habeas corpus only 'within their respective jurisdictions.'" (quoting 28 U.S.C. § 2241(a))); Allen v. Lindsay, No. 09 Civ. 1283 (KAM), 2010 WL 5067907, at *2 (E.D.N.Y. Dec. 7, 2010) ("The proper venue for a Section 2241 habeas petition challenging conditions of confinement is the district where the petitioner is confined." (collecting cases)). "Moreover, the proper respondent in such a case is the prisoner's immediate custodian." Jabarah, 2010 WL 3834663, at *4 (citing Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004)).

Here, all four of Gottesfeld's motions for injunctive relief concern conditions of confinement in facilities outside the Southern District of New York. As to each motion, the proper respondent is the warden of the institution at which Gottesfeld was then held, and the proper venue is the district court for the district in which Gottesfeld was then being held.[2]

Gottesfeld argues that because his current location – FCI-Terre Haute – is "under the control of the defendants," this Court has jurisdiction over his motions. (Pet. Reply (Dkt. No. 31) at 2) Gottesfeld further contends that "the claims in the instant case specifically and explicitly include the national management of the [Federal Bureau of Prisons], not just a particular warden of facility." (Id.) Gottesfeld's argument contradicts the factual allegations in his motions, however, which address conditions of confinement that vary from facility to facility.

For example, in Gottesfeld's first motion, he complains that his request for dental care at MDC-Brooklyn was not promptly addressed. (See Gottesfeld Aff. (Dkt. No. 13) ¶ 40) As to the Federal Transfer Center in Oklahoma City, however, Gottesfeld reports that medical staff "regularly make sick-call rounds through the SHU," and that "within about 2 hours of reporting the [dental] issue," a dentist came "to examine [his] tooth." (Gottesfeld Aff. (Dkt. No. 43) at 5) In sum, it is apparent from Gottesfeld's allegations that conditions differ from facility to facility, demonstrating why the warden of the facility housing Gottesfeld is the proper respondent. In any event, to the extent Gottesfeld argues otherwise, there is ample authority to

---

[2] There is some dispute in this District as to whether 28 U.S.C. § 2241 should be interpreted as "a rule of jurisdiction or a rule of venue." Mahmood v. Nielsen, 312 F. Supp. 3d 417, 423-24 (S.D.N.Y. 2018) (collecting cases). This Court need not decide the issue, because Gottesfeld's motions are properly denied under either interpretation. If Section 2241 is jurisdictional, it is obvious that Gottesfeld has filed his motions in an improper district. If Section 2241 is construed as a rule of venue, the Court declines to exercise venue over Gottesfeld's claims, because doing so would not serve judicial economy, convenience of the parties and the court system, or the duty of fairness to the litigants.

7

the contrary. See, e.g., Rumsfeld, 542 U.S. at 443 ("The plain language of the habeas statute thus confirms [that] . . . jurisdiction lies in only one district: the district of confinement."); Jabarah, 2010 WL 3834663, at *4 ("The proper venue to bring a § 2241 challenge is the district of confinement."); Zhen Yi Guo v. Napolitano, No. 09 Civ. 3023 (PGG), 2009 WL 2840400, at *5-6 (S.D.N.Y. Sept. 2, 2009) (for an inmate "in custody at York County Prison in York, Pennsylvania[,] . . . jurisdiction lies only in the United States District Court for the Middle District of Pennsylvania"); Santulli, 2003 WL 21488084, at *2 ("A petition under [§ 2241] must be filed in the district of confinement."). Accordingly, this Court also lacks subject matter jurisdiction over Gottesfeld's motions because his motions were filed in the wrong district.

## III. REQUEST FOR PRO BONO COUNSEL

Gottesfeld asks the Court to appoint pro bono counsel. (Pet. Reply (Dkt. No. 31) at 1) In considering a motion to appoint counsel, a district court "should first determine whether the indigent's position [is] likely to be of substance." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989) (per curiam) (internal quotation omitted). Courts also consider secondary factors, such as the "plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in . . . light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." Id.

Applying the factors set forth in Cooper, this Court denies the request on the ground that the papers filed in this action do not demonstrate that Gottesfeld's claim is likely to be of sufficient substance. Defendants have moved to dismiss the action (see Dkt. No. 51), and their proposed motion appears to be well-founded.

8

Accordingly, Gottesfeld's application for appointment of counsel will be denied without prejudice to renewal if the merit or complexity of his claims make a request for counsel appropriate at a later stage of the litigation.

## CONCLUSION

For the foregoing reasons, Gottesfeld's "Emergency Petitions for a Temporary Injunction" are denied. His request for appointment of pro bono counsel is likewise denied. The Clerk of Court is respectfully directed to terminate the motions (Dkt. Nos. 12, 30, 43, 45), and to mail a copy of this order to pro se Plaintiff Martin S. Gottesfeld, Register Number 12982-104, FCI Terre Haute, Federal Correctional Institution, P.O. Box 33, Terre Haute, Indiana 47808.

Dated: New York, New York
August 5, 2019

SO ORDERED.

*Paul G. Gardephe*
Paul G. Gardephe
United States District Judge