UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| Martin S. Gottesfeld, pro se, Plaintiff - against - Hugh J. Hurwitz, et al. |
|---|

Case No.: 18-cv-10836-PGG

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DATE FILED: 8-12-19

## MOTION FOR A TEMPORARY RESTRAINING ORDER PROTECTING PLAINTIFF'S RIGHT TO PUBLISH

Plaintiff Martin S. Gottesfeld (herein "plaintiff"), acting pro se, hereby moves The Honorable Court to issue a temporary restraining order (herein a "TRO") pursuant to Fed. R. Civ. P. 65 protecting his right to publish the series of news articles provided herewith as Exhibit 1 to the plaintiff's contemporariously-filed MOTION FOR A DECLARATORY JUDGMENT PROTECTING PLAINTIFF'S RIGHT TO PUBLISH as a bylined reporter without fear of interference or reprisal from the instant defendants and their officers, agents, servants, employees, attorneys, contractors, designees, and others in active concert or participation with the instant defendants (herein collectively "opposing entities").

The plaintiff moves The Honorable Court to take judicial notice of his contemporariously-filed MOTION FOR A DECLARATORY JUDGMENT PROTECTING PLAINTIFF'S RIGHT TO PUBLISH and the Exhibits thereto provided herewith in the same envelope for the purpose of deciding the instant motion pursuant to Fed. R. Evid. 201(c)(2). The plaintiff also moves The Honorable Court to take judicial notice pursuant to Fed. R. Evid. 201(c)(2) of Exhibit 1 hereto, Affidavit of Martin S. Gottesfeld, noting that agents of the instant defendant Hugh J. Hurwitz continue to enforce the Federal Bureau of Prisons (herein the "FBOP") so-called "byline restriction," despite the fact that it was struck down as unconstitutional by The Honorable U.S. District Court for The District of Colorado and later rescinded by the FBOP.

The plaintiff believes the law on the instant matter is clear, the likely

damage irrevocable and unquantifiable, and having now reviewed the motion to dismiss filed by the defendants, the plaintiff is confident he will prevail on the merits in the instant case. If, however, any of the above remain unclear, then the plaintiff kinds requests an evidentiary hearing.

Respectfully mailed with sufficient first-class postage affixed pre-paid on Monday, August 5th, 2019, in an envelope bearing U.S. Postal Service tracking number 9114 9023 0722 4293 0876 98 handed to Ms. J. Wheeler of the FCI Terre Haute CMU unit team in her official capacity as an agent of the defendants, and therefore filed thereupon pursuant to Houston v. Lack, 487 U.S. 266 (1988),

*[signature]*
Martin S. Gottesfeld, pro se
Reg. No.: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

## CERTIFICATE OF SERVICE

I, Martin S. Gottesfeld, hereby certify that I mailed a copy of the foregoing document to counsel for the defendants by providing such copy in an envelope bearing sufficient first-class postage pre-paid to Ms. J. Wheeler of the FCI Terre Haute CMU unit team for mailing in her official capacity as an agent for the defendants.

*[signature]*
Martin S. Gottesfeld, pro se

# Exhibit 1

<u>Affidavit of Martin S. Gottesfeld:</u>

I, Martin S. Gottesfeld, do hereby affirm that the following is true and accurate to the best of my knowledge, information, and belief on this 28th day of July, 2019, and I do so declare the following pursuant to <u>28 U.S.C. § 1746</u> (see <u>LeBoeuf, Lamb, Greene & MacRae, L.L.P. v. Worsham, 185 F.3d 61, 65-66 (2d Cir. 1999)</u>):

**1.** My name is Martin S. Gottesfeld and I am a federal inmate in the communications management unit (CMU) at the Federal Correctional Institution (FCI) in Terre Haute, Indiana.

2. My federal registration number is 12982-104.

3. I am the sole plaintiff in the case of <u>18-cv-10836</u> in U.S. District Court for The Southern District of New York (hereafter "the case").

4. As previously docketed in the case, I provided a print-out from LexisNexis® of the decision in <u>McGowan v. United States, 825 F.3d 118 (2d Cir. 2016)</u>, highlighting that at 122 the Federal Bureau of Prisons (FBOP) former so-called "byline restriction" had been ruled unconstitutional and rescinded, to Ms. Evelyn Keller, then of the FCI Terre Haute CMU unit team.

5. Ms. Keller provided this print-out in digital form to the FCI Terre Haute legal department.

6. Despite the above events, the FCI Terre Haute legal department, and specifically Ms. Katherine Siereveld, continue to enforce the byline restriction.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on Sunday, July 28th, 2019.

Martin S. Gottesfeld

- Page 1 of 1 -

ttesfeld
2982-104
rectional Institution
, IN 47808

US TRACKING #

3 0722 4293 0876 98

12982-104
U S District Court
Pro Se Clerk
500 Pearl ST
NEW YORK, NY 10007
United States

August 5th, 2019, Houston v. Lack 487 U.S. 266 (1988)

Priority Mail Flat Rate

USMS SDNY

```
                                              Martin S. Gottesfeld
                                               Reg. No.: 12982-104
                                       Federal Correctional Institution
Pro Se Clerk's Office                                   P.O. Box 33
U.S. District Court                              Terre Haute, IN 47808
Southern District of New York
500 Pearl St.
New York, NY 10007
```

Monday, August 5th, 2019

To Whom It May Concern:

    I hope that this letter finds you well.

    Please find enclosed for filing in the case of <u>Gottesfeld v. Hurwitz, el al., 18-cv-10836-PGG</u> the following three (3) motions: plaintiff's <u>MOTION FOR EXTENSION OF TIME TO FILE</u>, plaintiff's <u>MOTION FOR A TEMPORARY RESTRAINING ORDER PROTECTING PLAINTIFF'S RIGHT TO PUBLISH</u> with 1 Exhibit thereto, and plaintiff's <u>MOTION FOR A DECLARATORY JUDGMENT PROTECTING PLAINTIFF'S RIGHT TO PUBLISH</u> with 3 Exhibits thereto.

    Each Exhibit is prefaced with a blank white cover page marked, "Exhibit 1," "Exhibit 2," or "Exhibit 3." The body of one exhibit includes pages previously-exhibited in other motions, so there is one page with a pre-existing PACER header from the same case, docket entry 63, page 19 of 26, marked "Exhibit 7." This exhibit marking can be ignored.

    May I also ask that the scanned image of the envelope bearing these 3 motions to the court appear in each of the 3 docket entries for those motions for the purpose of the prison-mailbox rule?

    Finally, may I please ask the Pro Se Clerk's Office to use the enclosed self-addressed stamped envelope to mail me the PACER receipts from these motions? I very much appreciated the docket report that the Pro Se Clerk's Office recently sent to me. While I would happily accept a full docket sheet again, all I am requesting is the PACER receipt(s) from these motions.

    With gratitude,

    *[signature]*

    Martin S. Gottesfeld, pro se

- Page 1 of 1 -