**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

August 13, 2019

BY ECF

Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *Gottesfeld v. Hurwitz*, 18 Civ. 10836 (PGG)

Dear Judge Gardephe:

    On August 12, 2019, Plaintiff Martin Gottesfeld ("Plaintiff") filed a "motion for a temporary restraining order protecting Plaintiff's right to publish" and a "motion for a declaratory judgment protecting plaintiff's right to publish." *See* Dkt. Nos. 68, 69 (the "Motions"). Also on August 12, 2019, Plaintiff filed a motion seeking an extension of time to file his opposition to Defendants' pending motion to dismiss. *See* Dkt. Nos. 51, 67.

    Currently, Plaintiff's opposition papers are due on August 30, 2019, and Defendants' reply papers are due on September 24, 2019. *See* Dkt. No. 62. Defendants do not object to Plaintiff's requested 45-day extension. Accordingly, if the Court grants the relief, Plaintiff's opposition would be due on October 15, 2019 (October 14, 2019, is a federal holiday). Defendants would respectfully request that their deadline to reply be the later of November 5, 2019, or three weeks after the date on which Plaintiff's opposition papers are filed on the docket in light of the fact that Plaintiff bases the requested extension on, *inter alia*, the delay between him placing papers in the mail and them appearing on the docket sheet. *See* Dkt. No. 67 at 1.

    As to the Motions, Plaintiff is seemingly seeking an order to ensure that he can publish certain news articles "as a bylined reporter without fear of reprisal." *See* Dkt. No. 69 at 1. However, as Defendants have repeatedly stated, Plaintiff's Motions relate to the conditions of his confinement (or anticipated conditions of his confinement) at his current place of incarceration—the Federal Correctional Institution in Terre Haute, Indiana ("FCI Terre Haute"). *See* Dkt. No. 68 at 4 ("Despite the above events, the FCI Terre Haute legal department, and specifically Ms. Katherine Siereveld, continue to enforce the byline restriction."). These Motions have nothing whatsoever to do with his complaint in this action, which focuses on the conditions of his confinement while housed at the Metropolitan Correctional Center ("MCC") between November of 2016 and February of 2017.

As discussed in Defendants' prior letters, *see* Dkt. Nos. 27, 36, 44, because Plaintiff is complaining of conditions (or feared, anticipated conditions) related to his confinement, these Motions are properly construed as applications pursuant to 28 U.S.C. § 2241. *See Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (a motion pursuant to § 2241 generally challenges the execution of a federal inmate's sentence, including such matters as the administration of parole, computation of an inmate's sentence by prison officials, prison disciplinary actions, type of detention, prison transfers, and prison conditions); *Jabarah v. Garcia*, No. 08-cv-3592 (DC), 2010 WL 3834663, at *4 (S.D.N.Y. Sept. 30, 2010) ("Because [petitioner] is challenging the conditions of his confinement, his claim for injunctive relief must be construed as a claim for relief under 28 U.S.C. § 2241.").

"Federal district courts may grant writs of habeas corpus only 'within their respective jurisdictions.'" *Salcedo v. Decker*, No. 18-cv-8801 (RA), 2019 WL 339642, at *1 (S.D.N.Y. Jan. 28, 2019) (quoting 28 U.S.C. § 2241(a)). In the *habeas corpus* context, jurisdiction "depends on the location of the proper respondent—'the person having custody of the person detained.'" *Id.* (quoting 28 U.S.C. § 2243). As held by the Supreme Court in *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004), the proper respondent is the warden of the facility where the prisoner is being held. *See Allen v. Lindsay*, No. 09-cv-1283 (KAM), 2010 WL 5067907, at *2 (E.D.N.Y. Dec. 7, 2010) ("The proper venue for a Section 2241 habeas petition challenging conditions of confinement is the district where the petitioner is confined.") (collecting cases); *Jabarah*, 2010 WL 3834663, at *4 ("The proper venue to bring a § 2241 challenge is the district of confinement.").

Here, this Court could not grant the relief Plaintiff seeks because the warden of FCI Terre Haute is not located in the Southern District of New York.[1]

Accordingly, to the extent Plaintiff believes an emergency motion is warranted to preemptively protect his ability to publish news articles (a right he does not clearly articulate has actually been infringed to date), then the proper forum to raise that is in his district of incarceration. Alternatively, to the extent these anticipated actions related to his news articles ever come to fruition, then Plaintiff could seek redress at that time.

Accordingly, Defendants respectfully submit that the Court lacks jurisdiction to consider these Motions and the relief requested therein should be denied. However, Defendants do not object to Plaintiff's request for an extension of his time to oppose Defendants' motion to dismiss.

---

[1] If Plaintiff's Motions were not construed as petitions pursuant to Section 2241, venue would nonetheless be improper given the events subject to these motions have occurred (or potentially would occur) in a district that is not the Southern District of New York.

                Sincerely,

                GEOFFREY S. BERMAN
                United States Attorney of the
                Southern District of New York

           By: /s/ Alexander J. Hogan
              ALEXANDER J. HOGAN
              Assistant United States Attorney
              86 Chambers Street, Third Floor
              New York, New York 10007
              Tel.: (212) 637-2799
              Fax: (212) 637-2686
              E-mail: alexander.hogan@usdoj.gov

cc: Martin Gottesfeld, Register Number 12982-104
   FCI Terre Haute
   Federal Correctional Institution
   P.O. Box 33
   Terre Haute, IN  47808