UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| Martin S. Gottesfeld, pro se,<br>Plaintiff<br>- against -<br>Hugh J. Hurwitz, et al. |

Civil No.: 18-cv-10836-PGG

## PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION

Plaintiff Martin S. Gottesfeld (herein "plaintiff"), acting pro se, hereby replies to the defendants' opposition found at docket entry (D.E.) 70 to his motions for a temporary restraining order found at D.E. 68 and a declaratory judgment found at D.E. 69.

The plaintiff notes that he just received the defendants' opposition for the first time yesterday. Please see Exhibit 1 hereto, Affidavit of Martin Gottesfeld, and Exhibit 2 hereto, photocopy of the envelope bearing the defendants' opposition and enlargement of marking on that envelope indicating that it arrived in the FCI Terre Haute mailroom on Tuesday, August 20th, 2019.

The relief sought by the plaintiff in the instant motions is intimately and obviously related to the relief sought in the instant case. The plaintiff explicitly alleged a conspiracy designed to deprive him of his 1st Amendment rights, please see D.E. 2 (the complaint) at 12 ¶22. The plaintiff explicitly alleged that this conspiracy aimed to retaliate against him for his use of protected speach, please see D.E. 2 at 5 ¶1, at 6 ¶¶ 5-8, and at 10 ¶¶ 17-21. The plaintiff, moreover, explicitly alleged that the conspirators (agents of the defendants) in fact interfered with his publication of specific news articles, including an open letter to then--President-Elect Donald Trump regarding the possible closure of MCC, please see D.E. 2 at 11 ¶21 and at 10 ¶¶ 18-20.

The plaintiff further notes that at the time of his filing of the instant case, §2241 relief would've been inappropriate as he was not in the physical custody of the Federal Bureau of Prisons (FBOP). The plaintiff's choice of

- Page 1 of 4 -

venue and causes of action were appropriate at the time of his filing of the instant case and the defendants then moved him through no choice or control of his own. The Court thus maintained its jurisdiction over all matters in the instant case, including the continuing bad acts of the defendants and their coconspirators. Please see Curtis v. Billingsley, 2017 U.S. Dist. LEXIS 43481 at 9 ("A. JURISDICTION") (S.D. NY 16-cv-2558 March 24th, 2017) and Dixon v. Terrell, 2011 U.S. Dist. LEXIS 111564, 2011 WL 4543712 (E.D. NY 10-cv-5262 September 29, 2011), each quoting Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004). The plaintiff remained under custody of the defendants, see Ex parte Endo, 89 L.Ed. 243, 246 (1944), and thus no transfer can defeat the Court's jurisdiction. To hold otherwise is to invite the defendants to continue using their positions of authority to interfere and needlessly complicate any litigation filed against them by inmates in their custody at a cost to judicial economy in district courts across the nation. If the plaintiff were to file a duplicative cause of action in another district court repeating the same explicit allegations arising from the same conspiracy of the same defendants, then how long would it be until they again transfer the plaintiff and claim that the subsequent district court no longer has jurisdiction? The plaintiff notes that since February 2019 he has been transferred across no fewer than four (4) U.S. court districts, often having insufficient time to begin pursuing relief through litigation.

Neither should the plaintiff be deprived of relief due to the defendants' misconstrual of the instant case and the instant motions. The pro-se plaintiff isn't required to elect one remedy to the exclusion of others. Please see Thompson v. Choinski, 525 F.3d 205, 209-10 (2d Cir. 2007). Allowing the defendants to force reconstrual of the instant complaint under §2241 by their transfer of the plaintiff after his filing of the instant case is especially unfair and inappropriate in light of the fact that the plaintiff explicitly

sought an order for prospective injunctive relief in the instant complaint prior to his transfer back into FBOP custody in D.E. 2 at 14 §VI, "RELIEF[:] State briefly what money damages or other relief you want the court to order. 1. That this shouldn't happen to anyone else in the FBOP ever again... 3. Such other damages/relief as the court deems just and proper, especially to ensure... that the FBOP... adhere[s]... to the 1st, 5th, 6th, and 8th Amendments of the U.S. Constitution..." (emphasis added).

Construal under §2241 is especially inappropriate in the instant matters as 1st Amendment rights of those well outside the prison walls are clearly and explicitly invoked. Please see D.E. 68 and D.E. 69.

The plaintiff, his family and other associates, his publishers, and the public are entitled to relief under 5 U.S.C. §§ 702-706, 42 U.S.C. §§ 1985(3) and 1986, 28 U.S.C. §§ 2201-2202, and the 1st Amendment.

Should the Court have any lingering questions prior to granting the relief requested, the plaintiff requests a hearing.

Respectfully mailed on Thursday, August 22nd, 2019 (and filed thereupon pursuant to Houston v. Lack, 487 U.S. 266 (1988)) in an envelope bearing sufficient pre-paid first-class U.S. postage affixed and U.S. Postal Service tracking number 9114 9023 0722 4293 0884 66, handed to Ms. J. Wheeler of the FCI Terre Haute CMU unit team in her official capacity as an agent for the defendants,

Martin S. Gottesfeld, pro se
Reg. No.: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

## CERTIFICATE OF SERVICE

I, Martin Gottesfeld, hereby certify that on Thursday, August 22nd, 2019, I mailed a copy of the foregoing document to counsel for the defendants in the above-captioned case by handing such copy in an envelope bearing sufficient pre-paid first-class U.S. postage affixed to Ms. J. Wheeler of the FCI Terre Haute CMU unit team for mailing in her official capacity as an agent for the defendants.

Martin S. Gottesfeld, pro se

- Page 4 of 4 -

Exhibit 1

## Affidavit of Martin S. Gottesfeld:

I, Martin S. Gottesfeld, do hereby affirm that the following is true and accurate to the best of my knowledge, information, and belief on this 22nd day of August, 2019, and I declare the following is true and correct pursuant to 28 U.S.C. §1746:

1. My name is Martin S. Gottesfeld and I am the sole plaintiff in the case 18-cv-10836-PGG currently pending before The U.S. District Court for The Southern District of New York (hereafter "the case").

2. I received the defendants' opposition to my most-recent motion for a temporary restraining order and motion for a declaratory judgment (docket entry 70 in the case) for the first time yesterday, Wednesday, August 21st, 2019, and such delays have been normal for correspondence both to and from me in the case despite my concerted efforts to preclude such delays.

3. Today's mail call is the first opportunity for me to post a reply to the defendants' opposition for mailing to the court.

4. I am mailing my reply to the defendants' opposition in an envelope bearing sufficient pre-paid first-class U.S. postage affixed and U.S. Postal Service tracking number 9114 9023 0722 4293 0884 66, handed to Ms. J. Wheeler of the FCI Terre Haute CMU unit team for mailing to the court in her official capacity as an agent for the defendants in the case, today August 22nd, 2019.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on Thursday, August 22nd, 2019.

Martin S. Gottesfeld

- Page 1 of 1 -

Exhibit 2

**U.S. Department of Justice**
United States Attorneys Office
*Southern District of New York*

86 Chambers Street
New York, NY 10007-1825

Official Business

NEW YORK
NY 100
14 AUG '19
PM 13 L

FIRST CLASS

US OFFICIAL MAIL >> PENALTY FOR PRIVATE USE $300

PITNEY BOWES

ZIP 10007
02 4W          $ 000.50⁰
0001131753 AUG 14 2019

Rec'd opened W 2019-08-24

Martin Gottesfeld
Register No.: 12982-104
FCI Terre Haute
P.O. Box 33
Terre Haute, IN 47808

47808-003333

082000011

0820mil

:tesfeld
:82-104
ctional Institution

IN 47808

STATES
ERVICE.

TRACKING #

0722 4293 0884 66



◇12982-104◇
U S District Court
Pro Se Clerk
500 Pearl ST
NEW YORK, NY 10007
United States



Thursday, August 22nd, 2019, *Houston v. Lack*, 487 U.S. 266 (1988)

