UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| Martin S. Gottesfeld, pro se, Plaintiff - against - Hugh J. Hurwitz, et al., Defendants | Case No.: 18-cv-10836-PGG-GWG |
|---|---|

## PLAINTIFF'S MOTION FOR AN ORDER REQUIRIRING DEFENDANTS TO SHOW CAUSE AS TO CONFORMITY WITH 5 U.S.C. §§ 517 AND 535(b), AND 28 C.F.R. §§ 50.15 AND 50.16

Plaintiff Martin S. Gottesfeld (herein "plaintiff"), acting pro se, hereby moves The Honorable Court to issue an order requiring the instant defendants to show cause as to their conformity with 5 U.S.C. §§ 517 and 535(b), and 28 C.F.R. §§ 50.15 and 50.16 (herewith provided as Exhibit 1 hereto). The plaintiff notes that the representation of the instant defendants by their current government attorney is subject to federal law and regulations, and "at least can be reviewed to determine whether the agency exceeded its statutory powers," Hall v. Clinton, 285 F.3d 74, 79 (D.C. Cir. 2002) (citing Heckler v. Chaney, 470 U.S. 821, 832 (1985), internal quotation omitted). Please see also 5 U.S.C. § 706(2)(A), quoted Id.

The plaintiff notes 18 U.S.C. §§ 241, 245(b)(1)(B), and 245(b)(4), and the defendants' admissions pursuant to Fed. R. Civ. P. 26 and Fed. R. Civ. P. 36, filed simultaneously in the plaintiff's CLAIM FOR MANDATORY JUDICIAL NOTICE, BY AFFIDAVIT, F. R. EV. 201(c)(2), specifically admissions 23-29 and 1-21 (inclusive), as they implicate the obligations of defendants' counsel under 28 U.S.C. § 535(b) and the interests of The United States (or lack thereof) under 5 U.S.C. § 517. The aforementioned are also relevant under 28 C.F.R. §§ 50.15(a)(2), 50.15(a)(5), 50.15(b)(1), 50.15(b)(2), 50.16(c)(2)(i), 50.16(c)(2)(ii), 50.16(c)(2)(iii), 50.16(c)(2)(iv), 50.15(4), and 50.15(a)(8)(v).

The plaintiff further notes <u>In re Lindsay</u>, 148 F.3d 1100, 1108 (D.C. Cir. 1998):

> Unlike a private practitioner, the loyalties of a government lawyer therefore cannot and must not lie solely with his or her client agency. The oath's significance is underscored by other evocations of the ethical duties of government lawyers. The Professional Ethics Committee of the Federal Bar Association has described the public trust of the federally employed lawyer as follows:
>> The government, over-all and in each of its parts, is responsible to the people in our democracy with its representative form of government. Each part of the government has the obligation of carrying out, in the public interest, its assigned responsibility in a manner consistent with the Constitution, and the applicable laws and regulations. In contrast, the private practitioner represents the client's personal or private interest... We do not suggest, however, that the public is the client as the client concept is usually understood. It is to say that the lawyer's employment requires him to observe in the performance of his professional responsibility the public interest sought to be served by the governmental organization of which he is a part. Federal Bar Association Ethics Committee, The Government Client and <u>Confidentiality: Opinion 73-1</u>, 32 FED. B.J. 71, 72 (1973).
>
> Indeed, before an attorney in the Justice Department can step into the shoes of private counsel to represent a federal employee sued in his or her individual capacity, the Attorney General must determine whether the representation would be in the interest of the United States. <u>See</u> 28 C.F.R. § 50.15(a). The obligation of a government lawyer to uphold the public trust reposed in him or her strongly militates against allowing the client agency to invoke a privilege to prevent the lawyer from providing evidence of the possible commission of criminal offenses within the government. As Judge Weinstein put it, "if there is wrongdoing in government, it must be exposed... [The government lawyer's] duty to the people, the law, and his own conscience requires disclosure..." Jack B. Weinstein, <u>Some Ethical and Political Problems of a Government Attorney</u>, 18 MAINE L. REV. 155, 160 (1966).
>
> This view of the proper allegiance of the government lawyer is complemented by the public's interest in uncovering illegality among its elected and appointed officials. While the President's constitutionally established role as superintendent of law enforcement provides one protection against wrongdoing by federal government officials, <u>see United States v. Valenzuela-Bernal</u>, 458 U.S. 858, 863, 73 L. Ed. 2d 1193, 102 S. Ct. 3440 (1982), another protection of the public interest is through having transparent and accountable government. As James Madison observed,
>> [a] popular Government, without popular information, or the means of acquiring it, is but a Prologue to a Farce or a Tragedy; or, perhaps both. Knowledge will forever govern ignorance: And a people who mean to be their own Governors, must arm themselves with the power which knowledge gives. Letter from James Madison to W.T. Barry (Aug. 4, 1822), <u>in</u> 9 THE WRITINGS OF JAMES MADISON 103 (Gaillard Hunt ed., 1910).
>
> This court has accordingly recognized that "openness in government has always been thought crucial to ensuring that the people remain in control of their government." <u>In re Sealed Case (Espy)</u>, 121 F.3d at 749. Privileges work against these interests because their recognition "creates the risk

that a broad array of materials in many areas of the executive branch will become 'sequestered' from public view." Id. (quoting <u>Wolfe v. Department of Health & Human Servs.</u>, 259 U.S. App. D.C. 326, 815 F.2d 1527, 1533 (D.C. Cir. 1987)). Furthermore, "to allow any part of the federal government to use its in-house attorneys as a shield against the production of information relevant to a federal criminal investigation would represent a gross misuse of public assets." <u>In re Grand Jury Subpoena Duces Tecum</u>, 112 F.3d 910, 921 (8th Cir.), <u>cert. denied</u>, 117 S. Ct. 2482 (1997).

In light of the above, the plaintiff respectfully moves The Honorable Court to order the defendants to show cause as to their conformity with the aforementioned statutes and federal regulations, and for the court to grant the plaintiff a sufficient period of time given his designation to a CMU where his litigation-related mail regularly encounters weeks-long delays in order for him to move for leave to file a reply to any opposition the defendants may file to this motion.

Respectfully mailed and filed pursuant to the prison-mailbox rule of <u>Houston v. Lack</u>, 487 U.S. 266 (1988) on Monday, November 18th, 2019, in an envelope bearing sufficient affixed pre-paid U.S. Priority Mail® postage and U.S. Postal Service tracking number 9114 9023 0722 4291 7452 31, handed at the next opportunity to Ms. J. Wheeler of the FCI Terre Haute CMU unit team, acting in her official capacity as an agent of the defendants,

by: /s/ _____
Martin S. Gottesfeld, pro se
Reg. No.: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

## CERTIFICATE OF SERVICE

    I, Martin S. Gottesfeld, pro se, certify that on Monday, November 18th, 2019, I mailed a copy of the foregoing document to counsel for the defendants in the above-captioned case by handing said copy in an envelope bearing sufficient affixed first-class pre-paid U.S. postage to Ms. J. Wheeler of the FCI Terre Haute CMU unit team for mailing in her official capacity as an agent of the defendants,

by: _____
      Martin S. Gottesfeld, pro se

### § 50.15 Representation of Federal officials and employees by Department of Justice attorneys or by private counsel furnished by the Department in civil, criminal, and congressional proceedings in which Federal employees are sued, subpoenaed, or charged in their individual capacities.

(a) Under the procedures set forth below, a federal employee (hereby defined to include present and former Federal officials and employees) may be provided representation in civil, criminal and Congressional proceedings in which he is sued, subpoenaed, or charged in his individual capacity, not covered by § 15.1 of this chapter, when the actions for which representation is requested reasonably appear to have been performed within the scope of the employee's employment and the Attorney General or his designee determines that providing representation would otherwise be in the interest of the United States. No special form of request for representation is required when it is clear from the proceedings in a case that the employee is being sued solely in his official capacity and only equitable relief is sought. (See USAM 4-13.000)

(1) When an employee believes he is entitled to representation by the Department of Justice in a proceeding, he must submit forthwith a written request for that representation, together with all process and pleadings served upon him, to his immediate supervisor or whomever is designated by the head of his department or agency. Unless the employee's employing federal agency concludes that representation is clearly unwarranted, it shall submit, in a timely manner, to the Civil Division or other appropriate litigating division (Antitrust, Civil Rights, Criminal, Land and Natural Resources or the Tax Division), a statement containing its findings as to whether the employee was acting within the scope of his employment and its recommendation for or against providing representation. The statement should be accompanied by all available factual information. In emergency situations the litigating division may initiate conditional representation after a telephone request from the appropriate official of the employing agency. In such cases, the written request and appropriate documentation must be subsequently provided.

(2) Upon receipt of the individual's request for counsel, the litigating division shall determine whether the employee's actions reasonably appear to have been performed within the scope of his employment and whether providing representation would be in the interest of the United States. In circumstances where considerations of professional ethics prohibit direct review of the facts by attorneys of the litigating division (e.g. because of the possible existence of inter-defendant conflicts) the litigating division may delegate the fact-finding aspects of this function to other components of the Department or to a private attorney at federal expenses.

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(3) Attorneys employed by any component of the Department of Justice who participate in any process utilized for the purpose of determining whether the Department should provide representation to a federal employee, undertake a full and traditional attorney-client relationship with the employee with respect to application of the attorney-client privilege. If representation is authorized, Justice Department attorneys who represent an employee under this section also undertake a full and traditional attorney-client relationship with the employee with respect to the attorney-client privilege. Any adverse information communicated by the client-employee to an attorney during the course of such attorney-client relationship shall not be disclosed to anyone, either inside or outside the Department, other than attorneys responsible for representation of the employee, unless such disclosure is authorized by the employee. Such adverse information shall continue to be fully protected whether or not representation is provided, and even though representation may be denied or discontinued. The extent, if any, to which attorneys employed by an agency other than the Department of Justice undertake a full and traditional attorney-client relationship with the employee with respect to the attorney-client privilege, either for purposes of determining whether representation should be provided or to assist Justice Department attorneys in representing the employee, shall be determined by the agency employing the attorneys.

(4) Representation generally is not available in federal criminal proceedings. Representation may be provided to a federal employee in connection with a federal criminal proceeding only where the Attorney General or his designee determines that representation is in the interest of the United States and subject to applicable limitations of § 50.16. In determining whether representation in a federal criminal proceeding is in the interest of the United States, the Attorney General or his designee shall consider, among other factors, the relevance of any non-prosecutorial interests of the United States, the importance of the interests implicated, the Department's ability to protect those interests through other means, and the likelihood of a conflict of interest between the Department's prosecutorial and representational responsibilities. If representation is authorized, the Attorney General or his designee also may determine whether representation by Department attorneys, retention of private counsel at federal expense, or reimbursement to the employee of private counsel fees is most appropriate under the circumstances.

(5) Where representation is sought for proceedings other than federal criminal proceedings, but there appears to exist the possibility of a federal criminal investigation or indictment relating to the same subject matter, the litigating division shall contact a designated official in the Criminal, Civil Rights or Tax Division or other prosecutive authority within the Department (hereinafter "prosecuting division") to determine whether the employee is either a subject of a federal criminal investigation or a defendant in a federal criminal case. An employee is the subject of an investigation if, in addition to being circumstantially implicated by having the appropriate responsibilities at the appropriate time, there is some evidence of his specific participation in a crime.

CFR                                                        2

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(6) If a prosecuting division of the Department indicates that the employee is not the subject of a criminal investigation concerning the act or acts for which he seeks representation, then representation may be provided if otherwise permissible under the provisions of this section. Similarly, if the prosecuting division indicates that there is an ongoing investigation, but into a matter unrelated to that for which representation has been requested, then representation may be provided.

(7) If the prosecuting division indicates that the employee is the subject of a federal criminal investigation concerning the act or acts for which he seeks representation, the litigating division shall inform the employee that no representation by Justice Department attorneys will be provided in that federal criminal proceeding or in any related civil, congressional, or state criminal proceeding. In such a case, however, the litigating division, in its discretion, may provide a private attorney to the employee at federal expense under the procedures of § 50.16, or provide reimbursement to employees for private attorney fees incurred in connection with such related civil, congressional, or state criminal proceeding, provided no decision has been made to seek an indictment or file an information against the employee.

(8) In any case where it is determined that Department of Justice attorneys will represent a federal employee, the employee must be notified of his right to retain private counsel at his own expense. If he elects representation by Department of Justice attorneys, the employee and his agency shall be promptly informed:

(i) That in actions where the United States, any agency, or any officer thereof in his official capacity is also named as a defendant, the Department of Justice is required by law to represent the United States and/or such agency or officer and will assert all appropriate legal positions and defenses on behalf of such agency, officer and/or the United States;

(ii) That the Department of Justice will not assert any legal position or defense on behalf of any employee sued in his individual capacity which is deemed not to be in the interest of the United States;

(iii) Where appropriate, that neither the Department of Justice nor any agency of the U.S. Government is obligated to pay or to indemnify the defendant employee for any judgment for money damages which may be rendered against such employee; but that, where authorized, the employee may apply for such indemnification from his employing agency upon the entry of an adverse verdict, judgment, or other monetary award;

(iv) That any appeal by Department of Justice attorneys from an adverse ruling or judgment

CFR                                                                 3

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

against the employee may only be taken upon the discretionary approval of the Solicitor General, but the employee-defendant may pursue an appeal at his own expense whenever the Solicitor General declines to authorize an appeal and private counsel is not provided at federal expense under the procedures of § 50.16; and

(v) That while no conflict appears to exist at the time representation is tendered which would preclude making all arguments necessary to the adequate defense of the employee, if such conflict should arise in the future the employee will be promptly advised and steps will be taken to resolve the conflict as indicated by paragraph (a) (6), (9) and (10) of this section, and by § 50.16.

(9) If a determination not to provide representation is made, the litigating division shall inform the agency and/or the employee of the determination.

(10) If conflicts exist between the legal and factual positions of various employees in the same case which make it inappropriate for a single attorney to represent them all, the employees may be separated into as many compatible groups as is necessary to resolve the conflict problem and each group may be provided with separate representation. Circumstances may make it advisable that private representation be provided to all conflicting groups and that direct Justice Department representation be withheld so as not to prejudice particular defendants. In such situations, the procedures of § 50.16 will apply.

(11) Whenever the Solicitor General declines to authorize further appellate review or the Department attorney assigned to represent an employee becomes aware that the representation of the employee could involve the assertion of a position that conflicts with the interests of the United States, the attorney shall fully advise the employee of the decision not to appeal or the nature, extent, and potential consequences of the conflict. The attorney shall also determine, after consultation with his supervisor (and, if appropriate, with the litigating division) whether the assertion of the position or appellate review is necessary to the adequate representation of the employee and

(i) If it is determined that the assertion of the position or appeal is not necessary to the adequate representation of the employee, and if the employee knowingly agrees to forego appeal or to waive the assertion of that position, governmental representation may be provided or continued; or

(ii) If the employee does not consent to forego appeal or waive the assertion of the position, or if it is determined that an appeal or assertion of the position is necessary to the adequate representation of the employee, a Justice Department lawyer may not provide or continue to provide the representation; and

CFR  4

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

(iii) In appropriate cases arising under paragraph (a)(10)(ii) of this section, a private attorney may be provided at federal expense under the procedures of § 50.16.

(12) Once undertaken, representation of a federal employee under this subsection will continue until either all appropriate proceedings, including applicable appellate procedures approved by the Solicitor General, have ended, or until any of the bases for declining or withdrawing from representation set forth in this section is found to exist, including without limitation the basis that representation is not in the interest of the United States. If representation is discontinued for any reason, the representing Department attorney on the case will seek to withdraw but will take all reasonable steps to avoid prejudice to the employee.

(b) Representation is not available to a federal employee whenever:

(1) The conduct with regard to which the employee desires representation does not reasonably appear to have been performed within the scope of his employment with the federal government;

(2) It is otherwise determined by the Department that it is not in the interest of the United States to provide representation to the employee.

(c)(1) The Department of Justice may indemnify the defendant Department of Justice employee for any verdict, judgment, or other monetary award which is rendered against such employee, provided that the conduct giving rise to the verdict, judgment, or award was taken within the scope of employment and that such indemnification is in the interest of the United States, as determined by the Attorney General or his designee.

(2) The Department of Justice may settle or compromise a personal damages claim against a Department of Justice employee by the payment of available funds, at any time, provided the alleged conduct giving rise to the personal damages claim was taken within the scope of employment and that such settlement or compromise is in the interest of the United States, as determined by the Attorney General or his designee.

(3) Absent exceptional circumstances as determined by the Attorney General or his designee, the Department will not entertain a request either to agree to indemnify or to settle a personal damages claim before entry of an adverse verdict, judgment, or award.

(4) The Department of Justice employee may request indemnification to satisfy a verdict, judgment, or award entered against the employee. The employee shall submit a written request, with appropriate documentation including copies of the verdict, judgment, award, or settlement

CFR                                                         5

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

proposal if on appeal, to the head of his employing component, who shall thereupon submit to the appropriate Assistant Attorney General, in a timely manner, a recommended disposition of the request. Where appropriate, the Assistant Attorney General shall seek the views of the U.S. Attorney; in all such cases the Civil Division shall be consulted. The Assistant Attorney General shall forward the request, the employing component's recommendation, and the Assistant Attorney General's recommendation to the Attorney General for decision.

(5) Any payment under this section either to indemnify a Department of Justice employee or to settle a personal damages claim shall be contingent upon the availability of appropriated funds of the employing component of the Department of Justice.

[Order No. 970-82, 47 FR 8172, Feb. 25, 1982, as amended at Order No. 1139-86, 51 FR 27022, July 29, 1986; Order No. 1409-90, 55 FR 13130, Apr. 9, 1990]

### § 50.16 Representation of Federal employees by private counsel at Federal expense.

(a) Representation by private counsel at federal expense or reimbursement of private counsel fees is subject to the availability of funds and may be provided to a federal employee only in the instances described in § 50.15(a) (4), (7), (10), and (11), and in appropriate circumstances, for the purposes set forth in § 50.15(a)(2).

(b) To ensure uniformity in retention and reimbursement procedures among the litigating divisions, the Civil Division shall be responsible for establishing procedures for the retention of private counsel and the reimbursement to an employee of private counsel fees, including the setting of fee schedules. In all instances where a litigating division decides to retain private counsel or to provide reimbursement of private counsel fees under this section, the Civil Division shall be consulted before the retention or reimbursement is undertaken.

(c) Where private counsel is provided, the following procedures shall apply:

(1) While the Department of Justice will generally defer to the employee's choice of counsel, the Department must approve in advance any private counsel to be retained under this section. Where national security interests may be involved, the Department of Justice will consult with the agency

CFR 6

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

employing the federal defendant seeking representation.

(2) Federal payments to private counsel for an employee will cease if the private counsel violates any of the terms of the retention agreement or the Department of Justice.

(i) Decides to seek an indictment of, or to file an information against, that employee on a federal criminal charge relating to the conduct concerning which representation was undertaken;

(ii) Determines that the employee's actions do not reasonably appear to have been performed within the scope of his employment;

(iii) Resolves any conflict described herein and tenders representation by Department of Justice attorneys;

(iv) Determines that continued representation is not in the interest of the United States;

(v) Terminates the retainer with the concurrence of the employee-client for any reason.

(d) Where reimbursement is provided for private counsel fees incurred by employees, the following limitations shall apply:

(1) Reimbursement shall be limited to fees incurred for legal work that is determined to be in the interest of the United States. Reimbursement is not available for legal work that advances only the individual interests of the employee.

(2) Reimbursement shall not be provided if at any time the Attorney General or his designee determines that the employee's actions do not reasonably appear to have been performed within the scope of his employment or that representation is no longer in the interest of the United States.

(3) Reimbursement shall not be provided for fees incurred during any period of time for which representation by Department of Justice attorneys was tendered.

(4) Reimbursement shall not be provided if the United States decides to seek an indictment of or to file an information against the employee seeking reimbursement, on a criminal charge relating to the conduct concerning which representation was undertaken.

[Order No. 970-82, 47 FR 8174, Feb. 25, 1982, as amended by Order No. 1409-90, 55 FR 13130, Apr. 9, 1990]

© 2019 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.