Martin S Gottesfeld<br>
Reg. No.: 12982-104<br>
Federal Correctional Institution<br>
P.O. Box 33<br>
Terre Haute, IN 47808

The Honorable Paul G. Gardephe
U.S. District Court Judge
500 Pearl St.
New York, NY 10007

Monday, November 18th, 2019

In re: <u>Gottesfeld v. Hurwitz, et al., 18-cv-10836-PGG-GWG</u>

Dear Judge Gardephe:

    I hope that my letter finds Your Honor well.

    I write to clarify a few matters.

    In my reply to the defendants' opposition to my motion for an extension of time in which to file my opposition to docket entry 51-52, I mentioned that the weeks-long failure of agents of the defendants to delivery commissary supplies delayed the filing of my opposition to the defendants' motion to dismiss, and that the reasons why I needed those supplies would be obvious upon the appearance of that filing. I wrote that my ability to file some things should not be misconstrued to signify that I had the ability to file all things.

    Given the length of my opposition and the number of exhibits, it is now clear why I could file shorter items but not my opposition. In particular, I needed copy cards in order to retain a copy for myself, mail a copy to The Court, and also serve process of my filings upon defendants' counsel. These copy cards only recently started being delivered again by agents of the defendants.

    Typewriter ribbon was another concern. There was simply no way with the supplies that I had for me to use a typewriter to prepare the entire filing. Handwriting it would have delayed its filing further and added difficulties for all parties and The Court.

    As Your Honor can see, I adapted to the situation as best I could by using TRULINCS to prepare and print much of my memorandum in support of my opposition. But lest more misinformation be strewn about, please let me note some realities about my use of TRULINCS in the preparation of my memo. In the absence of commissary and typewriter ribbons, it cost me 5¢ per minute to type my memo on TRULINCS. Thankfully, I type approximately 120 words per minute, or upwards of 180 on an open stretch.

    It then cost me 15¢ per page to print from TRULINCS. In comparison, typewriter paper is free. All in all, I spent about my normal amount of money per week, as if I had been able to purchase not just typing supplies, but all other supplies as well, for the past 3 weeks, adapting and preparing my memo.

    I also want to mention that there is no copy and paste functionality in TRULINCS and that individual documents are limited to 13,000 characters. This meant that moving large blocks of text around required a lot of manual work, at 5¢ per minute and 15¢ per page. This made up the bulk of the extra expense and more than eliminated any benefit I might otherwise have derived in terms of efficiency by using TRULINCS.

    Then, since I cannot underline or otherwise emphasize text in TRULINCS, I had to take manual passes through the printed documents with a straight edge and a black pen. I've been up past 3:00 A.M. for the last 3 or 4 consecutive

nights attending to this otherwise-unnecessary chore. It was more work than I initially estimated because normally, when copying from case law, I can do the copy and the emphasis in 1 pass while looking at the case law for the first time. Since this method requries a two-pass method, I had to go back in and look up cases multiple times so that I could take emphasis from the original. I also ended up printing more case law than I otherwise would have printed, at a cost of 15¢ per page.

I'm sure that I'm neglecting to mention other difficulties brought about by this process. The above, however, is hopefully enough for Your Honor to see despite what some others may wish to for Your Honor to believe, that using TRULINCS as opposed to a typewriter to prepare my memorandum was no picnic. Should Your Honor have any questions, I remain at Your Honor's disposal.

Finally, I'd like to note that there is a difference between having theoretical access to a system like TRULINCS, i.e. being able to use it to prepare documents, versus actually being able to communicate with others via the system. I know that there are those who would try to conflate the two if I were not to explicitly enumerate the following details.

I dare not use TRULINCS for social communications because the FCI Terre Haute legal department, through its representative Ms. Katherine Siereveld, continually refuses to provide a list of written communications rules for the CMU. I have asked on many occasions for such a list, and I am awaiting what I can only assume will be a disingenuous response to a BP-11 on this issue. At the same time that Ms. Siereveld refuses to provide a list of such rules--and indeed tries to dictate what I can and cannot say to The Senate Minority Leader and other elected legislators in a co-equal branch of government, The First Amendment literally notwithstanding--Ms. Siereveld and the FCI legal department flout Due Process and enforce whatever retaliatory restrictions they arbitrarily and capriciously desire at any given moment to punish CMU inmates <u>ex post facto</u> for so-called violations of previously-unknown and always-unwritten communications rules.

Then, Disciplinary Hearing Officer Jason Bradley falsifies records in order to cover his tracks. Recently, career CO S. Harvey noted the falsification of just such a record by Mr. Bradley and Mr. Bradley then retaliated against Officer Harvey for having the courage to stand up for the integrity of the record. Officer Harvey's bravery is commendable--and all too rare--in the FBOP. Despite Officer Harvey's efforts to set the record straight in that case, the record remains falsified because the FBOP regional director, a former warden here, chooses to cover for Bradley and Siereveld.

Under such circumstances, I'm sure that Your Honor will see that my use of the TRULINCS system to prepare a memo should not be conflated with any ability to use the system to communicate socially outside the prison walls. Again, should Your Honor be left with any questions, I remain at Your Honor's disposal.

    Regards,

    *[signature]*

    Martin S. Gottesfeld, pro se
    • Sr. Systems Engineer    • Rolling-Stone--featured human-rights advocate

CC: Counsel for the defendants