UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

MARTIN S. GOTTESFELD,
      Plaintiff,

    v.

HUGH J. HURWITZ, ET AL.,
      Defendants.

Case No.: 18-cv-10836-PGG-GWG

CLAIM FOR MANDATORY JUDICIAL
NOTICE, BY AFFIDAVIT, F. R. EV.
201(c)(2)

AFFIRMATION AND VERIFICATION,
28 USCS § 1746(1)

STATE OF NEW YORK      :

      : Affirmed and signed.

NEW YORK COUNTY      :

COMES NOW, the plaintiff herein, being of majority age, good moral character, and competent to testify, with yes as yes and no as no, and in filing this Claim with this Honorable Court, does state the following, to wit:

## RELIEF SOUGHT

1. The plaintiff herein, pursuant to the mandatory provisions embodied in Federal Rule of Evidence ("F. R. EV.") 201(c)(2), hereby moves this Court to take mandatory judicial notice of the following facts:

    a) 4 individual codefendants, who have confessed to being parties in privity to the actions and omissions that gave rise to the instant proceedings, have provided conclusive judicial admissions pursuant to Federal Rule of Civil Procedure ("F. R. CIV. P.") 36(a)(3) and F. R. CIV. P. 36(b), which are true, correct, certain, and complete, and speak to the facts of the matter involved herein, and

    b) this witness-provided evidence, forthcoming from these 4 parties in privity, is both relevant and pertinent to these instant proceedings, in accordance with F. R. EV. 401, F. R. EV. 801(d), and F. R. EV. 901 et seq., and serves to validate, authenticate, and confirm the actions and omissions of the 4 codefendants and their parties in privity, which are the subject of the instant causes of action, and support the plaintiff's opposition to the defendants' motion to dismiss (D.E. 51).

JUDICIAL NOTICE MUST BE TAKEN BECAUSE:

2. F. R. EV. 201(c)(2) requires that this Court MUST take mandatory judicial notice of the facts that are not reasonably subject to dispute when requested to do so by a party who supplies this Court with the necessary information.

3. The fact that is the subject of this Claim, namely, these 4 codefendants' responses to requests for admissions, are being offered for the truth of the matter.

4. The following sources establish the truth of the facts, as delineated in the relief sought in ¶ 1 above, of which judicial notice MUST be taken at:

a) Exhibit 1 hereto, filed herewith, i.e. U.S. District Court for The Southern District of New York, case no.: 18-cv-10836-PGG-GWG, requests for admissions, hand-drawn substitute BP-8 forms, and certificates of service, comprising forty-four (44) pages plus one (1) cover page; and

b) Exhibit 2 hereto, filed herewith, i.e. U.S. District Court for The Southern District of New York, case no.: 18-cv-10836-PGG-GWG, notices of acceptance of responses to requests for admissions, comprising four (4) pages plus one (1) cover page.

CONCLUSION

5. With respect for the foregoing, the plaintiff hereby invokes this Court's mandatory non-discretionary duty to take due judicial notice of these herewith-provided documents for the purposes of validation, authentication, and confirmation of the express causes of action brought by the plaintiff in the instant case, as referenced in ¶ 1 above.

AFFIRMATION AND VERIFICATION

In accordance with 28 U.S.C.S. § 1746(1), under the pains and penalties of perjury, the plaintiff does hereby affirm and verify that the foregoing is all true, correct, certain, complete, and not misleading, i.e. the facts of

the matter, as done, signed, and presented this 18th day of ~~October~~ *November*, 2019.

*U.S. Postal Service tracking #9114902307224291 745231*

by: _____
Martin S. Gottesfeld, pro se
Reg. No.: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

*Houston v. Lack, 487 U.S. 266 (1988), sufficient affixed pre-paid Priority Mail Postage.*

## CERTIFICATE OF SERVICE

I, Martin S. Gottesfeld, hereby certify that on ~~October~~ *November* 18th, 2019, I

provided the foregoing documents to Ms. J. Wheeler of the FCI Terre Haute CMU

unit team, acting in her official capacity as an agent for the defendants in

the above-captioned case, for mailing to counsel for the aforementioned

defendants in an envelope bearing sufficient pre-paid first-class U.S. postage

affixed.

Signed,

by: _____
Martin S. Gottesfeld, pro se

Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ Martin S. Gottesfeld, pro se,        │
│           Plaintiff                  │
│         - against -                  │      Civil No.: 18-cv-10836-PGG
│     Hugh J. Hurwitz, et al.          │
└─────────────────────────────────────┘
```

## REQUEST FOR ADMISSIONS (FED. R. CIV. P. 36)

To: Hugh J. Hurwitz
    Acting Director - U.S. Federal Bureau of Prisons
    320 First St. NW
    Washington, D.C. 20534
    c/o The U.S. Attorneys Office for The Southern District of New York

    The plaintiff in the above-captioned case hereby requests that you admit, under oath and under penalty of perjury, to ALL of the following matters within thirty (30) days of this request for the purposes of the above-captioned proceeding as required by Fed. R. Civ. P. 36(a)(3) and Fed. R. Civ. P. 36(b). See also Houston v. Lack, 487 U.S. 266 (1988). This request is made pursuant to Fed. R. Civ. P. 3, Fed. R. Civ. P. 26(a)(1)(B)(iv), Fed. R. Civ. P. 26(a)(3), Fed. R. Civ. P. 26(d)(1), Fed. R. Civ. P. 26(f)(1), and Fed. R. Civ. P. 36, which establishes the exempt status of this proceeding.

    Your responses hereto, if any, shall and will be signed by you personally as so required by Fed. R. Civ. P. 26(g). Your responses shall and will be used as the plaintiff in the above-captioned case deems in his sole discretion necessary and proper in both the above-captioned case and any other legal proceeding, whether judicial or extrajudicial. If you choose to add to these affirmative admissions, or to supplement or to deny these affirmative admissions, you must do so within the thirty (30) days alloted by Fed. R. Civ. P. 36(a)(3). Otherwise, each and every matter set forth herein shall be automatically deemed to be admitted and stipulated-to by you and firmly established against you. Be so advised. You should attach additional pages hereto if more space is required for your response.

Request Number 1:
    Admit that the plaintiff was placed in the special housing unit (SHU) at Metropolitan Correctional Center (MCC) New York for the period of November 14th, 2016, through February 4th, 2017, inclusive; then the plaintiff was placed in the SHU at Metropolitan Detention Center (MDC) Brooklyn for the period of February 15th, 2019, through March 26th, 2019, inclusive; then the plaintiff was placed in the SHU at Federal Transfer Center (FTC) Oklahoma City for the period of March 26th, 2019, through April 1st, 2019, inclusive.
Response:

Request Number 2:
    Admit that in violation of 28 CFR §541.25(a) no administrative detention order has ever been given to the plaintiff regarding his placement in any SHU at any time by the Federal Bureau of Prisons (FBOP).
Response:

Request Number 3:

Admit that in violation of 28 CFR §541.25(a) no administrative detention order existed regarding the plaintiff's placement in a SHU by the FBOP during the time the plaintiff was held in such SHU by the FBOP.
Response:

Request Number 4:

Admit that in violation of 28 CFR §541.26(c) the plaintiff was never offered any opportunity to attend an administrative detention hearing regarding his placement in any SHU by the FBOP.
Response:

Request Number 5:

Admit that in violation of 28 CFR §541.26(c) no administrative detention hearing was ever held regarding the plaintiff's placement in any SHU by the FBOP.
Response:

Request Number 6:

Admit that the conditions of confinement in the SHU at MCC New York both while the plaintiff was held therein and continuing today would shock the conscience of a reasonable and objective outside observer and violate each and every one of the following: 28 CFR §§ 540.20(a), 541.31(a), 541.31(e), 541.31(f), 541.31(1), 541.32(a), 541.32(b), 541.33(a), and 551.4(c); FBOP Program Statement (PS) 5270.11 §§ 1(a), 4, 6, 7, 12, 13, and 14; FBOP PS 5321.08 §10; FBOP PS 5265.14 §§ 2, 6, 8, and 12; FBOP PS 5800.16 §3.16; the Due-Process Clause of the 5th Amendment; the Cruel-and-Unusual-Punishment Clause; and international law.
Response:

Request Number 7:

Admit that the conditions of confinement in the SHU at MDC Brooklyn both while the plaintiff was held therein and continuing today would shock the conscience of a reasonable and objective outside observer and violate each and every one of the following: 28 CFR §§ 541.31(a), 541.31(c), 541.31(f), 541.32(a), 541.32(b), 541.33(a), and 551.4(c); FBOP PS 5270.11 §§ 1(a), 4, 6, 7, 12, 13, and 14; FBOP PS 5265.14 §6; FBOP PS 5800.16 §3.16; the Due-Process Clause of the 5th Amendment; and international law.
Response:

Request Number 8:

Admit that the conditions of confinement in the SHU at FTC Oklahoma City both while the plaintiff was held therein and continuing today would shock the conscience of a reasonable and objective outside observer and violate each and every one of the following: 28 CFR §§ 541.31(1), 541.32(a), 541.32(b), 541.33(a), and 551.4(c); FBOP PS 5270.11 §§ 1(a), 4, 6, 7, 12, and 14; FBOP PS 5265.14 §8; FBOP PS 5800.16 §§ 3.9 and 3.16; the Due-Process Clause of the 5th Amendment; and international law.
Response:

**Request Number 9:**
   Admit that you, your predecessors in office, or both were aware of the stated goals of the hunger strike waged by the plaintiff from October 3rd, 2016, through January 10th, 2017, and the legal nature of this strike as both protected speech regarding matters of public concern and a protected petition to the government for a redress of grievances.
Response:


**Request Number 10:**
   Admit that you, your predecessors in office, or both were aware well before the plaintiff's arrival at MCC New York on November 14th, 2016, that the interior of the MCC-New-York building is a threat to human life because it is dilapidated, maintained in a constant state of dangerous and unsanitary disrepair, and infested with rodents, roaches, and other insects.
Response:


**Request Number 11:**
   Admit that on November 15th, 2016, the plaintiff was intentionally placed in a cold and leaky cell in the SHU at MCC New York by a correctional officer named "Mungy," or similar, in deliberate retaliation against the plaintiff for his assertion of his rights under the 1st Amendment and as a medical patient in the State of New York.
Response:


**Request Number 12:**
   Admit that shortly before the plaintiff was transferred out of MCC New York, the plaintiff asked for a quantity of ten (10) BP-8 forms from a member of the MCC SHU unit team who was acting in his official capacity as an agent of the FBOP and as an appropriate source of administrative remedy forms under both 28 CFR §542.14(c)(1) and FBOP PS 1330.18 §8, and that this member of the MCC SHU unit team responded to the plaintiff by telling him, "I'm not giving you ten BP-8s."
Response:


**Request Number 13:**
   Admit that the attached documents are authentic hand-drawn substitute BP-8 forms to which the plaintiff resorted in an effort to utilize the FBOP's administrative remedy program and which members of the MCC SHU unit team received from the plaintiff while acting in their official capacity as agents of the FBOP and as appropriate recipients of administrative remedy forms designated under both 28 CFR §542.14(c)(4) and FBOP PS 1330.18 §8, but that these hand-drawn BP-8 substitute forms were never filed in the administrative remedy system by said members of the MCC New York SHU unit team.
Response:


**Request Number 14:**
   Admit that as a standard practice and matter of course, FBOP unit team staff members designated under both 28 CFR §542.14(c)(4) and FBOP PS 1330.18 §8, specifically including the unit staff at the SHUs at both MCC New York and MDC Brooklyn during the periods the plaintiff was at each respective facility, routinely fail to log BP-8s and BP-9s they receive from inmates into the official system used to log such requests.
Response:

Request Number 15:
    Admit that an incident took place in the MCC New York SHU law library that precluded the plaintiff from using the FBOP's administrative remedy process by cutting off his ability to do the legal and procedural research required to use the administrative remedy process properly and that the plaintiff's subsequent efforts to resolve the aforementioned incident through discussion with the internal-investigation personnel of MCC New York, i.e. its S.I.S. personnel, were more than reasonably sufficient and yet utterly fruitless.
Response:

Request Number 16:
    Admit that as a direct and proximate result of the acts and omissions of yourself, your predecessors in office, your codefendants, and the agents, officers, employees, attorneys, servants, contractors, assignees, assignors, and other such persons acting under color of authority in active concert or participation with such entities, the FBOP's administrative remedy procedures were totally, completely, and irrevocably rendered unavailable to the plaintiff for use addressing any and all events and circumstances arising out of his confinement in the SHU at MCC New York.
Response:

Request Number 17:
    Admit that as a matter of both law and fact, the transfer of the plaintiff out of MCC New York rendered the FBOP's administrative remedy program unavailable to the plaintiff for the pursuit of any and all matters arising out of the plaintiff's confinement in the SHU at MCC New York.
Response:

Request Number 18:
    Admit that the plaintiff asked a unit-team member designated as a proper source for administrative-remedy forms both under 28 CFR §542.14(c)(1) and FBOP PS 1330.18 §8 for a BP-8 upon notice on February 15th, 2019, that the plaintiff would be placed in the SHU at MDC Brooklyn but that such person instead handed the plaintiff a "Inmate Request to Staff," or "cop-out," form.
Response:

Request Number 19:
    Admit that during the plaintiff's entire stay in the SHU at MDC Brooklyn from February 15th, 2019, through March 26th, 2019, inclusive, the plaintiff only saw unit-team staff designated as a proper source for administrative-remedy forms both under 28 CFR §542.14(c)(1) and FBOP PS 1330.18 §8 on one (1) single, solitary, occasion, thus rendering the FBOP's administrative-remedy procedures unavailable to the plaintiff during his entire stay in the SHU at MDC Brooklyn because any administrative-remedy form(s) he could have received would have been unsubmittable by him to the proper staff designated under both 28 CFR §542.14(c)(4) and FBOP PS 1330.18 §8 whom he never again saw.
Response:

**Request Number 20:**
Admit that the plaintiff never saw unit-team staff designated as a proper source for administrative-remedy forms both under 28 CFR §542.14(c)(1) and FBOP PS 1330.18 §8, and therefore as a matter of both fact and law the FBOP's administrative-remedy procedures were rendered totally, completely, and irrevocably unavailable to the plaintiff for all matters arising out of his confinement at FTC Oklahoma from March 26th, 2019, through April 1st, 2019, inclusive.
Response:

**Request Number 21:**
Admit that pursuant to 28 U.S.C. §1738, in all matters that transpire in New York, the New York State Constitution is binding upon you, your predecessors in office, your codefendants, your agents, employees, servants, officers, assignors, assignees, attorneys, contractors, and other such person or persons acting under color of authority in active concert or participation with such entities.
Response:

**Request Number 22:**
Admit that you became fully aware of the complaint in the above-captioned case and the full text of the complaint on Sunday, February 3rd, 2019, well ahead of the formal service of summons by the U.S. Marshals Service, due to the Plaintiff's article on the front page of The Intercept on that same day, under the title, "Inside El Chapo's Confinement: Cockroaches, Frigid Temperatures, Tacos, and a Three-Lieutenant Escort," linking to the complaint.
Response:

**Request Number 23:**
Admit that you, your predecessors in office, your codefendants in the above-captioned case, as well as your collective agents, officers, employees, servants, attorneys, contractors, assignors, assignees, and other persons acting under color of authority in active concert or participation with such entities both conspired and overtly acted to deny the plaintiff each and every one of the following from November 14th, 2016, through the present: all ability to voice his concerns over any medium regarding a number of discrete topics of public concern in violation of the Free-Speech Clause of the 1st Amendment; his 6th-Amendment right to counsel; his ability to publish under the Freedom-of-the-Press Clause of the 1st Amendment; his rights under the 1st Amendment to freedom of association; his rights to marital and familial consortium; his rights under the Due-Process Clause of the 5th Amendment; his right to be free from cruel and unusual punishment under the 8th Amendment; his rights under international law; his rights under 28 CFR §§ 540.20(a), 541.25(a), 541.26(c), 541.31(a), 541.31(e), 541.31(f), 541.31(l), 541.32(a), 541.33(a), 551.4(c); FBOP PS 5270.11 §§ 1(a), 4, 6, 7, 12, 13, and 14; FBOP PS 5321.08 §10; FBOP PS 5265.14 §§ 2, 6, 8, and 12; and FBOP PS 5800.16 §§ 3.9 and 3.16.
Response:

Request Number 24:
     Admit that prior to entering the conspiracy referenced above in request number 23 above and prior to the corresponding overt acts also referenced therein, both you and your predecessors in office were negligent as contemplated by 42 U.S.C. §1986 for not taking the required action to prevent the aforementioned acts in request number 23 above.
Response:

Request Number 25:
     Admit that you, your predecessors in office, your codefendants in the above-captioned case, as well as your collective agents, officers, employees, servants, attorneys, contractors, assignors, assignees, and other persons acting under color of authority in active concert or participation with such entities were negligent as contemplated by 42 U.S.C. §1986 and both conspired as contemplated by 42 U.S.C. §1985(3) and overtly acted to deny the plaintiff's family, the plaintiff's publishers, and the public each and every one of the following from November 14th, 2016, through the present: the freedom to associate with the plaintiff under the 1st Amendment and federal regulations; the ability to consort with the plaintiff; the freedom to read the plaintiff's writing under the 1st Amendment; and the ability to publish or otherwise share the plaintiff's writing under the 1st Amendment.
Response:

Request Number 26:
     Admit that the violations against the plaintiff enumerated above in request numbers 1-25 (inclusive) gave rise to valid causes of action by the plaintiff under each and every one of the following: 5 U.S.C. §§ 701-706 inclusive; 42 U.S.C. §1986; 42 U.S.C. §1985(3); and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) against each and every one of the following perpetraitors of said violations: you, your predecessors in office, your codefendants in the above-captioned case, and your collective agents, officers, employees, servants, attorneys, contractors, assignees, assignors, and other persons acting under color of authority in active concert or participation with you for the aforementioned violations of each and every one of the following against the plaintiff: 28 CFR §§ 540.20(a), 541.25(a), 541.26(c), 541.31(a), 541.31(e), 541.31(f), 541.32(a), 541.33(a), and 551.4(c); FBOP PS 5270.11 §§ 1(a), 4, 6, 7, 12, 13, and 14; FBOP PS 5321.08 §10; FBOP PS 5265.14 §§ 2, 6, 8, and 12; FBOP PS 5800.16 §§ 3.9 and 3.16; the Due-Process Clause of the 5th Amendment; the Cruel-and-Unusual-Punishment Clause of the 8th Amendment; the Freedom-of-Speech, Freedom-of-the-Press, and Right-to-Petition clauses of the 1st Amendment; the freedom of association under the 1st Amendment; the rights to marital and familial consortium; the 6th-Amendment right to counsel; and rights under international law.
Response:

Request Number 27:
    Admit that you, your predecessors in office, your codefendants in the above-captioned case, and your collective agents, officers, employees, servants, attorneys, contractors, assignors, assignees, and other persons acting under color of authority in active concert or participation with you conspired and overtly acted to violate the plaintiff's rights under the New York State Constitution and New York State Law, including his rights as a medical patient, from November 14th, 2016, through the present.
Response:


Request Number 28:
    Admit that discoverable and admissible records of both an official and unofficial nature exist under your custody and control that prove beyond a reasonable doubt each and every one of the requested admissions above, and, further, that such records include, but are not limited to, emails, text messages, camera footage, medical records, inmate records, log-book entries, recorded audio, handwritten notes, your recollections, and records of in-person interviews, meetings, and teleconferences.
Response:


Request Number 29:
    Admit that the plaintiff in the above-captioned case was transferred to a "communications management unit" without sufficient Due Process and without the ability to attend any hearing whatsoever as a continuing violation and in continuance of the conspiracy referenced in request numbers 23, 25, and 26 above.
Response:


Request Number 30:
    Admit that you, your predecessors in office, your codefendants in the above-captioned case, and other in the Federal Bureau of Prisons conspire to violate your fidiciary responsibilities to taxpayers under federal law and regulations by utilitizing compensatory adjustments for Manhatten and Brooklyn to affect larger pensions for favored FBOP staff unnecessarily at taxpayer expense.
Response:



    Signed under oath and under penalty of perjury,



_____                    _____
Signature of Attorney for Hugh Hurwitz                        Date



_____
Printed name of signatory

Substitute BP-8 Form:
  I kindly & respectfully ask that this be accepted in the place of a BP-8 Form, as my requests for a BP-8 have been fruitless for the past 9 days.

INMATE'S COMMENTS:

1. Complaint:
To: My MCC New York Unit Team,

  I am specifically ~~requesting~~ to speak to SIS regarding the law library incident on January 19th, 2017.

2. Efforts made by you to informally resolve:
  I asked to speak to SIS on Thursday, January 19th, 2017

3. Names of staff you contacted / Dates you contacted the staff:
  Lt. Lopez - Thursday, January 19th, 2017

Date returned to Correctional Counselor:
Inmate's Name (Last, First, Middle): Gottesfeld, Martin S.   Reg #: 12982-104
Date: January 29th, 2017

CORRECTIONAL COUNSELOR'S COMMENTS:

1. Efforts made to informally resolve and staff contacted:

Date informally resolved:                          Counselor Signature:
Date BP-229 (13) Issued:                           Unit Manager:

<u>Substitute BP-8 Form:</u>

I kindly & respectfully ask that this be accepted in lieu of a BP-8 form, as my requests for a BP-8 have been fruitless for the past 9 days.

<u>INMATE'S COMMENTS:</u>

1. Complaints:

To: My MCC New York Unit Team,

I am specifically requesting to be able to send special mail to:
Mrs David Kushner - Reporter - Rolling Stone
174 Nassau St, #357
Princeton, NJ 08542

At first request, I was told through my attorney that I was being denied because Mr. Reid thought this address looked like a P.O. Box. This is both wrong and irrelevant. It is wrong because a P.O. Box address would not contain a street and street number in this case "174 Nassau Str." It is irrelevant because there are no prohibitions on P.O. Boxes I can find in Program Statement 5265.14 - Correspondence.

Upon raising these issues, I was subsequently told there was doubt as to whether Rolling Stone qualifies as a news media. This argument is clearly specious and almost certainly disingenuous. Program Statement 5265.14 - Correspondence - Section 12 clearly states:

"If there is doubt whether a representative qualifies, contact the Public Information Officer in the Central Office." This seems not to have been done, as there was uncertainty expressed in the denial and no mention that the Public Information Officer was ever contacted.

Please follow BoP policy, and contact the Public Information Officer to resolve this issue.

2. Efforts made by you to informally resolve:
   I have inquired with Unit Manager Reid and my attorney has inquired with cansel here.

3. Names of staff you contacted / Dates you contacted the staff:
   Unit Manager Reid — December 2016

Date returned to Correctional Counselour:
Inmate's Name (Last, First, Middle): Gottschild, Martin S.   Reg #: 42982-104
Date: January 29th, 2017

CORRECTIONAL COUNSELOUR'S COMMENTS:
1. Efforts made to informally resolve and staff contacted:

Date informally resolved:                    Counselor Signature:
Date BP-229 (13) Issued:                     Unit Manager:

## CERTIFICATE OF SERVICE

I, Martin S. Gottesfeld, hereby certify that on Thursday, August 8th, 2019, I provided the foregoing documents to Ms. ~~Eisele~~ Wheeler of the FCI Terre Haute CMU unit team, acting in her official capacity as an agent for the defendants in the case of 18-cv-10836-PGG in The Honorable U.S. District Court for The Southern District of New York, for mailing to counsel for the aforementioned defendants in an envelope bearing sufficient first-class U.S. postage affixed pre-paid.

Signed,


Martin S. Gottesfeld, pro se

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
| Martin S. Gottesfeld, pro se,    |
|          Plaintiff               |          Civil No.: 18-cv-10836-PGG
|        - against -               |
|   Hugh J. Hurwitz, et al.        |
```

## REQUEST FOR ADMISSIONS (FED. R. CIV. P. 36)

To: David Anderson
    Acting Deputy Director - U.S. Marshals Service (Former)
    1215 S. Clark St.
    Arlington, VA 22202
    c/o The U.S. Attorneys Office for The Southern District of New York

The plaintiff in the above-captioned case hereby requests that you admit, under oath and under penalty of perjury, to ALL of the following matters within thirty (30) days of this request for the purposes of the above-captioned proceeding as required by Fed. R. Civ. P. 36(a)(3) and Fed. R. Civ. P. 36(b). See also Houston v. Lack, 487 U.S. 266 (1988). This request is made pursuant to Fed. R. Civ. P. 3, Fed. R. Civ. P. 26(a)(1)(B)(iv), Fed. R. Civ. P. 26(a)(3), Fed. R. Civ. P. 26(d)(1), Fed. R. Civ. P. 26(f)(1), and Fed. R. Civ. P. 36, which establishes the exempt status of this proceeding.

Your responses hereto, if any, shall and will be signed by you personally as so required by Fed. R. Civ. P. 26(g). Your responses shall and will be used as the plaintiff in the above-captioned case deems in his sole discretion necessary and proper in both the above-captioned case and any other legal proceeding, whether judicial or extrajudicial. If you choose to add to these affirmative admissions, or to supplement or to deny these affirmative admissions, you must do so within the thirty (30) days alloted by Fed. R. Civ. P. 36(a)(3). Otherwise, each and every matter set forth herein shall be automatically deemed to be admitted and stipulated-to by you and firmly established against you. Be so advised. You should attach additional pages hereto if more space is required for your response.

Request Number 1:
    Admit that the plaintiff was placed in the special housing unit (SHU) at Metropolitan Correctional Center (MCC) New York for the period of November 14th, 2016, through February 4th, 2017, inclusive; then the plaintiff was placed in the SHU at Metropolitan Detention Center (MDC) Brooklyn for the period of February 15th, 2019, through March 26th, 2019, inclusive; then the plaintiff was placed in the SHU at Federal Transfer Center (FTC) Oklahoma City for the period of March 26th, 2019, through April 1st, 2019, inclusive.
Response:

Request Number 2:
    Admit that in violation of 28 CFR §541.25(a) no administrative detention order has ever been given to the plaintiff regarding his placement in any SHU at any time by the Federal Bureau of Prisons (FBOP).
Response:

Request Number 3:
     Admit that in violation of 28 CFR §541.25(a) no administrative detention order existed regarding the plaintiff's placement in a SHU by the FBOP during the time the plaintiff was held in such SHU by the FBOP.
Response:


Request Number 4:
     Admit that in violation of 28 CFR §541.26(c) the plaintiff was never offered any opportunity to attend an administrative detention hearing regarding his placement in any SHU by the FBOP.
Response:


Request Number 5:
     Admit that in violation of 28 CFR §541.26(c) no administrative detention hearing was ever held regarding the plaintiff's placement in any SHU by the FBOP.
Response:


Request Number 6:
     Admit that the conditions of confinement in the SHU at MCC New York both while the plaintiff was held therein and continuing today would shock the conscience of a reasonable and objective outside observer and violate each and every one of the following: 28 CFR §§ 540.20(a), 541.31(a), 541.31(e), 541.31(f), 541.31(l), 541.32(a), 541.32(b), 541.33(a), and 551.4(c); FBOP Program Statement (PS) 5270.11 §§ 1(a), 4, 6, 7, 12, 13, and 14; FBOP PS 5321.08 §10; FBOP PS 5265.14 §§ 2, 6, 8, and 12; FBOP PS 5800.16 §3.16; the Due-Process Clause of the 5th Amendment; the Cruel-and-Unusual-Punishment Clause; and international law.
Response:


Request Number 7:
     Admit that the conditions of confinement in the SHU at MDC Brooklyn both while the plaintiff was held therein and continuing today would shock the conscience of a reasonable and objective outside observer and violate each and every one of the following: 28 CFR §§ 541.31(a), 541.31(c), 541.31(f), 541.32(a), 541.32(b), 541.33(a), and 551.4(c); FBOP PS 5270.11 §§ 1(a), 4, 6, 7, 12, 13, and 14; FBOP PS 5265.14 §6; FBOP PS 5800.16 §3.16; the Due-Process Clause of the 5th Amendment; and international law.
Response:


Request Number 8:
     Admit that the conditions of confinement in the SHU at FTC Oklahoma City both while the plaintiff was held therein and continuing today would shock the conscience of a reasonable and objective outside observer and violate each and every one of the following: 28 CFR §§ 541.31(l), 541.32(a), 541.32(b), 541.33(a), and 551.4(c); FBOP PS 5270.11 §§ 1(a), 4, 6, 7, 12, and 14; FBOP PS 5265.14 §8; FBOP PS 5800.16 §§ 3.9 and 3.16; the Due-Process Clause of the 5th Amendment; and international law.
Response:

Request Number 9:
    Admit that you, your predecessors in office, or both were aware of the stated goals of the hunger strike waged by the plaintiff from October 3rd, 2016, through January 10th, 2017, and the legal nature of this strike as both protected speech regarding matters of public concern and a protected petition to the government for a redress of grievances.
Response:


Request Number 10:
    Admit that you, your predecessors in office, or both were aware well before the plaintiff's arrival at MCC New York on November 14th, 2016, that the interior of the MCC-New-York building is a threat to human life because it is dilapidated, maintained in a constant state of dangerous and unsanitary disrepair, and infested with rodents, roaches, and other insects.
Response:


Request Number 11:
    Admit that on November 15th, 2016, the plaintiff was intentionally placed in a cold and leaky cell in the SHU at MCC New York by a correctional officer named "Mungy," or similar, in deliberate retaliation against the plaintiff for his assertion of his rights under the 1st Amendment and as a medical patient in the State of New York.
Response:


Request Number 12:
    Admit that shortly before the plaintiff was transferred out of MCC New York, the plaintiff asked for a quantity of ten (10) BP-8 forms from a member of the MCC SHU unit team who was acting in his official capacity as an agent of the FBOP and as an appropriate source of administrative remedy forms under both 28 CFR §542.14(c)(1) and FBOP PS 1330.18 §8, and that this member of the MCC SHU unit team responded to the plaintiff by telling him, "I'm not giving you ten BP-8s."
Response:


Request Number 13:
    Admit that the attached documents are authentic hand-drawn substitute BP-8 forms to which the plaintiff resorted in an effort to utilize the FBOP's administrative remedy program and which members of the MCC SHU unit team received from the plaintiff while acting in their official capacity as agents of the FBOP and as appropriate recipients of administrative remedy forms designated under both 28 CFR §542.14(c)(4) and FBOP PS 1330.18 §8, but that these hand-drawn BP-8 substitute forms were never filed in the administrative remedy system by said members of the MCC New York SHU unit team.
Response:


Request Number 14:
    Admit that as a standard practice and matter of course, FBOP unit team staff members designated under both 28 CFR §542.14(c)(4) and FBOP PS 1330.18 §8, specifically including the unit staff at the SHUs at both MCC New York and MDC Brooklyn during the periods the plaintiff was at each respective facility, routinely fail to log BP-8s and BP-9s they receive from inmates into the official system used to log such requests.
Response:

Request Number 15:
     Admit that an incident took place in the MCC New York SHU law library
that precluded the plaintiff from using the FBOP's administrative remedy
process by cutting off his ability to do the legal and procedural research
required to use the administrative remedy process properly and that the
plaintiff's subsequent efforts to resolve the aforementioned incident through
discussion with the internal-investigation personnel of MCC New York, i.e. its
S.I.S. personnel, were more than reasonably sufficient and yet utterly
fruitless.
Response:


Request Number 16:
     Admit that as a direct and proximate result of the acts and omissions of
yourself, your predecessors in office, your codefendants, and the agents,
officers, employees, attorneys, servants, contractors, assignees, assignors,
and other such persons acting under color of authority in active concert or
participation with such entities, the FBOP's administrative remedy procedures
were totally, completely, and irrevocably rendered unavailable to the
plaintiff for use addressing any and all events and circumstances arising out
of his confinement in the SHU at MCC New York.
Response:


Request Number 17:
     Admit that as a matter of both law and fact, the transfer of the
plaintiff out of MCC New York rendered the FBOP's administrative remedy
program unavailable to the plaintiff for the pursuit of any and all matters
arising out of the plaintiff's confinement in the SHU at MCC New York.
Response:


Request Number 18:
     Admit that the plaintiff asked a unit-team member designated as a proper
source for administrative-remedy forms both under 28 CFR §542.14(c)(1) and
FBOP PS 1330.18 §8 for a BP-8 upon notice on February 15th, 2019, that the
plaintiff would be placed in the SHU at MDC Brooklyn but that such person
instead handed the plaintiff a "Inmate Request to Staff," or "cop-out," form.
Response:


Request Number 19:
     Admit that during the plaintiff's entire stay in the SHU at MDC Brooklyn
from February 15th, 2019, through March 26th, 2019, inclusive, the plaintiff
only saw unit-team staff designated as a proper source for administrative-
remedy forms both under 28 CFR §542.14(c)(1) and FBOP PS 1330.18 §8 on one (1)
single, solitary, occasion, thus rendering the FBOP's administrative-remedy
procedures unavailable to the plaintiff during his entire stay in the SHU at
MDC Brooklyn because any administrative-remedy form(s) he could have received
would have been unsubmittable by him to the proper staff designated under both
28 CFR §542.14(c)(4) and FBOP PS 1330.18 §8 whom he never again saw.
Response:

**Request Number 20:**

Admit that the plaintiff never saw unit-team staff designated as a proper source for administrative-remedy forms both under 28 CFR §542.14(c)(1) and FBOP PS 1330.18 §8, and therefore as a matter of both fact and law the FBOP's administrative-remedy procedures were rendered totally, completely, and irrevocably unavailable to the plaintiff for all matters arising out of his confinement at FTC Oklahoma from March 26th, 2019, through April 1st, 2019, inclusive.
Response:

**Request Number 21:**

Admit that pursuant to 28 U.S.C. §1738, in all matters that transpire in New York, the New York State Constitution is binding upon you, your predecessors in office, your codefendants, your agents, employees, servants, officers, assignors, assignees, attorneys, contractors, and other such person or persons acting under color of authority in active concert or participation with such entities.
Response:

**Request Number 22:**

Admit that you became fully aware of the complaint in the above-captioned case and the full text of the complaint on Sunday, February 3rd, 2019, well ahead of the formal service of summons by the U.S. Marshals Service, due to the Plaintiff's article on the front page of The Intercept on that same day, under the title, "Inside El Chapo's Confinement: Cockroaches, Frigid Temperatures, Tacos, and a Three-Lieutenant Escort," linking to the complaint.
Response:

**Request Number 23:**

Admit that you, your predecessors in office, your codefendants in the above-captioned case, as well as your collective agents, officers, employees, servants, attorneys, contractors, assignors, assignees, and other persons acting under color of authority in active concert or participation with such entities both conspired and overtly acted to deny the plaintiff each and every one of the following from November 14th, 2016, through the present: all ability to voice his concerns over any medium regarding a number of discrete topics of public concern in violation of the Free-Speech Clause of the 1st Amendment; his 6th-Amendment right to counsel; his ability to publish under the Freedom-of-the-Press Clause of the 1st Amendment; his rights under the 1st Amendment to freedom of association; his rights to marital and familial consortium; his rights under the Due-Process Clause of the 5th Amendment; his right to be free from cruel and unusual punishment under the 8th Amendment; his rights under international law; his rights under 28 CFR §§ 540.20(a), 541.25(a), 541.26(c), 541.31(a), 541.31(e), 541.31(f), 541.31(1), 541.32(a), 541.33(a), 551.4(c); FBOP PS 5270.11 §§ 1(a), 4, 6, 7, 12, 13, and 14; FBOP PS 5321.08 §10; FBOP PS 5265.14 §§ 2, 6, 8, and 12; and FBOP PS 5800.16 §§ 3.9 and 3.16.
Response:

Request Number 24:
    Admit that prior to entering the conspiracy referenced above in request number 23 above and prior to the corresponding overt acts also referenced therein, both you and your predecessors in office were negligent as contemplated by 42 U.S.C. §1986 for not taking the required action to prevent the aforementioned acts in request number 23 above.
Response:

Request Number 25:
    Admit that you, your predecessors in office, your codefendants in the above-captioned case, as well as your collective agents, officers, employees, servants, attorneys, contractors, assignors, assignees, and other persons acting under color of authority in active concert or participation with such entities were negligent as contemplated by 42 U.S.C. §1986 and then both conspired as contemplated by 42 U.S.C. §1985(3) and overtly acted to deny the plaintiff's family, the plaintiff's publishers, and the public each and every one of the following from November 14th, 2016, through the present: the freedom to associate with the plaintiff under the 1st Amendment and federal regulations; the ability to consort with the plaintiff; the freedom to read the plaintiff's writing under the 1st Amendment; and the ability to publish or otherwise share the plaintiff's writing under the 1st Amendment.
Response:

Request Number 26:
    Admit that the violations against the plaintiff enumerated above in request numbers 1-25 (inclusive) gave rise to valid causes of action by the plaintiff under each and every one of the following: 5 U.S.C. §§ 701-706 inclusive; 42 U.S.C. §1986; 42 U.S.C. §1985(3); and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) against each and every one of the following perpetraitors of said violations: you, your predecessors in office, your codefendants in the above-captioned case, and your collective agents, officers, employees, servants, attorneys, contractors, assignees, assignors, and other persons acting under color of authority in active concert or participation with you for the aforementioned violations of each and every one of the following against the plaintiff: 28 CFR §§ 540.20(a), 541.25(a), 541.26(c), 541.31(a), 541.31(e), 541.31(f), 541.32(a), 541.33(a), and 551.4(c); FBOP PS 5270.11 §§ 1(a), 4, 6, 7, 12, 13, and 14; FBOP PS 5321.08 §10; FBOP PS 5265.14 §§ 2, 6, 8, and 12; FBOP PS 5800.16 §§ 3.9 and 3.16; the Due-Process Clause of the 5th Amendment; the Cruel-and-Unusual-Punishment Clause of the 8th Amendment; the Freedom-of-Speech, Freedom-of-the-Press, and Right-to-Petition clauses of the 1st Amendment; the freedom of association under the 1st Amendment; the rights to marital and familial consortium; the 6th-Amendment right to counsel; and rights under international law.
Response:

Request Number 27:

   Admit that you, your predecessors in office, your codefendants in the above-captioned case, and your collective agents, officers, employees, servants, attorneys, contractors, assignors, assignees, and other persons acting under color of authority in active concert or participation with you conspired and overtly acted to violate the plaintiff's rights under the New York State Constitution and New York State Law, including his rights as a medical patient, from November 14th, 2016, through the present.
Response:

Request Number 28:

   Admit that discoverable and admissible records of both an official and unofficial nature exist under your custody and control that prove beyond a reasonable doubt each and every one of the requested admissions above, and, further, that such records include, but are not limited to, emails, text messages, camera footage, medical records, inmate records, log-book entries, recorded audio, handwritten notes, your recollections, and records of in-person interviews, meetings, and teleconferences.
Response:

Request Number 29:

   Admit that the plaintiff in the above-captioned case was transferred to a "communications management unit" without sufficient Due Process and without the ability to attend any hearing whatsoever as a continuing violation and in continuance of the conspiracy referenced in request numbers 23, 25, and 26 above.
Response:

Request Number 30:

   Admit that you, your predecessors in office, your codefendants in the above-captioned case, and other in the Federal Bureau of Prisons conspire to violate your fidiciary responsibilities to taxpayers under federal law and regulations by utilitizing compensatory adjustments for Manhatten and Brooklyn to affect larger pensions for favored FBOP staff unnecessarily at taxpayer expense.
Response:

Signed under oath and under penalty of perjury,

_____          _____
Signature of Attorney for David Anderson             Date

_____
Printed name of signatory

<u>Substitute BP-8 Form:</u>

I kindly & respectfully ask that this be accepted in lieu of a BP-8 form, as my requests for a BP-8 have been fruitless for the past 9 days.

<u>INMATE'S COMMENTS:</u>

1. Complaints:

To: My MCC New York Unit Team,

I am specifically requesting to be able to send special mail to:
Mrs David Kushner - Reporter - Rolling Stone
174 Nassau St, #357
Princeton, NJ 08542

At first request, I was told through my attorney that I was being denied because Mr. Reid thought this address looked like a P.O. Box. This is both wrong and irrelevant. It is wrong because a P.O. Box address would not contain a street and street number in this case "174 Nassau Str". It is irrelevant because there are no prohibitions on P.O. Boxes I can find in Program Statement ~~5265~~ 5265.14 - Correspondence.

Upon raising ~~these~~ these issues, I was subsequently ~~told~~ told there was doubt as to whether Rolling Stone qualifies as ~~a~~ news media. This argument is clearly specious and almost certainly disingenuous. Program Statement 5265.14 - Correspondence - Section 12 clearly states:

"If there is doubt whether a representative qualifies, contact the Public Information Officer in the Central Office." This seems not to have been done, as there was uncertainty expressed in the denial and no mention that the Public Information Officer was ever contacted.

Please follow BoP policy, and contact the Public Information Officer to resolve this issue.

2. Efforts made by you to informally resolve:
    — I have inquired with Unit Manager Reid and my attorney has inquired with cansel
her.

3. Names of staff you contacted / Dates you contacted the staff:
    Unit Manager Reid — December 2016

Date returned to Correctional Counselor:
Inmate's Name (Last, First, Middle): Gottesdiener, Martin S.   Reg #: 42982-104
Date: January 29th, 2017

<u>CORRECTIONAL COUNSELOUR'S COMMENTS:</u>
1. Efforts made to informally resolve and staff contacted:

Date informally resolved:                              Canselor Signature:
Date BP-229 (13) Issued:                              Unit Manager:

<u>Substitute BP-8 Form:</u>

I kindly & respectfully ask that this be accepted in the place of a BP-8 Form, as my requests for a BP-8 have been fruitless for the past 9 days.

<u>INMATE'S COMMENTS:</u>

1. Complaint:

To: My MCC New York Unit Team,

I am specifically requesting to speak to SIS regarding the law library incident on January 19th, 2017.

2. Efforts made by you to informally resolve:
   I asked to speak to SIS on Thursday, January 19th, 2017

3. Names of staff you contacted / Dates you contacted the staff:
   Lt. Lopez - Thursday, January 19th, 2017

Date returned to Correctional Counselor:
Inmate's Name (Last, First, Middle): Gottesfeld, Martin S.  Reg #: 12982-104
Date: January 29th, 2017

<u>CORRECTIONAL COUNSELOR'S COMMENTS:</u>

1. Efforts made to informally resolve and staff contacted:

Date informally resolved:                    Counselor Signature:
Date BP-229 (13) Issued :                    Unit Manager:

## CERTIFICATE OF SERVICE

I, Martin S. Gottesfeld, hereby certify that on Thursday, August 8th, 2019, I provided the foregoing documents to Ms. ~~Eisele~~ Wheeler of the FCI Terre Haute CMU unit team, acting in her official capacity as an agent for the defendants in the case of 18-cv-10836-PGG in The Honorable U.S. District Court for The Southern District of New York, for mailing to counsel for the aforementioned defendants in an envelope bearing sufficient first-class U.S. postage affixed pre-paid.

Signed,

Martin S. Gottesfeld, pro se

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ Martin S. Gottesfeld, pro se,   │
│          Plaintiff              │
│        - against -              │
│ Hugh J. Hurwitz, et al.         │
└─────────────────────────────────┘
```

Civil No.: 18-cv-10836-PGG

### REQUEST FOR ADMISSIONS (FED. R. CIV. P. 36)

To: Eskar Tatum
Warden - Metropolitan Correctional Center (MCC) New York (Retired)
150 Park Row
New York, NY 10007
c/o The U.S. Attorneys Office for The Southern District of New York

The plaintiff in the above-captioned case hereby requests that you admit, under oath and under penalty of perjury, to ALL of the following matters within thirty (30) days of this request for the purposes of the above-captioned proceeding as required by Fed. R. Civ. P. 36(a)(3) and Fed. R. Civ. P. 36(b). See also Houston v. Lack, 487 U.S. 266 (1988). This request is made pursuant to Fed. R. Civ. P. 3, Fed. R. Civ. P. 26(a)(1)(B)(iv), Fed. R. Civ. P. 26(a)(3), Fed. R. Civ. P. 26(d)(1), Fed. R. Civ. P. 26(f)(1), and Fed. R. Civ. P. 36, which establishes the exempt status of this proceeding.

Your responses hereto, if any, shall and will be signed by you personally as so required by Fed. R. Civ. P. 26(g). Your responses shall and will be used as the plaintiff in the above-captioned case deems in his sole discretion necessary and proper in both the above-captioned case and any other legal proceeding, whether judicial or extrajudicial. If you choose to add to these affirmative admissions, or to supplement or to deny these affirmative admissions, you must do so within the thirty (30) days alloted by Fed. R. Civ. P. 36(a)(3). Otherwise, each and every matter set forth herein shall be automatically deemed to be admitted and stipulated-to by you and firmly established against you. Be so advised. You should attach additional pages hereto if more space is required for your response.

Request Number 1:
    Admit that the plaintiff was placed in the special housing unit (SHU) at Metropolitan Correctional Center (MCC) New York for the period of November 14th, 2016, through February 4th, 2017, inclusive; then the plaintiff was placed in the SHU at Metropolitan Detention Center (MDC) Brooklyn for the period of February 15th, 2019, through March 26th, 2019, inclusive; then the plaintiff was placed in the SHU at Federal Transfer Center (FTC) Oklahoma City for the period of March 26th, 2019, through April 1st, 2019, inclusive.
Response:


Request Number 2:
    Admit that in violation of 28 CFR §541.25(a) no administrative detention order has ever been given to the plaintiff regarding his placement in any SHU at any time by the Federal Bureau of Prisons (FBOP).
Response:

Request Number 3:
    Admit that in violation of 28 CFR §541.25(a) no administrative detention order existed regarding the plaintiff's placement in a SHU by the FBOP during the time the plaintiff was held in such SHU by the FBOP.
Response:


Request Number 4:
    Admit that in violation of 28 CFR §541.26(c) the plaintiff was never offered' any opportunity to attend an administrative detention hearing regarding his placement in any SHU by the FBOP.
Response:


Request Number 5:
    Admit that in violation of 28 CFR §541.26(c) no administrative detention hearing was ever held regarding the plaintiff's placement in any SHU by the FBOP.
Response:


Request Number 6:
    Admit that the conditions of confinement in the SHU at MCC New York both while the plaintiff was held therein and continuing today would shock the conscience of a reasonable and objective outside observer and violate each and every one of the following: 28 CFR §§ 540.20(a), 541.31(a), 541.31(e), 541.31(f), 541.31(1), 541.32(a), 541.32(b), 541.33(a), and 551.4(c); FBOP Program Statement (PS) 5270.11 §§ 1(a), 4, 6, 7, 12, 13, and 14; FBOP PS 5321.08 §10; FBOP PS 5265.14 §§ 2, 6, 8, and 12; FBOP PS 5800.16 §3.16; the Due-Process Clause of the 5th Amendment; the Cruel-and-Unusual-Punishment Clause; and international law.
Response:


Request Number 7:
    Admit that the conditions of confinement in the SHU at MDC Brooklyn both while the plaintiff was held therein and continuing today would shock the conscience of a reasonable and objective outside observer and violate each and every one of the following: 28 CFR §§ 541.31(a), 541.31(c), 541.31(f), 541.32(a), 541.32(b), 541.33(a), and 551.4(c); FBOP PS 5270.11 §§ 1(a), 4, 6, 7, 12, 13, and 14; FBOP PS 5265.14 §6; FBOP PS 5800.16 §3.16; the Due-Process Clause of the 5th Amendment; and international law.
Response:


Request Number 8:
    Admit that the conditions of confinement in the SHU at FTC Oklahoma City both while the plaintiff was held therein and continuing today would shock the conscience of a reasonable and objective outside observer and violate each and every one of the following: 28 CFR §§ 541.31(1), 541.32(a), 541.32(b), 541.33(a), and 551.4(c); FBOP PS 5270.11 §§ 1(a), 4, 6, 7, 12, and 14; FBOP PS 5265.14 §8; FBOP PS 5800.16 §§ 3.9 and 3.16; the Due-Process Clause of the 5th Amendment; and international law.
Response:


- Page 2 of 7 -

Request Number 9:
    Admit that you, your predecessors in office, or both were aware of the stated goals of the hunger strike waged by the plaintiff from October 3rd, 2016, through January 10th, 2017, and the legal nature of this strike as both protected speech regarding matters of public concern and a protected petition to the government for a redress of grievances.
Response:


Request Number 10:
    Admit that you, your predecessors in office, or both were aware well before the plaintiff's arrival at MCC New York on November 14th, 2016, that the interior of the MCC-New-York building is a threat to human life because it is dilapidated, maintained in a constant state of dangerous and unsanitary disrepair, and infested with rodents, roaches, and other insects.
Response:


Request Number 11:
    Admit that on November 15th, 2016, the plaintiff was intentionally placed in a cold and leaky cell in the SHU at MCC New York by a correctional officer named "Mungy," or similar, in deliberate retaliation against the plaintiff for his assertion of his rights under the 1st Amendment and as a medical patient in the State of New York.
Response:


Request Number 12:
    Admit that shortly before the plaintiff was transferred out of MCC New York, the plaintiff asked for a quantity of ten (10) BP-8 forms from a member of the MCC SHU unit team who was acting in his official capacity as an agent of the FBOP and as an appropriate source of administrative remedy forms under both 28 CFR §542.14(c)(1) and FBOP PS 1330.18 §8, and that this member of the MCC SHU unit team responded to the plaintiff by telling him, "I'm not giving you ten BP-8s."
Response:


Request Number 13:
    Admit that the attached documents are authentic hand-drawn substitute BP-8 forms to which the plaintiff resorted in an effort to utilize the FBOP's administrative remedy program and which members of the MCC SHU unit team received from the plaintiff while acting in their official capacity as agents of the FBOP and as appropriate recipients of administrative remedy forms designated under both 28 CFR §542.14(c)(4) and FBOP PS 1330.18 §8, but that these hand-drawn BP-8 substitute forms were never filed in the administrative remedy system by said members of the MCC New York SHU unit team.
Response:


Request Number 14:
    Admit that as a standard practice and matter of course, FBOP unit team staff members designated under both 28 CFR §542.14(c)(4) and FBOP PS 1330.18 §8, specifically including the unit staff at the SHUs at both MCC New York and MDC Brooklyn during the periods the plaintiff was at each respective facility, routinely fail to log BP-8s and BP-9s they receive from inmates into the official system used to log such requests.
Response:

**Request Number 15:**
Admit that an incident took place in the MCC New York SHU law library that precluded the plaintiff from using the FBOP's administrative remedy process by cutting off his ability to do the legal and procedural research required to use the administrative remedy process properly and that the plaintiff's subsequent efforts to resolve the aforementioned incident through discussion with the internal-investigation personnel of MCC New York, i.e. its S.I.S. personnel, were more than reasonably sufficient and yet utterly fruitless.
Response:


**Request Number 16:**
Admit that as a direct and proximate result of the acts and omissions of yourself, your predecessors in office, your codefendants, and the agents, officers, employees, attorneys, servants, contractors, assignees, assignors, and other such persons acting under color of authority in active concert or participation with such entities, the FBOP's administrative remedy procedures were totally, completely, and irrevocably rendered unavailable to the plaintiff for use addressing any and all events and circumstances arising out of his confinement in the SHU at MCC New York.
Response:


**Request Number 17:**
Admit that as a matter of both law and fact, the transfer of the plaintiff out of MCC New York rendered the FBOP's administrative remedy program unavailable to the plaintiff for the pursuit of any and all matters arising out of the plaintiff's confinement in the SHU at MCC New York.
Response:


**Request Number 18:**
Admit that the plaintiff asked a unit-team member designated as a proper source for administrative-remedy forms both under 28 CFR §542.14(c)(1) and FBOP PS 1330.18 §8 for a BP-8 upon notice on February 15th, 2019, that the plaintiff would be placed in the SHU at MDC Brooklyn but that such person instead handed the plaintiff a "Inmate Request to Staff," or "cop-out," form.
Response:


**Request Number 19:**
Admit that during the plaintiff's entire stay in the SHU at MDC Brooklyn from February 15th, 2019, through March 26th, 2019, inclusive, the plaintiff only saw unit-team staff designated as a proper source for administrative-remedy forms both under 28 CFR §542.14(c)(1) and FBOP PS 1330.18 §8 on one (1) single, solitary, occasion, thus rendering the FBOP's administrative-remedy procedures unavailable to the plaintiff during his entire stay in the SHU at MDC Brooklyn because any administrative-remedy form(s) he could have received would have been unsubmittable by him to the proper staff designated under both 28 CFR §542.14(c)(4) and FBOP PS 1330.18 §8 whom he never again saw.
Response:

Request Number 20:
    Admit that the plaintiff never saw unit-team staff designated as a proper source for administrative-remedy forms both under 28 CFR §542.14(c)(1) and FBOP PS 1330.18 §8, and therefore as a matter of both fact and law the FBOP's administrative-remedy procedures were rendered totally, completely, and irrevocably unavailable to the plaintiff for all matters arising out of his confinement at FTC Oklahoma from March 26th, 2019, through April 1st, 2019, inclusive.
Response:

Request Number 21:
    Admit that pursuant to 28 U.S.C. §1738, in all matters that transpire in New York, the New York State Constitution is binding upon you, your predecessors in office, your codefendants, your agents, employees, servants, officers, assignors, assignees, attorneys, contractors, and other such person or persons acting under color of authority in active concert or participation with such entities.
Response:

Request Number 22:
    Admit that you became fully aware of the complaint in the above-captioned case and the full text of the complaint on Sunday, February 3rd, 2019, well ahead of the formal service of summons by the U.S. Marshals Service, due to the Plaintiff's article on the front page of The Intercept on that same day, under the title, "Inside El Chapo's Confinement: Cockroaches, Frigid Temperatures, Tacos, and a Three-Lieutenant Escort," linking to the complaint.
Response:

Request Number 23:
    Admit that you, your predecessors in office, your codefendants in the above-captioned case, as well as your collective agents, officers, employees, servants, attorneys, contractors, assignors, assignees, and other persons acting under color of authority in active concert or participation with such entities both conspired and overtly acted to deny the plaintiff each and every one of the following from November 14th, 2016, through the present: all ability to voice his concerns over any medium regarding a number of discrete topics of public concern in violation of the Free-Speech Clause of the 1st Amendment; his 6th-Amendment right to counsel; his ability to publish under the Freedom-of-the-Press Clause of the 1st Amendment; his rights under the 1st Amendment to freedom of association; his rights to marital and familial consortium; his rights under the Due-Process Clause of the 5th Amendment; his right to be free from cruel and unusual punishment under the 8th Amendment; his rights under international law; his rights under 28 CFR §§ 540.20(a), 541.25(a), 541.26(c), 541.31(a), 541.31(e), 541.31(f), 541.31(1), 541.32(a), 541.33(a), 551.4(c); FBOP PS 5270.11 §§ 1(a), 4, 6, 7, 12, 13, and 14; FBOP PS 5321.08 §10; FBOP PS 5265.14 §§ 2, 6, 8, and 12; and FBOP PS 5800.16 §§ 3.9 and 3.16.
Response:

Request Number 24:
Admit that prior to entering the conspiracy referenced above in request number 23 above and prior to the corresponding overt acts also referenced therein, both you and your predecessors in office were negligent as contemplated by 42 U.S.C. §1986 for not taking the required action to prevent the aforementioned acts in request number 23 above.
Response:

Request Number 25:
Admit that you, your predecessors in office, your codefendants in the above-captioned case, as well as your collective agents, officers, employees, servants, attorneys, contractors, assignors, assignees, and other persons acting under color of authority in active concert or participation with such entities were negligent as contemplated by 42 U.S.C. §1986 and then both conspired as contemplated by 42 U.S.C. §1985(3) and overtly acted to deny the plaintiff's family, the plaintiff's publishers, and the public each and every one of the following from November 14th, 2016, through the present: the freedom to associate with the plaintiff under the 1st Amendment and federal regulations; the ability to consort with the plaintiff; the freedom to read the plaintiff's writing under the 1st Amendment; and the ability to publish or otherwise share the plaintiff's writing under the 1st Amendment.
Response:

Request Number 26:
Admit that the violations against the plaintiff enumerated above in request numbers 1-25 (inclusive) gave rise to valid causes of action by the plaintiff under each and every one of the following: 5 U.S.C. §§ 701-706 inclusive; 42 U.S.C. §1986; 42 U.S.C. §1985(3); and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) against each and every one of the following perpetraitors of said violations: you, your predecessors in office, your codefendants in the above-captioned case, and your collective agents, officers, employees, servants, attorneys, contractors, assignees, assignors, and other persons acting under color of authority in active concert or participation with you for the aforementioned violations of each and every one of the following against the plaintiff: 28 CFR §§ 540.20(a), 541.25(a), 541.26(c), 541.31(a), 541.31(e), 541.31(f), 541.32(a), 541.33(a), and 551.4(c); FBOP PS 5270.11 §§ 1(a), 4, 6, 7, 12, 13, and 14; FBOP PS 5321.08 §10; FBOP PS 5265.14 §§ 2, 6, 8, and 12; FBOP PS 5800.16 §§ 3.9 and 3.16; the Due-Process Clause of the 5th Amendment; the Cruel-and-Unusual-Punishment Clause of the 8th Amendment; the Freedom-of-Speech, Freedom-of-the-Press, and Right-to-Petition clauses of the 1st Amendment; the freedom of association under the 1st Amendment; the rights to marital and familial consortium; the 6th-Amendment right to counsel; and rights under international law.
Response:

Request Number 27:
   Admit that you, your predecessors in office, your codefendants in the above-captioned case, and your collective agents, officers, employees, servants, attorneys, contractors, assignors, assignees, and other persons acting under color of authority in active concert or participation with you conspired and overtly acted to violate the plaintiff's rights under the New York State Constitution and New York State Law, including his rights as a medical patient, from November 14th, 2016, through the present.
Response:

Request Number 28:
   Admit that discoverable and admissible records of both an official and unofficial nature exist under your custody and control that prove beyond a reasonable doubt each and every one of the requested admissions above, and, further, that such records include, but are not limited to, emails, text messages, camera footage, medical records, inmate records, log-book entries, recorded audio, handwritten notes, your recollections, and records of in-person interviews, meetings, and teleconferences.
Response:

Request Number 29:
   Admit that the plaintiff in the above-captioned case was transferred to a "communications management unit" without sufficient Due Process and without the ability to attend any hearing whatsoever as a continuing violation and in continuance of the conspiracy referenced in request numbers 23, 25, and 26 above.
Response:

Request Number 30:
   Admit that you, your predecessors in office, your codefendants in the above-captioned case, and other in the Federal Bureau of Prisons conspire to violate your fidiciary responsibilities to taxpayers under federal law and regulations by utilitizing compensatory adjustments for Manhatten and Brooklyn to affect larger pensions for favored FBOP staff unnecessarily at taxpayer expense.
Response:


   Signed under oath and under penalty of perjury,



_____                    _____
Signature of Attorney for Eskar Tatum               Date



_____
Printed name of signatory

Substitute BP-8 Form:

   I kindly & respectfully ask that this be accepted in lieu of a BP-8 form, as my requests for a BP-8 have been fruitless for the past 9 days.

<u>INMATE'S COMMENTS:</u>

1. Complaint:

To: My MCC New York Unit Team,

   I am specifically requesting to be able to send special mail to:
Mr. David Kushner - Reporter - Rolling Stone
174 Nassau St, #357
Princeton, NJ 08542

   At first request, I was told through my attorney that I was being denied because Mr. Reid thought this address looked like a P.O. Box. This is both wrong and irrelevant. It is wrong because a P.O. Box address would not contain a street and street number in this case "174 Nassau Str." It is irrelevant because there are no prohibitions on P.O. Boxes I can find in Program Statement 5~~26~~ 5265.14 - Correspondence.
   Upon raising ~~these~~ these issues, I was subsequently ~~told~~ told there was doubt as to whether Rolling Stone qualifies as a news media. This argument is clearly specious and almost certainly disingenuous. Program Statement 5265.14 - Correspondence - Section 12 clearly states:
   "If there is doubt whether a representative qualifies, contact the Public Information Officer in the Central Office." This seems not to have been done, as there was uncertainty expressed in the denial and no mention that the Public Information Officer was ever contacted.
   Please follow BoP policy, and contact the Public Information Officer to resolve this issue.

2. Efforts made by you to informally resolve:
   I have inquired with Unit Manager Reich and my attorney has inquired with cansel hre.

3. Names of staff you contacted/Dates you contacted the staff:
   Unit Manager Reich - December 2016

Date returned to Correctional Counselour:
Inmate's Name (Last, First, Middle): Gottesdild Martin S.  Reg #: 12982-104
Date: January 29th, 2017

CORRECTIONAL COUNSELOUR'S COMMENTS:
1. Efforts made to informally resolve and staff contacted:

Date informally resolved:                    Canselor Signature:
Date BP-229 (13) Issued:                    Unit Manager:

<u>Substitute BP-8 Form:</u>
  I kindly & respectfully ask that this be accepted in the place of a BP-8 form, as my requests for a BP-8 have been fruitless for the past 9 days.

<u>INMATE'S COMMENTS:</u>
1. Complaint:
To: My MCC New York Unit Team,

  I am specifically ~~requesting~~ to speak to SIS regarding the law library incident on January 19th, 2017.

2. Efforts made by you to informally resolve:
  I asked to speak to SIS on Thursday, January 19th, 2017

3. Names of staff you contacted / Dates you contacted the staff:
  Lt. Lopez - Thursday, January 19th, 2017

Date returned to Correctional Counselor:
Inmate's Name (Last, First, Middle): Gottesfeld, Martin S.   Reg # : 12982-104
Date: January 29th, 2017

<u>CORRECTIONAL COUNSELOR'S COMMENTS:</u>
1. Efforts made to informally resolve and staff contacted:




Date informally resolved:                    Counselor Signature:
Date BP-229 (13) Issued:                     Unit Manager:

## CERTIFICATE OF SERVICE

I, Martin S. Gottesfeld, hereby certify that on Thursday, August 8th, 2019, I provided the foregoing documents to Ms. ~~Eisele~~ Wheeler of the FCI Terre Haute CMU unit team, acting in her official capacity as an agent for the defendants in the case of 18-cv-10836-PGG in The Honorable U.S. District Court for The Southern District of New York, for mailing to counsel for the aforementioned defendants in an envelope bearing sufficient first-class U.S. postage affixed pre-paid.

Signed,

_____
Martin S. Gottesfeld, pro se

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ Martin S. Gottesfeld, pro se,        │
│         Plaintiff                    │
│       - against -                    │
│ Hugh J. Hurwitz, et al.              │
└─────────────────────────────────────┘
```

Civil No.: 18-cv-10836-PGG

REQUEST FOR ADMISSIONS (FED. R. CIV. P. 36)

To: Anthony Bussonich
    Medical Director - Metropolitan Correctional Center (MCC) New York (Former)
    150 Park Row
    New York, NY 10007
    c/o The U.S. Attorneys Office for The Southern District of New York

      The plaintiff in the above-captioned case hereby requests that you admit,
under oath and under penalty of perjury, to ALL of the following matters
within thirty (30) days of this request for the purposes of the above-
captioned proceeding as required by Fed. R. Civ. P. 36(a)(3) and Fed. R. Civ.
P. 36(b). See also Houston v. Lack, 487 U.S. 266 (1988). This request is made
pursuant to Fed. R. Civ. P. 3, Fed. R. Civ. P. 26(a)(1)(B)(iv), Fed. R. Civ.
P. 26(a)(3), Fed. R. Civ. P. 26(d)(1), Fed. R. Civ. P. 26(f)(1), and Fed. R.
Civ. P. 36, which establishes the exempt status of this proceeding.

      Your responses hereto, if any, shall and will be signed by you personally
as so required by Fed. R. Civ. P. 26(g). Your responses shall and will be used
as the plaintiff in the above-captioned case deems in his sole discretion
necessary and proper in both the above-captioned case and any other legal
proceeding, whether judicial or extrajudicial. If you choose to add to these
affirmative admissions, or to supplement or to deny these affirmative
admissions, you must do so within the thirty (30) days alloted by Fed. R. Civ.
P. 36(a)(3). Otherwise, each and every matter set forth herein shall be
automatically deemed to be admitted and stipulated-to by you and firmly
established against you. Be so advised. You should attach additional pages
hereto if more space is required for your response.

Request Number 1:
      Admit that the plaintiff was placed in the special housing unit (SHU) at
Metropolitan Correctional Center (MCC) New York for the period of November
14th, 2016, through February 4th, 2017, inclusive; then the plaintiff was
placed in the SHU at Metropolitan Detention Center (MDC) Brooklyn for the
period of February 15th, 2019, through March 26th, 2019, inclusive; then the
plaintiff was placed in the SHU at Federal Transfer Center (FTC) Oklahoma City
for the period of March 26th, 2019, through April 1st, 2019, inclusive.
Response:


Request Number 2:
      Admit that in violation of 28 CFR §541.25(a) no administrative detention
order has ever been given to the plaintiff regarding his placement in any SHU
at any time by the Federal Bureau of Prisons (FBOP).
Response:

Request Number 3:
    Admit that in violation of 28 CFR §541.25(a) no administrative detention order existed regarding the plaintiff's placement in a SHU by the FBOP during the time the plaintiff was held in such SHU by the FBOP.
Response:


Request Number 4:
    Admit that in violation of 28 CFR §541.26(c) the plaintiff was never offered any opportunity to attend an administrative detention hearing regarding his placement in any SHU by the FBOP.
Response:


Request Number 5:
    Admit that in violation of 28 CFR §541.26(c) no administrative detention hearing was ever held regarding the plaintiff's placement in any SHU by the FBOP.
Response:


Request Number 6:
    Admit that the conditions of confinement in the SHU at MCC New York both while the plaintiff was held therein and continuing today would shock the conscience of a reasonable and objective outside observer and violate each and every one of the following: 28 CFR §§ 540.20(a), 541.31(a), 541.31(e), 541.31(f), 541.31(1), 541.32(a), 541.32(b), 541.33(a), and 551.4(c); FBOP Program Statement (PS) 5270.11 §§ 1(a), 4, 6, 7, 12, 13, and 14; FBOP PS 5321.08 §10; FBOP PS 5265.14 §§ 2, 6, 8, and 12; FBOP PS 5800.16 §3.16; the Due-Process Clause of the 5th Amendment; the Cruel-and-Unusual-Punishment Clause; and international law.
Response:


Request Number 7:
    Admit that the conditions of confinement in the SHU at MDC Brooklyn both while the plaintiff was held therein and continuing today would shock the conscience of a reasonable and objective outside observer and violate each and every one of the following: 28 CFR §§ 541.31(a), 541.31(c), 541.31(f), 541.32(a), 541.32(b), 541.33(a), and 551.4(c); FBOP PS 5270.11 §§ 1(a), 4, 6, 7, 12, 13, and 14; FBOP PS 5265.14 §6; FBOP PS 5800.16 §3.16; the Due-Process Clause of the 5th Amendment; and international law.
Response:


Request Number 8:
    Admit that the conditions of confinement in the SHU at FTC Oklahoma City both while the plaintiff was held therein and continuing today would shock the conscience of a reasonable and objective outside observer and violate each and every one of the following: 28 CFR §§ 541.31(1), 541.32(a), 541.32(b), 541.33(a), and 551.4(c); FBOP PS 5270.11 §§ 1(a), 4, 6, 7, 12, and 14; FBOP PS 5265.14 §8; FBOP PS 5800.16 §§ 3.9 and 3.16; the Due-Process Clause of the 5th Amendment; and international law.
Response:

Request Number 9:
    Admit that you, your predecessors in office, or both were aware of the
stated goals of the hunger strike waged by the plaintiff from October 3rd,
2016, through January 10th, 2017, and the legal nature of this strike as both
protected speech regarding matters of public concern and a protected petition
to the government for a redress of grievances.
Response:


Request Number 10:
    Admit that you, your predecessors in office, or both were aware well
before the plaintiff's arrival at MCC New York on November 14th, 2016, that
the interior of the MCC-New-York building is a threat to human life because it
is dilapidated, maintained in a constant state of dangerous and unsanitary
disrepair, and infested with rodents, roaches, and other insects.
Response:


Request Number 11:
    Admit that on November 15th, 2016, the plaintiff was intentionally placed
in a cold and leaky cell in the SHU at MCC New York by a correctional officer
named "Mungy," or similar, in deliberate retaliation against the plaintiff for
his assertion of his rights under the 1st Amendment and as a medical patient
in the State of New York.
Response:


Request Number 12:
    Admit that shortly before the plaintiff was transferred out of MCC New
York, the plaintiff asked for a quantity of ten (10) BP-8 forms from a member
of the MCC SHU unit team who was acting in his official capacity as an agent
of the FBOP and as an appropriate source of administrative remedy forms under
both 28 CFR §542.14(c)(1) and FBOP PS 1330.18 §8, and that this member of the
MCC SHU unit team responded to the plaintiff by telling him, "I'm not giving
you ten BP-8s."
Response:


Request Number 13:
    Admit that the attached documents are authentic hand-drawn substitute
BP-8 forms to which the plaintiff resorted in an effort to utilize the FBOP's
administrative remedy program and which members of the MCC SHU unit team
received from the plaintiff while acting in their official capacity as agents
of the FBOP and as appropriate recipients of administrative remedy forms
designated under both 28 CFR §542.14(c)(4) and FBOP PS 1330.18 §8, but that
these hand-drawn BP-8 substitute forms were never filed in the administrative
remedy system by said members of the MCC New York SHU unit team.
Response:


Request Number 14:
    Admit that as a standard practice and matter of course, FBOP unit team
staff members designated under both 28 CFR §542.14(c)(4) and FBOP PS 1330.18
§8, specifically including the unit staff at the SHUs at both MCC New York and
MDC Brooklyn during the periods the plaintiff was at each respective facility,
routinely fail to log BP-8s and BP-9s they receive from inmates into the
official system used to log such requests.
Response:

- Page 3 of 7 -

Request Number 15:
      Admit that an incident took place in the MCC New York SHU law library
that precluded the plaintiff from using the FBOP's administrative remedy
process by cutting off his ability to do the legal and procedural research
required to use the administrative remedy process properly and that the
plaintiff's subsequent efforts to resolve the aforementioned incident through
discussion with the internal-investigation personnel of MCC New York, i.e. its
S.I.S. personnel, were more than reasonably sufficient and yet utterly
fruitless.
Response:


Request Number 16:
      Admit that as a direct and proximate result of the acts and omissions of
yourself, your predecessors in office, your codefendants, and the agents,
officers, employees, attorneys, servants, contractors, assignees, assignors,
and other such persons acting under color of authority in active concert or
participation with such entities, the FBOP's administrative remedy procedures
were totally, completely, and irrevocably rendered unavailable to the
plaintiff for use addressing any and all events and circumstances arising out
of his confinement in the SHU at MCC New York.
Response:


Request Number 17:
      Admit that as a matter of both law and fact, the transfer of the
plaintiff out of MCC New York rendered the FBOP's administrative remedy
program unavailable to the plaintiff for the pursuit of any and all matters
arising out of the plaintiff's confinement in the SHU at MCC New York.
Response:


Request Number 18:
      Admit that the plaintiff asked a unit-team member designated as a proper
source for administrative-remedy forms both under 28 CFR §542.14(c)(1) and
FBOP PS 1330.18 §8 for a BP-8 upon notice on February 15th, 2019, that the
plaintiff would be placed in the SHU at MDC Brooklyn but that such person
instead handed the plaintiff a "Inmate Request to Staff," or "cop-out," form.
Response:


Request Number 19:
      Admit that during the plaintiff's entire stay in the SHU at MDC Brooklyn
from February 15th, 2019, through March 26th, 2019, inclusive, the plaintiff
only saw unit-team staff designated as a proper source for administrative-
remedy forms both under 28 CFR §542.14(c)(1) and FBOP PS 1330.18 §8 on one (1)
single, solitary, occasion, thus rendering the FBOP's administrative-remedy
procedures unavailable to the plaintiff during his entire stay in the SHU at
MDC Brooklyn because any administrative-remedy form(s) he could have received
would have been unsubmittable by him to the proper staff designated under both
28 CFR §542.14(c)(4) and FBOP PS 1330.18 §8 whom he never again saw.
Response:

Request Number 20:

    Admit that the plaintiff never saw unit-team staff designated as a proper source for administrative-remedy forms both under 28 CFR §542.14(c)(1) and FBOP PS 1330.18 §8, and therefore as a matter of both fact and law the FBOP's administrative-remedy procedures were rendered totally, completely, and irrevocably unavailable to the plaintiff for all matters arising out of his confinement at FTC Oklahoma from March 26th, 2019, through April 1st, 2019, inclusive.

Response:

Request Number 21:

    Admit that pursuant to 28 U.S.C. §1738, in all matters that transpire in New York, the New York State Constitution is binding upon you, your predecessors in office, your codefendants, your agents, employees, servants, officers, assignors, assignees, attorneys, contractors, and other such person or persons acting under color of authority in active concert or participation with such entities.

Response:

Request Number 22:

    Admit that you became fully aware of the complaint in the above-captioned case and the full text of the complaint on Sunday, February 3rd, 2019, well ahead of the formal service of summons by the U.S. Marshals Service, due to the Plaintiff's article on the front page of The Intercept on that same day, under the title, "Inside El Chapo's Confinement: Cockroaches, Frigid Temperatures, Tacos, and a Three-Lieutenant Escort," linking to the complaint.

Response:

Request Number 23:

    Admit that you, your predecessors in office, your codefendants in the above-captioned case, as well as your collective agents, officers, employees, servants, attorneys, contractors, assignors, assignees, and other persons acting under color of authority in active concert or participation with such entities both conspired and overtly acted to deny the plaintiff each and every one of the following from November 14th, 2016, through the present: all ability to voice his concerns over any medium regarding a number of discrete topics of public concern in violation of the Free-Speech Clause of the 1st Amendment; his 6th-Amendment right to counsel; his ability to publish under the Freedom-of-the-Press Clause of the 1st Amendment; his rights under the 1st Amendment to freedom of association; his rights to marital and familial consortium; his rights under the Due-Process Clause of the 5th Amendment; his right to be free from cruel and unusual punishment under the 8th Amendment; his rights under international law; his rights under 28 CFR §§ 540.20(a), 541.25(a), 541.26(c), 541.31(a), 541.31(e), 541.31(f), 541.31(1), 541.32(a), 541.33(a), 551.4(c); FBOP PS 5270.11 §§ 1(a), 4, 6, 7, 12, 13, and 14; FBOP PS 5321.08 §10; FBOP PS 5265.14 §§ 2, 6, 8, and 12; and FBOP PS 5800.16 §§ 3.9 and 3.16.

Response:

Request Number 24:
    Admit that prior to entering the conspiracy referenced above in request number 23 above and prior to the corresponding overt acts also referenced therein, both you and your predecessors in office were negligent as contemplated by 42 U.S.C. §1986 for not taking the required action to prevent the aforementioned acts in request number 23 above.
Response:.

Request Number 25:
    Admit that you, your predecessors in office, your codefendants in the above-captioned case, as well as your collective agents, officers, employees, servants, attorneys, contractors, assignors, assignees, and other persons acting under color of authority in active concert or participation with such entities were negligent as contemplated by 42 U.S.C. §1986 and then both conspired as contemplated by 42 U.S.C. §1985(3) and overtly acted to deny the plaintiff's family, the plaintiff's publishers, and the public each and every one of the following from November 14th, 2016, through the present: the freedom to associate with the plaintiff under the 1st Amendment and federal regulations; the ability to consort with the plaintiff; the freedom to read the plaintiff's writing under the 1st Amendment; and the ability to publish or otherwise share the plaintiff's writing under the 1st Amendment.
Response:

Request Number 26:
    Admit that the violations against the plaintiff enumerated above in request numbers 1-25 (inclusive) gave rise to valid causes of action by the plaintiff under each and every one of the following: 5 U.S.C. §§ 701-706 inclusive; 42 U.S.C. §1986; 42 U.S.C. §1985(3); and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) against each and every one of the following perpetraitors of said violations: you, your predecessors in office, your codefendants in the above-captioned case, and your collective agents, officers, employees, servants, attorneys, contractors, assignees, assignors, and other persons acting under color of authority in active concert or participation with you for the aforementioned violations of each and every one of the following against the plaintiff: 28 CFR §§ 540.20(a), 541.25(a), 541.26(c), 541.31(a), 541.31(e), 541.31(f), 541.32(a), 541.33(a), and 551.4(c); FBOP PS 5270.11 §§ 1(a), 4, 6, 7, 12, 13, and 14; FBOP PS 5321.08 §10; FBOP PS 5265.14 §§ 2, 6, 8, and 12; FBOP PS 5800.16 §§ 3.9 and 3.16; the Due-Process Clause of the 5th Amendment; the Cruel-and-Unusual-Punishment Clause of the 8th Amendment; the Freedom-of-Speech, Freedom-of-the-Press, and Right-to-Petition clauses of the 1st Amendment; the freedom of association under the 1st Amendment; the rights to marital and familial consortium; the 6th-Amendment right to counsel; and rights under international law.
Response:

Request Number 27:
    Admit that you, your predecessors in office, your codefendants in the above-captioned case, and your collective agents, officers, employees, servants, attorneys, contractors, assignors, assignees, and other persons acting under color of authority in active concert or participation with you conspired and overtly acted to violate the plaintiff's rights under the New York State Constitution and New York State Law, including his rights as a medical patient, from November 14th, 2016, through the present.
Response:


Request Number 28:
    Admit that discoverable and admissible records of both an official and unofficial nature exist under your custody and control that prove beyond a reasonable doubt each and every one of the requested admissions above, and, further, that such records include, but are not limited to, emails, text messages, camera footage, medical records, inmate records, log-book entries, recorded audio, handwritten notes, your recollections, and records of in-person interviews, meetings, and teleconferences.
Response:


Request Number 29:
    Admit that the plaintiff in the above-captioned case was transferred to a "communications management unit" without sufficient Due Process and without the ability to attend any hearing whatsoever as a continuing violation and in continuance of the conspiracy referenced in request numbers 23, 25, and 26 above.
Response:


Request Number 30:
    Admit that you, your predecessors in office, your codefendants in the above-captioned case, and other in the Federal Bureau of Prisons conspire to violate your fidiciary responsibilities to taxpayers under federal law and regulations by utilitizing compensatory adjustments for Manhatten and Brooklyn to affect larger pensions for favored FBOP staff unnecessarily at taxpayer expense.
Response:



    Signed under oath and under penalty of perjury,



_____                    _____
Signature of Attorney for Anthony Bussonich                        Date



_____
Printed name of signatory

Substitute BP-8 Form:

   I kindly & respectfully ask that this be accepted in lieu of a BP-8 form, as my requests for a BP-8 have been fruitless for the past 9 days.

INMATE'S COMMENTS:

1. Complaint:

To: My MCC New York Unit Team,

   I am specifically requesting to be able to send special mail to:

Mr. David Kushner - Reporter - Rolling Stone
174 Nassau St, #357
Princeton, NJ 08542

   At first request I was told through my attorney that I was being denied because Mr. Reid thought this address looked like a P.O. Box. This is both wrong and irrelevant. It is wrong because a P.O. Box address would not contain a street and street number in this case "174 Nassau Str." It is irrelevant because there are no prohibitions on P.O. Boxes I can find in Program Statement 5265.14 - Correspondence.

   Upon raising these issues, I was subsequently told there was doubts as to whether Rolling Stone qualifies as a news media. This argument is clearly specious and almost certainly disingenuous. Program Statement 5265.14 - Correspondence - Section 12 clearly states:

   "If there is doubt whether a representative qualifies, contact the Public Information Officer in the Central Office." This seems not to have been done, as there was uncertainty expressed in the denial and no mention that the Public Information Officer was ever contacted.

   Please follow BoP policy, and contact the Public Information Officer to resolve this issue.

1⟶

2. Efforts made by you to informally resolve:
   I have inquired with Unit Manager Reid and my attorney has inquired with cansel here.


3. Names of staff you contacted / Dates you contacted the staff:
   Unit Manager Reid - December 2016


Date returned to Correctional Counselor:
Inmate's Name (Last, First, Middle): Gottesdile Martin S.   Reg #: 42982-104
Date: January 29th, 2017


CORRECTIONAL COUNSELOR'S COMMENTS:
1. Efforts made to informally resolve and staff contacted:














Date informally resolved:                    Conselor Signature:
Date BP-229 (13) Issued:                      Unit Manager:

Substitute BP-8 Form:

I kindly & respectfully ask that this be accepted in the place of a BP-8 Form, as my requests for a BP-8 have been fruitless for the past 9 days.

INMATE'S COMMENTS:

1. Complaint:
To: My MCC New York Unit Team,

I am specifically requesting to speak to SIS regarding the law library incident on January 19th, 2017.

2. Efforts made by you to informally resolve:
I asked to speak to SIS on Thursday, January 19th, 2017

3. Names of staff you contacted/Dates you contacted the staff:
Lt. Lopez - Thursday, January 19th, 2017

Date returned to Correctional Counselor:
Inmate's Name (Last, First, Middle): Gottesfeld, Martin S.  Reg #: 12982-104
Date: January 29th, 2017

CORRECTIONAL COUNSELOR'S COMMENTS:

1. Efforts made to informally resolve and staff contacted:

Date informally resolved:                          Counselor Signature:
Date BP-229 (13) Issued:                          Unit Manager:

<u>CERTIFICATE OF SERVICE</u>

I, Martin S. Gottesfeld, hereby certify that on Thursday, August 8th, 2019, I provided the foregoing documents to Ms. ~~Eisele~~ Wheeler of the FCI Terre Haute CMU unit team, acting in her official capacity as an agent for the defendants in the case of 18-cv-10836-PGG in The Honorable U.S. District Court for The Southern District of New York, for mailing to counsel for the aforementioned defendants in an envelope bearing sufficient first-class U.S. postage affixed pre-paid.

Signed,

_____
Martin S. Gottesfeld, pro se

Exhibit 2

Martin S. Gottesfeld
Reg. No.: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

U.S. Attorney's Office
The Southern District of New York
Attention: Alexander J. Hogan, Esq.
1 St. Andrew's Plaza
New York, NY 10007

Thursday, September 19th, 2019

In re: Notice of Acceptance
        Request for Admissions
        Case no.: <u>18-cv-10836-PGG</u>
        U.S. District Court

To Whom It May Concern:

        This shall serve as Notice to the respondent, <u>Hugh J. Hurwitz                </u>;
who is your client in this instant case; that the admissions dated and served
<u>August 8th, 2019.            </u> in accordance with <u>Fed. R. Civ. P. 5</u>, <u>Fed. R. Civ.
P. 36(a)(3)</u>, <u>Fed. R. Civ. P. 36(b)</u>, <u>Fed. R. Civ. P. 3</u>, <u>Fed. R. Civ. P.
26(a)(1)(B)(iv)</u>, <u>Fed. R. Civ. P. 26(a)(3)</u>, <u>Fed. R. Civ. P. 26(d)(1)</u>, <u>Fed. R.
Civ P. 26(f)(1)</u>, <u>Fed. R. Civ. P. 36</u>, and <u>Houston v. Lack, 487 U.S. 266 (1988)</u>;
have not been responded-to as requested. Since the respondent--your client--
has elected not to respond as mandated in the Federal Rules of Civil Procedure
had the respondent wished to add to, supplement, or deny these conclusive <u>Fed.
R. Civ. P. 36</u> admissions, the respondent and this Defendant are hereby Noticed
that the respondent's admissions are now accepted.

        These duly-accepted <u>Fed. R. Civ. P. 36</u> admissions are the respondent's
conclusive and affirmative admission to each and every issue and matter as
delineated therein and the respondent's confirmation as to the authenticity
and legitimacy of the documents affixed thereto, in accordance with <u>Fed. R.
Civ P. 36(a)(1)(B)</u>, <u>Fed. R. Civ. P. 36(a)(2)</u>, <u>Fed. R. Civ. P. 36(a)(3)</u>, <u>Fed.
R. Civ. P. 36(a)(4)</u>, <u>Fed. R. Civ. P. 36(a)(5)</u>, and <u>Fed. R. Civ. P. 36(b)</u>.

        The respondent's admissions shall now and forevermore have res-judicata--
like effect, to be used in this instant proceeding, and any and all judicial
and extrajudicial proceedings as this Plaintiff in his sole discretion deems
appropriate and necessary, re full disclosure and utilization as to the truth
of the admitted matters.

        This plaintiff hereby certifies pursuant to <u>28 U.S.C. §1746</u> that the
foregoing is all true, accurate, correct, certain, complete, and herewith
accepted.

        Sincerely,

by: <u>Martin S. Gottesfeld, pro se, Plaintiff</u>
    Reg. No.: 12982-104
    Federal Correctional Institution
    P.O. Box 33
    Terre Haute, IN 47808

- Page 1 of 1 -

Martin S. Gottesfeld
Reg. No.: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

U.S. Attorney's Office
The Southern District of New York
Attention: Alexander J. Hogan, Esq.
1 St. Andrew's Plaza
New York, NY 10007

Thursday, September 19th, 2019

In re: Notice of Acceptance
       Request for Admissions
       Case no.: 18-cv-10836-PGG
       U.S. District Court

To Whom It May Concern:

This shall serve as Notice to the respondent, David Anderson ;
who is your client in this instant case; that the admissions dated and served August 8th, 2019, in accordance with Fed. R. Civ. P. 5, Fed. R. Civ. P. 36(a)(3), Fed. R. Civ. P. 36(b), Fed. R. Civ. P. 3, Fed. R. Civ. P. 26(a)(1)(B)(iv), Fed. R. Civ. P. 26(a)(3), Fed. R. Civ. P. 26(d)(1), Fed. R. Civ P. 26(f)(1), Fed. R. Civ. P. 36, and Houston v. Lack, 487 U.S. 266 (1988); have not been responded-to as requested. Since the respondent--your client-- has elected not to respond as mandated in the Federal Rules of Civil Procedure had the respondent wished to add to, supplement, or deny these conclusive Fed. R. Civ. P. 36 admissions, the respondent and this Defendant are hereby Noticed that the respondent's admissions are now accepted.

These duly-accepted Fed. R. Civ. P. 36 admissions are the respondent's conclusive and affirmative admission to each and every issue and matter as delineated therein and the respondent's confirmation as to the authenticity and legitimacy of the documents affixed thereto, in accordance with Fed. R. Civ P. 36(a)(1)(B), Fed. R. Civ. P. 36(a)(2), Fed. R. Civ. P. 36(a)(3), Fed. R. Civ. P. 36(a)(4), Fed. R. Civ. P. 36(a)(5), and Fed. R. Civ. P. 36(b).

The respondent's admissions shall now and forevermore have res-judicata-- like effect, to be used in this instant proceeding, and any and all judicial and extrajudicial proceedings as this Plaintiff in his sole discretion deems appropriate and necessary, re full disclosure and utilization as to the truth of the admitted matters.

This plaintiff hereby certifies pursuant to 28 U.S.C. §1746 that the foregoing is all true, accurate, correct, certain, complete, and herewith accepted.

Sincerely,

by: Martin S. Gottesfeld, pro se, Plaintiff
    Reg. No.: 12982-104
    Federal Correctional Institution
    P.O. Box 33
    Terre Haute, IN 47808

- Page 1 of 1 -

Martin S. Gottesfeld
Reg. No.: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

U.S. Attorney's Office
The Southern District of New York
Attention: Alexander J. Hogan, Esq.
1 St. Andrew's Plaza
New York, NY 10007

Thursday, September 19th, 2019

In re: Notice of Acceptance
       Request for Admissions
       Case no.: 18-cv-10836-PGG
       U.S. District Court

To Whom It May Concern:

This shall serve as Notice to the respondent, Esker Tatum                    ;
who is your client in this instant case; that the admissions dated and served
August 8th, 2019,          in accordance with Fed. R. Civ. P. 5, Fed. R. Civ.
P. 36(a)(3), Fed. R. Civ. P. 36(b), Fed. R. Civ. P. 3, Fed. R. Civ. P.
26(a)(1)(B)(iv), Fed. R. Civ. P. 26(a)(3), Fed. R. Civ. P. 26(d)(1), Fed. R.
Civ P. 26(f)(1), Fed. R. Civ. P. 36, and Houston v. Lack, 487 U.S. 266 (1988);
have not been responded-to as requested. Since the respondent--your client--
has elected not to respond as mandated in the Federal Rules of Civil Procedure
had the respondent wished to add to, supplement, or deny these conclusive Fed.
R. Civ. P. 36 admissions, the respondent and this Defendant are hereby Noticed
that the respondent's admissions are now accepted.

These duly-accepted Fed. R. Civ. P. 36 admissions are the respondent's
conclusive and affirmative admission to each and every issue and matter as
delineated therein and the respondent's confirmation as to the authenticity
and legitimacy of the documents affixed thereto, in accordance with Fed. R.
Civ P. 36(a)(1)(B), Fed. R. Civ. P. 36(a)(2), Fed. R. Civ. P. 36(a)(3), Fed.
R. Civ. P. 36(a)(4), Fed. R. Civ. P. 36(a)(5), and Fed. R. Civ. P. 36(b).

The respondent's admissions shall now and forevermore have res-judicata--
like effect, to be used in this instant proceeding, and any and all judicial
and extrajudicial proceedings as this Plaintiff in his sole discretion deems
appropriate and necessary, re full disclosure and utilization as to the truth
of the admitted matters.

This plaintiff hereby certifies pursuant to 28 U.S.C. §1746 that the
foregoing is all true, accurate, correct, certain, complete, and herewith
accepted.

Sincerely,

by: Martin S. Gottesfeld, pro se, Plaintiff
Reg. No.: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

- Page 1 of 1 -

Martin S. Gottesfeld
Reg. No.: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

U.S. Attorney's Office
The Southern District of New York
Attention: Alexander J. Hogan, Esq.
1 St. Andrew's Plaza
New York, NY 10007

Thursday, September 19th, 2019

In re: Notice of Acceptance
       Request for Admissions
       Case no.: 18-cv-10836-PGG
       U.S. District Court

To Whom It May Concern:

    This shall serve as Notice to the respondent, Anthony Bussanich         ;
who is your client in this instant case; that the admissions dated and served
August 8th, 2019,        in accordance with Fed. R. Civ. P. 5, Fed. R. Civ.
P. 36(a)(3), Fed. R. Civ. P. 36(b), Fed. R. Civ. P. 3, Fed. R. Civ. P.
26(a)(1)(B)(iv), Fed. R. Civ. P. 26(a)(3), Fed. R. Civ. P. 26(d)(1), Fed. R.
Civ P. 26(f)(1), Fed. R. Civ. P. 36, and Houston v. Lack, 487 U.S. 266 (1988);
have not been responded-to as requested. Since the respondent--your client--
has elected not to respond as mandated in the Federal Rules of Civil Procedure
had the respondent wished to add to, supplement, or deny these conclusive Fed.
R. Civ. P. 36 admissions, the respondent and this Defendant are hereby Noticed
that the respondent's admissions are now accepted.

    These duly-accepted Fed. R. Civ. P. 36 admissions are the respondent's
conclusive and affirmative admission to each and every issue and matter as
delineated therein and the respondent's confirmation as to the authenticity
and legitimacy of the documents affixed thereto, in accordance with Fed. R.
Civ P. 36(a)(1)(B), Fed. R. Civ. P. 36(a)(2), Fed. R. Civ. P. 36(a)(3), Fed.
R. Civ. P. 36(a)(4), Fed. R. Civ. P. 36(a)(5), and Fed. R. Civ. P. 36(b).

    The respondent's admissions shall now and forevermore have res-judicata--
like effect, to be used in this instant proceeding, and any and all judicial
and extrajudicial proceedings as this Plaintiff in his sole discretion deems
appropriate and necessary, re full disclosure and utilization as to the truth
of the admitted matters.

    This plaintiff hereby certifies pursuant to 28 U.S.C. §1746 that the
foregoing is all true, accurate, correct, certain, complete, and herewith
accepted.

    Sincerely,

by: Martin S. Gottesfeld, pro se, Plaintiff
    Reg. No.: 12982-104
    Federal Correctional Institution
    P.O. Box 33
    Terre Haute, IN 47808

- Page 1 of 1 -