

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| Martin S. Gottesfeld, pro se, Plaintiff<br>- against -<br>Hugh J. Hurwitz, et al., Defendants |
|---|

Case No.: 18-cv-10836-PGG-GWG

MOTION FOR RELIEF (FED. RULES CIV. P. 57 AND 65)

Plaintiff Martin S. Gottesfeld (herein "plaintiff"), acting pro se, hereby moves The Honorable Court for relief pursuant to Fed. R. Civ. P. 65, Fed R. Civ. P. 57, and 28 U.S.C. §§ 2201 and 2202 (The Declaratory Judgment Act).

The plaintiff herein reincorporates by reference all of his previous arguments from the following docket entry numbers in the instant case: 68, 69, 79, 80, and 84.

The plaintiff further notes, "If a pro se litigant pleads facts that would entitle him to relief, that petition should not be dismissed because the litigant did not correctly identify the statute or rule of law that provides the relief he seeks." Thompson v. Choinski, 525 F.3d 205, 209-210 (2d Cir. 2007) (citing Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) and Moorish Science Temple of Am., Inc. v. Smith, 693 F.2d 987, 989 (2d Cir. 1982)).

In accordance with Castro v. United States, 540 U.S. 375 (2003), The Court must also notify the plaintiff before construing his pleadings in a manner that would subsequently deny him his rights.

In United States v. Brown, 623 F.3d 104, 113 n. 5 (2d Cir. 2010), for example, The Second Circuit ruled that a petition explicitly labeled by a pro se litigant as a request for relief under § 2241 nonetheless should have been construed and considered under Rule 33.

The issue before The Court in the incorporated motions cannot be mooted by the plaintiff's transfer outside the district because the plaintiff continues to complain of the same interference noted in the instant complaint, D.E. 2, that prevents him from publishing specific news articles that the defendants wish to block. Perez v. Arnone, 600 Fed. Appx. 20, 22-23 (2d Cir. 2015) (citing Davis v. New York, 316 F.3d 93, 99 (2d Cir. 2002) (injunctive relief not mooted by transfer where prisoner complained that the problem persisted after transfer)).

Further, the issue cannot be mooted because it is capable of repetition yet evading review. Rastelli v. Warden, Metropolitan Correctional Center, 782 F.2d 17, 20 (2d Cir. 1986) "II. Mootness" (citing Weinstein v. Bradford, 423 U.S 147, 149 (1975) (per curiam)). Indeed, that is precisely what has happened.

Finally, the plaintiff notes that The Second Circuit has long held that The Constitution itself implies an injunctive remedy against repeated constitutional violations of the instant type. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 409 F.2d 718, 723 (2d Cir. 1969) (rev'd on other grounds 403 U.S. 388 (1971)). For these reasons, the plaintiff requests that The Court grant the TRO and declaratory judgments he previously requested.

Respectfully mailed and filed pursuant to the prison-mailbox rule of Houston v. Lack, 487 U.S. 266 (1988), on Tuesday, November 19th, 2019, in an envelope bearing sufficient affixed pre-paid first-class U.S. postage and U.S. Postal Service tracking number 9114 9023 0722 4291 7459 89, handed to Ms. J. Wheeler of the FCI Terre Haute CMU unit team at the next opportunity for mailing in her official capacity as an agent of the defendants,

by: /s/ Martin S. Gottesfeld
Martin S. Gottesfeld, pro se
Reg. No.: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

CERTIFICATE OF SERVICE

I, Martin S. Gottesfeld, pro se, hereby certify that on Tuesday, November 19th, 2019, I mailed a copy of the foregoing document to counsel for the defendants in the above-captioned case pursuant to the prison-mailbox rule of Houston v. Lack, 487 U.S. 266 (1988), by handing such copy at the next opportunity to Ms. J. Wheeler of the FCI Terre Haute CMU unit team for mailing in her official capacity as an agent of the defendants.

by: _____
Martin S. Gottesfeld, pro se

Correctional Industries
33
[...]te, IN 47808

UNITED STATES
POSTAL SERVICE

PS TRACKING #

23 0722 4291 7459 89

12982-104
U S District Court
Pro Se Clerk
500 Pearl ST
NEW YORK, NY 10007
United States

USPS

Tuesday, November 19th, 2019, Houston v. Lack, 487 U.S. 266 (1988)

RECEIVED DEC -4 2019 PRO SE OFFICE