Martin S. Gottesfeld
Reg. No.: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

The Honorable Paul G. Gardephe
United States District Court Judge
The Southern District of New York
500 Pearl St.
New York, NY 10007

Thursday, November 21st, 2019

In re: Gottesfeld v. Hurwitz, et al., 18-cv-10836-PGG-GWG, docket entry 88

Dear Judge Gardephe:

    I hope that my letter finds Your Honor well.

    I write to clarify a false averment in the defendants' November 14th, 2019, letter, found at docket entry number eighty-eight (88) in the instant case, and also to raise to Your Honor's attention that this false averment is merely the latest continuing a disturbing trend. This trend, in turn, underscores the prudence of my preemptive requests to be heard prior to The Court taking any action based upon averments by the defendants' counsel.

    In the defendants' letter, counsel falsely asserts that I violated The Court's scheduling order. In fact, though, I have always filed a timely motion for an extension when necessary. Agents of the defendants and of their counsel delayed these motions from reaching the Pro Se Clerk's Office by up to three (3) weeks. While counsel for the defendants refuse to recognize The Supreme Court's precedential decision in Houston v. Lack, 487 U.S. 266 (1988), which created the well-known prison-mailbox rule, my motions were timely and likely would have reached The Court prior to the passing of any filing deadlines had agents of the defendants' counsel not unduly delayed their mailing.

    To be clear: the delays about which the defendants' counsel complains are the responsibility of himself and of his agents.

    Please cf. docket entries 28 and 16. It is not I who have violated Your Honor's scheduling orders.

    Earlier, counsel for the defendants argued Sandin--a decision that he knew or surely should know was ruled inapplicable by The Second Circuit when it comes to cases involving the rights of pre-trial detainees, such as this one. At the same time, counsel for the defendants omitted Tellier v. Scott and a wealth of other clearly-controlling precedential decisions. It was surely difficult for the defendants' counsel to cherry-pick around such an overwhelming amount of adverse-yet-applicable precedent in a thirty-four-(34)-page memorandum.

    In docket entry 86, the defendants' counsel then falsely claimed that I filed a motion for an extension "without further elaboration on what [I] was unable to receive" when his agents neglected to deliver to me critical supplies, including typewriter ribbon, manilla envelopes, and postage stamps. In reality, however--and as anyone can see on PACER--I previously specified exactly such a list in docket entry 81 at 5.

    The procedural posture from earlier in 2019 leaves me greatly concerned that I will be denied the opportunity to confront such inaccuracies prior to entries of orders or judgments based thereupon in the near future. For example, The Court adjourned conferences sine die based upon filings by the defendants' counsel without providing me any opportunity whatsoever to be

heard in response to those filings. The false averments made by the defendants counsel on an ongoing basis demonstrate the need for Your Honor to hear me before relying on anything filed on behalf of the defendants.

    Of course, "justice must satisfy the appearance of justice." <u>Offutt v. United States</u>, 348 U.S. 11, 14 (1954).

    I thank Your Honor for hearing me now,

*/s/ Martin S. Gottesfeld*

Martin S. Gottesfeld, pro se

CC: Counsel for the defendants

