United States District Court
Southern District of New York

Martin S. Gottesfeld, pro se,
　　Plaintiff
　－against－
Hugh J. Hurwitz, et al.

Case No.: 18-cv-10836-PGG-GWG

RECEIVED JAN - 2 2020 PRO SE OFFICE

## EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER

Plaintiff Martin S. Gottesfeld (herein "plaintiff"), acting pro se, hereby moves The Honorable Court on an emergency basis to issue a temporary restraining order (herein a "TRO") prohibiting the instant defendants and their agents, attorneys, employees, contractors, assignees, assignors, and other parties in privity from force-feeding the instant plaintiff or otherwise treating him medically without his consent in the absence of an order allowing them to do so issued by The Court upon its determination of a medical emergency and the Constitutionality of the circumstances.

In support of this motion, the plaintiff hereby incorporates herein by reference his pending EMERGENCY MOTION FOR HEARING AND ORDER REQUIRING COUNSEL FOR THE DEFENDANTS TO SHOW CAUSE FOR VIOLATIONS OF LOC. CIV. R. 1.5(b)(5) AND NEW YORK R. PROF. COND. 1.16(a), filed pursuant to the prison-mailbox rule of Houston v. Lack, 487 U.S. 266 (1988), on Thursday, December 12th, 2019, and his pending CLAIM FOR MANDATORY JUDICIAL NOTICE (FED. R. CIV. P. EVID. 201(c)(2)), filed pursuant to the prison-mailbox rule on Saturday, December 14th, 2019.

The plaintiff also herewith provides Exhibit 1 hereto, Declaration of Martin S. Gottesfeld; Exhibit 2 hereto, notification of pending motion to FCI Terre Haute Medical Department; and Exhibit 3 hereto, request for the preservation of evidence against spoliation or other loss.

The plaintiff's hunger-strike is Constitutionally-protected speech, protesting with a particularized message the ongoing violations of Loc. Civ. R. 1.5(b)(5) and N.Y. R. Prof. Cond. 1.16(a) by counsel for the defendants. Please see Bondo v. Gomez and D.E. 101.

The threatened behavior, indeed the threats themselves, are repetitive Constitutional violations specifically alleged against agents of the instant defendants in the instant case, which seeks explicitly injunctive relief, Id. and D.E. 2.

Construal of the instant motion as a petition under §2241 is inappropriate, explicitly declined by the plaintiff, and would violate Castro v. United States because the plaintiff is not required to elect between remedies, Thompson v. Choinski, and he is entitled to injunctive relief under The Constitution, Bivens (2d Cir.) (rev'd on other grounds by The Supreme Court).

Should The Court have any questions about the instant motion, then the plaintiff requests a hearing on an emergency basis.

The plaintiff notes that Exhibit 1 ¶¶ 23-24 to his CLAIM FOR MANDATORY JUDICIAL NOTICE (FED. R. EVID. 201(c)(2)), filed on this same day also applies to the instant motion.

The plaintiff further notes Smith v. Coughlin, 748 F.2d 783, 789 (2d Cir. 1984) (citing Carey v. Piphus, 435 U.S. 247, 267 (1978)) (nominal damages appropriate for custodians' interference with detainee's attorney-client communications).

2 of 3

Respectfully filed on Saturday, December 14th, 2019, pursuant to the prison-mailbox rule of Houston v. Lack, 487 U.S. 266 (1988), by mailing to the Court in an envelope bearing sufficient affixed pre-paid first-class ~~postage~~ U.S. postage, handed to Ms. S. Wheeler of the FCI Terre Haute CMU Unit Team on that date or the first opportunity thereafter, acting in her official capacity as an agent of the defendants,

by: /s/ MG
Martin S. Gottesfeld, pro se
Reg. No.: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

Exhibit 1

<u>Declaration of Martin S. Gottesfeld:</u>

I, Martin S. Gottesfeld, declare pursuant to 28 U.S.C. § <u>1746(1)</u> that on this 14th day of December, 2019, the following is true and correct under the penalty of perjury under the laws of The United States:

1. My name is Martin S. Gottesfeld and I am the sole plaintiff in the case of <u>Gottesfeld v. Hurwitz, et al.</u>, 18-cv-10836-PGG-GWG (hereafter "the case"), currently pending before The Honorable United States District Court for The Southern District of New York (hereafter "The Court").

2. Yesterday, Friday, December 13th, 2019, at approximately 12:45 P.M., R.N. Worthington of the FCI Terre Haute Medical Department specifically and explicitly threatened me with involuntary forced-feeding while acting in his official capacity as an agent of the defendants in the case and their counsel.

3. I have requested, formally and in writing, the preservation of audio and video surveillance of the above interaction between myself and R.N. Worthington in order to protect it from spoliation or other loss (Exhibit 3), and while there is more that I could say at this juncture, doing so might prejudice future claims.

I declare under penalty of perjury under the laws of The United States that the foregoing is true and correct. Executed on Saturday, December 14th, 2019:

by: [signature]
Martin S. Gottesfeld

1 of 1

Exhibit 2

To: Medical
From: Martin S. Gottesfeld (Reg. No.: 12982-104)
Date: Saturday, December 14th, 2019
Subject: Notification of The Court

Salutations Medical Department,

   I hope you are well.
   Please be advised that pursuant to the prison-mailbox rule of Houston v. Lack, 487 U.S. 266 (1988), I have filed for an emergency temporary restraining order (TRO) prohibiting the medical department from in any way treating me against my will, specifically to include force-feeding.
   Should you wish to treat me against my will while this emergency motion is pending before The Court, it would be prudent for the department to first notify The Court so as not to bypass The Court's authority.
   The relevant case is Gottesfeld v. Hurwitz, et al., 18-cv-10836-PGG-GWG in The Southern District of New York and The Court's address is:

   U.S. District Court
   500 Pearl St.
   New York, NY 10007

Thanks,
   MJG
Martin S. Gottesfeld, pro se

— Page 1 of 1 —

Exhibit S

To: CMU Unit Team
From: Martin S. Gottesfeld (Reg. No.: 12982-104)
Date: Saturday, December 14th, 2019
Subject: Preservation of evidence against spoliation for litigation

Salutations CMU Unit Team,

I hope you are well.

I hereby formally request the preservation of the following evidence; to wit, audio and video surveillance recordings of the following dates, times, and locations inside the FCI Terre Haute CMU; so that this critical evidence is guarded against spoliation or other loss:

- Thursday, December 12th, 2019, approx. 6:30 A.M.; CMU SHU; R.N. Worthington interaction with inmate Gottesfeld;

- Thursday, December 12th, 2019, approx. 8:30 A.M.; CMU SHU out to CMU medical exam room and back; Phlebotomist and IV fluid administered to inmate Martin Gottesfeld;

- Thursday, December 12th, 2019, approx. 3:10 P.M.; CMU SHU; Dr. Lukens conversation with Martin Gottesfeld and return of urine sample;

- Friday, December 13th, 2019, approx. 6:45 A.M.; CMU SHU; R.N. Worthington interaction with inmate Gottesfeld;

- Friday, December 13th, 2019, approx. 12:45 P.M.; CMU SHU; Medical staff interaction with inmate Martin Gottesfeld, R.N. Worthington threatens inmate Gottesfeld with force-feeding and inmate Gottesfeld notifies medical staff of his intent to seek injunction in S.D.N.Y.

I believe in good faith that the above evidence is critical and relevant to litigation that I will bring in U.S. District Court. If there is anything else that I must do in order to preserve the above evidence against spoliation or other loss, then please let me know.

Martin S. Gottesfeld

— Page 1 of 1 —