United States District Court
Southern District of New York

Martin S. Gottesfeld, pro se,
Plaintiff

— against —

Hugh J. Hurwitz, et al.

Case No.: 18-cv-10836-PGG-GWG

RECEIVED JAN - 2 2020 PRO SE OFFICE

USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #:

## CLAIM FOR MANDATORY JUDICIAL NOTICE (FED. R. EVID. 201(c)(2))

Plaintiff and claimant Martin S. Gottesfeld (herein "claimant"), acting pro se, hereby moves The Honorable Court to take mandatory judicial notice pursuant to Fed. R. Evid. 201(c)(2) of Exhibits 1 through 6 hereto.

These exhibits are relevant to the plaintiff's pending EMERGENCY MOTION FOR HEARING AND ORDER REQUIRING COUNSEL FOR THE DEFENDANTS TO SHOW CAUSE FOR VIOLATIONS OF LOC. CIV. R. 1.5(b)(5) AND NEW YORK R. PROF. COND. 1.16(a), filed pursuant to the prison-mailbox rule of Houston v. Lack, 487 U.S. 266 (1988) on Thursday, December 12th, 2019.

These exhibits will also be relevant to the plaintiff's soon-to-be-filed EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER.

The plaintiff explicitly notes at this juncture Exhibit 1 hereto at 24.

Respectfully filed on Saturday, December 14th, 2019, pursuant to the prison-mailbox rule of Houston v. Lack, by mailing to The Court in an envelope bearing sufficient affixed pre-paid first-class U.S. postage, hand-

to Ms. J. Wheeler of the FCI Terre Haute CMU Unit Team on that date or the first opportunity thereafter, acting in her official capacity as an agent of the defendants,

MSG
2019-12-26

by: /s/ MG

Martin S. Gottesfeld, pro se
Reg. No.: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

In regards to Exhibit 1 ¶¶ 2-4 and his pending EMERGENCY MOTION FOR A HEARING AND ORDER TO SHOW CAUSE..., the plaintiff notes Smith v. Coughlin, 748 F.2d 783, 789 (2d Cir. 1984) (citing Carey v. Piphus, 435 247, 267 (1978)) (nominal damages appropriate for custodians' interference with detainees' attorney-client communications), and N.Y. R. Prof. Cond. 1.16(a).

In regards to Exhibit 1 ¶ 5, ¶¶ 6-14, the plaintiff notes Sandin v. Conner, 515 U.S. 472 (1995), The Eighth Amendment, and N.Y. R. Prof. Cond. 1.16(a).

In regards to Exhibit 1 ¶¶ 18-22, the plaintiff notes Rabon v. Wright, 459 F.3d 241, 249 (2d Cir. 2006) (citing Clarkson v. Coughlin, 898 F.Supp. 1019, 1049 (S.D.N.Y. 1995)), and Rule 1.16(a).

In regards to Exhibit 1 ¶¶ 15-17, the plaintiff notes, Friedman v. Bloomberg L.P., 871 F.3d 185, 192 (2d Cir. 2017) (citing City of N.Y. v. Beretta U.S.A. Corp., 524 F.3d 384, 397 (2d Cir. 2008)) ("A plaintiff's right constitutional right of access to the courts is violated where government officials obstruct legitimate efforts to seek judicial redress."), The First Amendment, and Rule 1.16(a).

2 of 2

Exhibit 1

Declaration of Martin S. Gottesfeld

I, Martin S. Gottesfeld, declare that on this 14th day of December, 2019, the following is true and correct under the penalty of perjury under the laws of The United States pursuant to 28 U.S.C. §1746(1):

1. My name is Martin S. Gottesfeld and I am the sole plaintiff in the case of Gottesfeld v. Hurwitz, et al., 18-cv-10836-PGG-GWG (hereafter "the case"), currently pending before The Honorable United States District Court for The Southern District of New York (hereafter "The Court").

2. I was forced to stop working on and was then deprived of legal mail to an attorney when agents of the defendants in the above-cited case and their counsel came to place me in administrative segregation on the evening of Monday, December 9th, 2019.

3. I was also in the process of soliciting potential retained appellate counsel for First Circuit cases 19-1107, et al., and firing my appointed appellate counsel, Ms. Virginia Villa, Esq.

4. As it stood — and as far as I know it still stands — Ms. Villa had a deadline of January 2nd, 2020, by which to file my appeal brief.

5. My continued administrative segregation will take me out of Federal Bureau of ~~Programs~~ Prisons programming in which I am currently participating, and I believe this implicates a liberty interest.

6. My cell in the FCI Terre Haute CMU SHU is corroded and this presents a risk of tetanus.

7. There is old pipe insulation in my cell and it may be asbestos.

8. Cockroaches and spiders come in and out of my cell, including through the corroded holes in the base of my sink.

9. I have formally requested that agents of the defendants preserve

1 of 4

more audio and video surveillance footage since my last declaration (Exhibit 2).

10. The State of Indiana does not appear to inspect this facility, though I do not believe this land was ceded by the state legislature.

11. I know the drinking water is hazardous because, in addition to the common belief among prisoners and the reports of the sicknesses it has caused, the water has largely corroded the stainless steel sink and toilet to a degree that I have never seen across the other six (6) facilities where I have been detained, and basic chemistry tells me that any impurity that could do this to stainless steel cannot be safe for human consumption.

12. Until today, none of the staff who told me that the water in my cell is safe were willing to drink it.

13. Today, Officer S. Harvey — whom I do trust — drank a single eight (8) ounce cup of the water from my cell, but that is an insufficient amount to prove that it is safe for long-term consumption as one's sole water source.

14. The medical department brought me about forty (40) ounces of safe drinking water twice today and I hope, but have no assurance that this will continue.

15. The FCI Terre Haute Legal Department, acting as officers of the Court, answered my formal request pursuant to 28 C.F.R. §§ 543.31(?) and 543.11(h), (i), and (j), for a desk and a typewriter for the preparation of legal documents by saying, "the CMU SHU Law Library is sufficiently supplied as it is," but this is untrue because there is neither a typewriter nor a writing desk there, and moreover the CMU SHU Law Library is available to me at most one (1) to two (2) hours per weekday and unavailable on weekends (Exhibit 3).

16. The FCI Terre Haute Legal Department, acting as officers of the Court, refused me a legal call to the Clerk of the Court so that I couldn't

"The Indiana State Patients' Bill of Rights and any other documentation about the rights of patients receiving care from healthcare providers who are licensed by the state of Indiana, and responsibilities of such state-licensed healthcare providers," as well as, "An Indiana State Healthcare Proxy form" (Exhibit 5).

22. Seperately from the formal written requests in above ¶¶ 18-21, I requested, formally and in writing, from the Medical Department, "May R please know, what are my rights as a medical patient in Indiana? Does Indiana have a Patients' Bill of Rights, or any similar documents, which I may see?" (Exhibit 6).

23. Agents of the defendants in the case and their counsel are limiting me to purchasing one (1) pad of lined paper and one (1) manilla envelope per week in the FCI Terre Haute CMU SHU while also depriving me of the supplies I had already purchased prior to my unlawful and retaliatory administrative segregation here, and thus greatly limits my ability to litigate the case.

24. The soonest that I will be able to serve counsel for the defendants in this case with a copy of this filing is Tuesday, December 17th, 2019.

I declare under the penalty of perjury under the laws of the United States pursuant to 28 U.S.C. § 1746(1) that the foregoing is true and correct. Executed on Saturday, December 14th, 2019.

by: [signature]
Martin S. Gottesfeld

request an emergency hearing even after I explicitly notified the department, "I am being detained with no access to potable water and no access to a properly-flushing toilet. I have had nothing to drink since Monday evening, nor have I moved my bowels."

17. Instead of granting me a legal call or notifying the Court, the FCI Terre Haute Legal Department told me — without providing me the Court's telephone number, to which I have no timely access — "You may write the Clerk of the Court a letter or you may choose to use your monthly social call for that purpose. Be sure to submit the number for approval should you choose to call." (Exhibit 4) however, the FCI Terre Haute Legal Department knows or should know that such a social call is unlikely to be successful from the inmate telephone system if the Court uses, as many organizations do, an IVR or Auto-Attendant system, or if its telephone operators are not accustomed to the manual steps required to accept a non-legal call from an inmate.

18. On Friday, December 13th, 2019, I formally notified the FCI Terre Haute Medical Department in writing that my wife, Mrs. Dina Gottesfeld, holds my Healthcare Proxy (HCP), executed in Massachusetts, and I provided Mrs. Gottesfeld's mailing address, cellular phone number, and email address to the medical department so that its personnel could verify this and annotate my electronic medical record (EMR).

19. I also notified, formally and in writing, the FCI Terre Haute Medical Department that if it does not wish to accept my Massachusetts HCP, that I would like to execute in the presence of medical department staff an Indiana version of the HCP form.

20. Mrs. Gottesfeld also holds my durable power-of-attorney and I have never rescinded either my HCP or durable power-of-attorney.

21. Separately from the formal written requests in above ¶¶ 18-20, I formally requested in writing from the Education Department a copy of

3 of 4

Exhibit 2

To: CMU Unit Team
From: Martin S. Gottesfeld (Reg. No. 12982-104)
Date: Saturday, December 14th, 2019
Subject: Preservation of evidence against spoliation for litigation

Salutations CMU Unit Team,

I hope you are well.

I hereby formally request the preservation of the following evidence: i.e. all audio and video surveillance recordings of the following dates, times, and locations inside the FCI Terre Haute CMU, so that this evidence is guarded against spoliation or other loss:

• Saturday, December 14th, 2019, approx. 7:15 A.M.; CMU SHU; Nurse Dean takes inmate Gottesfeld's blood pressure and Officer S. Harvey serves breakfast;

• Saturday, December 14th, 2019, approx. 9:15 A.M.; CMU SHU; Nurse Dean provides inmate Gottesfeld drinking water;

• Saturday, December 14th, 2019, approx. 10:50 A.M.; CMU SHU; Officer S. Harvey, attempted provision of lunch to inmate Gottesfeld and discussion of declination to loc staff rep;

• Saturday, December 14th, 2019, approx. pill line P.M.; CMU SHU; Nurse evaluates inmate Gottesfeld, provides water.

I believe in good faith that the above evidence will be relevant to litigation that I will bring in U.S. district court. If there is anything else that I must do in order to preserve the above evidence against spoliation or other loss, then please let me know.

Thanks,
MSG
Martin S. Gottesfeld, pro se

— Page 1 of 1 —

To: CMU Unit Team + FCI Legal Department as officers of The Court
From: Martin S. Gottesfeld (Reg. No. 12982-104)
Date: Tuesday, December 10th, 2019, 10:30 A.M. Eastern Time
Subject: Request for ~~postage and~~ desk for preparation and filing of legal documents

I hereby formally request ~~postage and~~ a desk for the preparation and filing of legal documents. I am currently being detained without access to a desk ~~with access to neither~~. I also need a typewriter. Please see 28 C.F.R. §§ 543.31(l) and 543.11(h)(i) and (j).

Thanks,

MJG

Martin S. Gottesfeld, pro se

→ [ The CMU SHU Law Library is sufficiently supplied as it is.

- Page 1 of 1 -

To: CMU Unit Team + FCI Legal Department as officers of The Court
From: Martin S. Gottesfeld (Reg. No.: 12982-104)
Date: Tuesday, December 10th, 2019, 10:00 A.M. Eastern Time
Subject: Request for legal call - Gottesfeld v. Hurwitz, 18-cv-10836-PGG-GWG

Salutations Unit Team, and Legal Department,

I hope that you are well.

I hereby formally request a legal call to the Clerk's office of the U.S. District court located in The Southern District of New York at 500 Pearl St., New York, NY 10007. I make this request on an emergency basis pursuant to my pending case Gottesfeld v. Hurwitz, 18-cv-10836-PGG-GWG, S.D.N.Y. Local Civil Rule 1.5(b)(5), and N.Y. R. Prof. Cond. 1.16(a).

As officers of The Court, I believe that the Legal Department personnel are ethically obligated to facilitate this request so that I can request an emergency hearing. I am being detained with no access to potable water and no access to a properly-flushing toilet. I have had nothing to drink since Monday night evening, nor have I moved my bowels. Agents of the defendants in the above-captioned case have taken steps for the defendants and "asserted a position in a matter... merely for the purpose of... maliciously injuring" me. Please see the unnumbered and untimely BP-A0288 Incident Report delivered to me on December 9th, 2019, at 5:39 P.M. by Lt. B. Devlin.

Once again, this is unconstitutional and the unit team and legal department are hereby noticed that I will move against any assertion of qualified immunity because the position asserted in the incident report is clearly frivolous and clearly a repitition of past unconstitutional conduct in retaliation against my right to petition The Court.

Thank you for your attention to this emergency!

MSG

Martin S. Gottesfeld, pro se

> You may write the Clerk of the Court a letter or you may choose to use your monthly social call for that purpose. Be sure to submit the number for approval should you choose to call.

— Page 1 of 1 —

Exhibit 5

To: Education and CMO Unit Team
From: Martin S. Gottesfeld (Reg. No.: 12982-104)
Date: Friday, December 13th, 2019
Subject: Request for Information

Salutations Unit Team and Education Department,

I hope you are well.

May I please get the address of the local Vigo County state court?

May I please also get:
* The Indiana State Patients' Bill of Rights and any other documentations about the rights of patients receiving care from healthcare providers who are licensed by the state of Indiana, and responsibilities of such state-licensed healthcare providers?
* The local Vigo County state-court IFP application?
* ~~Indiana~~ An Indiana State Healthcare Proxy form (2 copies, if possible)

Thanks,
[signature]
Martin S. Gottesfeld

- Page 1 of 1 -

Exhibit 6

To: ~~Medical~~ Medical
From: Martin S. Gottesfeld (Reg. No.: 12982-104)
Date: Friday, December 13th, 2019
Subject: Indiana Patients' Rights?

Salutations Medical Department,

I hope that you are well.

This morning I saw R.N. Worthington.

May I please know, what are my rights as a medical patient in Indiana? Does Indiana have a Patients' Bill of Rights, or any similar documents, which I may see?

Thanks,

Martin S. Gottesfeld

— Page 1 of 1 —