Martin S. Gottesfeld
Reg. No.: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

The Honorable Paul G. Gardephe
U.S. District Court Judge
500 Pearl St.
New York, NY 10007

RECEIVED JAN - 2 2020 PRO SE OFFICE

Saturday, December 14th, 2019

In re: <u>Gottesfeld v. Hurwitz, et al., 18-cv-10836-PGG-GWG, Docket Entry (D.E.) 105</u>

Dear Judge Gardephe:

As always, I hope that my letter finds Your Honor well.

Hours into the afternoon of Friday, December 13th, 2019 — the fourth (4th) day of my new hunger-strike protesting with a particularized message that, without notifying Your Honor and while my relevant motions seeking to protect my right to publish are pending before Your Honor, counsel for the defendants, Assistant United States Attorney Alexander J. Hogan, and his agents, in violation of <u>Local Civil Rule 1.5(b)(5)</u> and <u>New York Rule of Professional Conduct 1.16(a)</u>, are illegally detaining me in administrative segregation inside a filthy, unhygenic, corroded, roach- and spider-infested cell with no direct access to non-toxic drinking water, no access to the Court via a legal call to the Office of the Clerk in order to request an emergency hearing, no access, as required by law and federal regulations, to a desk, typewriter, radio, nor my subscriptions to The Wall Street Journal, The Hill, The New American, Newsmax, Prison Legal News, and Criminal Legal News (please see my

1 of 4

Thursday, December 12th, 2019, EMERGENCY MOTION FOR HEARING AND ORDER REQUIRING COUNSEL FOR THE DEFENDANTS TO SHOW CAUSE FOR VIOLATIONS OF LOC. CIV. R. 1.5(b)(5) AND NEW YORK R. PROF. COND. 1.16(a)) - I received for the first time a copy of D.E. 105 - not from counsel for the defendants - but from my wife. The envelope bearing to me this copy of D.E. 105 was postmarked in Boston on Saturday, December 7th, 2019, and marked received by the FCI Terre Haute mail room on Wednesday, December 11th, 2019 - most likely in the morning - but was not delivered to me until more than forty-eight (48) hours later. I am yet to receive any copy of D.E. 105 sent to me by the defendants.

The defendants falsely aver in D.E. 105 that my "opposition brief" contains "hundreds of exhibits." I wish to note for the record that the true number of exhibits is under one hundred (100). This discrepancy evidences that counsel for the defendants in fact had not read even the first sections of my memorandum in opposition, wherein I explain my exhibit numbering for the filing and refer to the first appendix.

Nonetheless, I neither assent to nor oppose the defendants' request in D.E. 105. It is up to Your Honor to decide the propriety or impropriety of granting the defendants' request for an additional five (5) pages when it is clear that at the time they made their request they had not yet read my memorandum in the first place. I note for the record, however, that I would oppose any future request(s) by the defendants seeking to add get more pages: in order to provide themselves with a sufficient length in which to reply, the defendants should have read what was required in order to make an informed first request.

The defendants also opine about "the exceptionally [-]uminous nature" of my memorandum. I wish to state for the record that the defendants themselves filed a thirty-(30)-plus-page memorandum in support of their motion to

dismiss, in which they cited to some two (2) dozen unpublished, non-controlling, and non-opposite cases, while the defendants also failed to provide a statement as they were required to do by Local Civil Rule 56.1(a). All in all, my opposition memorandum is fewer pages than what the defendants mailed to me since their mailing included hard copies of all of those unpublished cases decisions.

Finally, the defendants attempt to imply that since I filed my opposition "more than six months" after their motion, that somehow I had an unfair time advantage. Of course, the opposite is true. Counsel for the defendants has word-processing software with copy-and-paste functionality, real-time spelling and grammar checks, and the ability to underline and italicize in one (1) pass, which I do not. The defendants can simply copy and paste their quoted text, but I cannot. The defendants can create an auto-text table of contents, which I cannot.

The defendants can revise and reprint in minutes, which I cannot do. The defendants have licensed counsel, which I do not.

And of course, the defendants have not been bullied and held unable to communicate directly with their families and friends for eight (8) months, but I have. The defendants could and likely did pick up the phone at any time they wished, day or night, and made calls to obtain evidence and advice. I had and have no such ability. Agents of the defendants and their counsel prohibit me from ever calling the Clerk of the Court to request an emergency hearing.

Nowhere in D.E. 105 do the defendants contemplate that they themselves necessitated that I produce a one-hundred-sixty-three (163)-page memorandum by their intentional noncompliance with the mandatory procedure of Rule 56.1, their omission of citation to a large number of controlling cases, and their simultaneous intentional misrepresentation of dozens of non-opposite and non-precedential unpublished decisions. Indeed, the defendants wagered on that their tactics would be successful. It is now only

fear that they contend with the backfire.

Should the defendants request more time or additional pages beyond what they request in D.E. 105, I would request a hearing. I also note D.E. 92, my MOTION FOR SUFFICIENT TIME TO FILE FOR LEAVE TO FILE A SUR-REPLY REGARDING DEFENDANTS' MOTION TO DISMISS (D.E. 51).

I thank Your Honor. It will take me until, at the earliest, Tuesday, December 17th, 2019, to serve a copy of this letter upon the defendants, but I shall do so as soon as I am able.

I declare under penalty of perjury under the laws of the United States pursuant to 28 U.S.C. § 1746(1) that the foregoing is true and correct. Executed on Saturday, December 14th, 2019.

by: /s/
Martin S. Gottesfeld, pro se

I hereby certify that on Saturday, December 14th, 2019, this letter was ready for mailing to the Court as contemplated by the prison-mailbox rule of Houston v. Lack, 487 U.S. 266 (1988), in an envelope bearing sufficient affixed pre-paid first-class U.S. postage to be handed to Ms. J. Wheeler at the first opportunity on that date or thereafter in her official capacity as an agent of the defendants in the above-captioned case.

/s/
Martin S. Gottesfeld, pro se

**NAME:** Martin S. Gottesfeld
**NUMBER:** 22882-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

RECEIVED
JAN - 2 2020
PRO SE OFFICE

U.S. District Court
Pro Se Clerk
500 Pearl St.
New York, NY 10007

Saturday, December 14th, 2019; Houston v. Lack, 487 U.S. 266 (1988)