*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

January 3, 2020

BY ECF

Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *Gottesfeld v. Hurwitz*, 18 Civ. 10836 (PGG)

Dear Judge Gardephe:

    On January 2, 2020, Plaintiff Martin Gottesfeld ("Plaintiff") filed a "motion for a temporary restraining order" related to various conditions of his confinement at the Federal Correctional Institution in Terre Haute, Indiana ("FCI Terre Haute"). *See* Dkt. Nos. 117, 118. These motions have nothing whatsoever to do with his complaint in this action, which focuses on the conditions of his confinement while housed at the Metropolitan Correctional Center ("MCC") between November of 2016 and February of 2017.

    As discussed in Defendants' prior letters, *see* Dkt. Nos. 27, 36, 44, 70, because Plaintiff is complaining of conditions related to his confinement, these motions are properly construed as applications pursuant to 28 U.S.C. § 2241. *See Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (a motion pursuant to § 2241 generally challenges the execution of a federal inmate's sentence, including such matters as the administration of parole, computation of an inmate's sentence by prison officials, prison disciplinary actions, type of detention, prison transfers, and prison conditions); *Jabarah v. Garcia*, No. 08-cv-3592 (DC), 2010 WL 3834663, at *4 (S.D.N.Y. Sept. 30, 2010) ("Because [petitioner] is challenging the conditions of his confinement, his claim for injunctive relief must be construed as a claim for relief under 28 U.S.C. § 2241.").

    "Federal district courts may grant writs of habeas corpus only 'within their respective jurisdictions.'" *Salcedo v. Decker*, No. 18-cv-8801 (RA), 2019 WL 339642, at *1 (S.D.N.Y. Jan. 28, 2019) (quoting 28 U.S.C. § 2241(a)). In the *habeas corpus* context, jurisdiction "depends on the location of the proper respondent—'the person having custody of the person detained.'" *Id*. (quoting 28 U.S.C. § 2243). As held by the Supreme Court in *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004), the proper respondent is the warden of the facility where the prisoner is being held. *See Allen v. Lindsay*, No. 09-cv-1283 (KAM), 2010 WL 5067907, at *2

(E.D.N.Y. Dec. 7, 2010) ("The proper venue for a Section 2241 habeas petition challenging conditions of confinement is the district where the petitioner is confined.") (collecting cases); *Jabarah*, 2010 WL 3834663, at *4 ("The proper venue to bring a § 2241 challenge is the district of confinement."). Here, this Court could not grant the relief Plaintiff seeks because the warden of FCI Terre Haute is not located in the Southern District of New York. In one of his filings, Plaintiff claims that he is "entitled to injunctive relief under The Constitution [and] Bivens." *See* Dkt. No. 117 at 2. To the extent Plaintiff seeks to pursue a *Bivens* claim related to the conditions of his confinement in an Indiana prison, a district court in the Southern District of New York would not be the proper venue to raise such a claim.[1]

      Accordingly, Defendants respectfully submit that the Court lacks jurisdiction to consider these motions and the relief requested therein should be denied. I thank the Court for its attention to this matter.

                        Sincerely,

                        GEOFFREY S. BERMAN
                        United States Attorney of the
                        Southern District of New York

                  By:   /s/ Alexander J. Hogan
                        ALEXANDER J. HOGAN
                        Assistant United States Attorney
                        86 Chambers Street, Third Floor
                        New York, New York 10007
                        Tel.: (212) 637-2799
                        Fax: (212) 637-2686
                        E-mail: alexander.hogan@usdoj.gov

cc:     Martin Gottesfeld, Register Number 12982-104
        FCI Terre Haute
        Federal Correctional Institution
        P.O. Box 33
        Terre Haute, IN  47808

---

[1] The same applies to Plaintiff's filing on December 26, 2019, requesting an emergency motion relating to his placement in the Special Housing Unit at FCI Terre Haute. *See* Dkt. No. 116.