RECEIVED JAN -6 2020 PRO SE OFFICE

Declaration of Martin S. Gottesfeld:

I, Martin S. Gottesfeld, hereby declare under the penalty of perjury under the laws of The United States pursuant to 28 U.S.C. § 1746(1) that the following is true and correct on this 18th day of December, 2019:

1. My name is Martin S. Gottesfeld and I am the sole plaintiff in the case of Gottesfeld v. Hurwitz, et al., 18-cv-10836-PGG-GWG (herein "my case"), currently pending before The Honorable U.S. District Court for The Southern District of New York (herein "The Court").

2. The defendants in my case retaliated against me for filing the case by designating me to the "communications-management-unit" (herein "CMU") at the Federal Bureau of Prisons (herein "FBOP") Federal Correctional Institution Terre Haute, Indiana (herein "FCI-THA"), and then further retaliated against my lawful litigation by segregating me in the special-housing unit (herein "SHU") inside the FCI-THA CMU.

3. The FCI-THA CMU SHU is separate and distinct from the SHU used by the rest of the FCI and the conditions in the FCI-THA CMU SHU are far harsher than those in the main FCI-THA SHU and they represent a far more atypical and significant hardship; for example, unlike those in the main FCI-THA SHU, I have no direct access in my cell to non-toxic drinking water, no desk upon which to write, and no adequate sleep surface.

4. Mr. Demetrius Hill (herein "Mr. Hill") is in the cell next to me in the FCI-THA CMU SHU, and the odds of our placement here side by side first appeared to be approximately 2:175,000 since the FBOP houses approximately one hundred seventy-five thousand prisoners and our criminal cases were brought in separate circuits fourteen (14) years apart, and we have different custody levels and different medical-care levels.

1 of 6   5. Mr. Hill has been in the FCI-THA CMU SHU for the past six and a

half months and agents of the defendants in my case interfered with his mail to and from the courts, thus preventing his petition under 28 U.S.C. §2241 from being heard.

6. Mr. Hill was sentenced to twenty (20) years for robbing drug dealers with a BB gun. Please see Jana Winter, Bruce Furman, Stephanie Cohen, and Jeane MacIntosh; 'Blood' Lust of Sex Shrink; The New York Post (2006).

7. On Monday, December 9th, 2019, agents of the defendants contrived a frivolous incident report that manifestly and unlawfully punishes me for Constitutionally-protected litigation and they moved me to the FCR-THA CMU SHU, where over the next eight (8) days, the following indisputable facts became clear to me for the first time.

8. Just days before me, Mr. Hill was housed in the exact same cells of the same SHU at MCC New York in November, 2016, specifically, the second cell on the left and the first cell on the right of 9-South G-Tier, a.k.a. and herein "10-South Lower."

9. While Mr. Hill was in "10-South Lower" in late 2016, he complained about the same unconstitutional conditions therein that I raise in my case, including the freezing cold, rodent and insect infestations, bed bugs and interference with his legal activities and communications with the media.

10. Mr. Hill caught agents of Defendant Tatum illegitimately opening his special mail to journalists, just like I did.

11. The Court had to step in to ensure that Mr. Hill and his attorney could ~~collaborate~~ collaborate despite interference from Defendant Tatum and his agents.

12. Mr. Hill was back in New York in 2016 and he was at MCC for the fourth (4th) ~~third (3rd)~~ time, some fourteen (14) years after his criminal case, in order to litigate Hill v. Laird, 06-cv-0126 (CJS) (E.D.N.Y.), which arose from his time at MDC Brooklyn.

13. The U.S. Attorney's Office settled Hill v. Laird with Mr. Hill for thirty

thousand dollars ($30,000).

14. The defendants in Hill v. Laird and their agents used the atrocious conditions in which they held Mr. Hill for five (5) months from June through November, 2016, to stress Mr. Hill into settlement.

15. Mr. Hill's unit manager at MCC was Mr. Reid, who was also my unit manager while I was there.

16. While Mr. Hill suffered unconstitutional mistreatment in 10-South Lower, Mr. Reid told him repeatedly, "All you gotta do is drop your lawsuit and we'll send you back to Lewisburg," similar to how Defendant Bussanich and others told me that if I ended my hunger strike, I could leave the SHU.

17. During Hill v. Laird, the same U.S. attorney's office that settled with Mr. Hill brought criminal indictments against approximately a dozen of the responsible FBOP staff and all were later convicted except Lieutenant Frank McDonald.

18. Former FBOP Captain Salvatore Lopresti was sentenced to fifty-one (51) months imprisonment. United States v. Lopresti, 340 Fed. Appx. 30 (2d Cir. August 3, 2009). Please see also United States v. Perez, 575 F.3d 164 (2d Cir. 2009).

19. The New York Post covered Hill v. Laird under headlines that include, "Con Lover Claims Jail Violence."

20. Mr. Hill filed a petition for a Writ of Habeas Corpus circa 2004, seeking relief pursuant to 28 U.S.C. § 2241 from the unconstitutional conditions and violence at MDC Brooklyn that he later cited in Hill v. Laird.

21. The FBOP mooted Mr. Hill's 2004 petition for habeas relief by transferring him for the second time to MCC. Hill v. Zenk, 115 Fed. Appx. 97 (2d Cir. 2004).

22. Fourteen (14) years before Mr. Hill and I missed meeting each other on "10-South Lower" in 2016, both he and his counsel complained in numerous filings in United States v. Hill, 02-cr-728 (E.D.N.Y.) about the same unconstitutional conditions of confinement in "10-South Lower" and 10-South.

23. At one point during <u>United States v. Hill</u>, Mr. Hill brought with him a bag of cockroaches from the 9-South SHU and presented it to The Court.

24. While Mr. Hill was on "10-South Lower" in 2016, he engineered his participation in a National Public Radio interview with host Joe Shapiro (with whom, I would, if I could, request comment regarding the retaliation that Mr. Hill has since endured) and Mr. Hill described in the interview the conditions inside the FBOP's "special-management unit" (herein "SMU") at Lewisburg.

25. SMUs are notoriously dangerous and violent.

26. SMUs are used to house the most lethal and violent prisoners in the federal system and it's been five (5) years since Mr. Hill was involved in a violent confrontation in which he wasn't defending himself.

27. SMU inmates endure months at a time of solitary confinement.

28. Congress expressed in The First Step Act its disapproval of sending prisoners into solitary confinement just prior to their release but this is exactly what agents of the defendants in my case are doing to Mr. Hill.

29. The public was clearly interested in Mr. Hill's interview with Joe Shapiro and it was later nominated for awards.

30. Unbeknownst to each other and without meeting each other, Mr. Hill filed <u>Hill v. Tatum</u>, (S.D.N.Y. 2017-18), and I filed <u>Gottesfeld v. Hurwitz, et al.</u>, each citing the same Constitutional deprivations in the latter half of 2016 in "10-South Lower."

31. Before I met Mr. Hill, the defendants in my case and their predecessors designated each of us to a CMU in retaliation against each of our First Amendment-protected activities in "10-South Lower."

32. Agents of the defendants in my case and their predecessors violated both my right to procedural Due Process and Mr. Hill's same right by transferring us to a CMU with no prior hearings or written orders. <u>Aref v. Lynch</u>, 833 F.3d 242 (D.C. Cir. 2016).

33. As Mr. Hill continued to litigate <u>Hill v. Tatum</u>, he faced assault by staff

4 of 6

here [at] FCI-THA. *Hill v. Lammer*, 19-cv-00588 (JRS)(MJD)(S.D. Ind.).

34. As Mr. Hill continued litigating *Hill v. Tatum*, he was placed in the FCI-THA CMU SHU and his mail to and from the courts was blocked. *Hill v. Lammer*, 19-cv-00508 (JRS)(DLP)(S.D. Ind.)

35. As Mr. Hill continued litigating *Hill v. Tatum*, staff here at the FCI-THA CMU recruited approximately five rats to "drop notes" saying they were scared of Mr. Hill when not a single one of them had "checked in" to protective custody because of Mr. Hill or anybody else, and eventually one of the rats concocted a story that allowed agents of the defendants in my case illegitimately to refer Mr. Hill for placement in the newly-opened SMU in Thompson, Illinois.

36. Agents of the defendants in my case falsified Mr. Hill's SMU referral by citing to non-existent incident reports.

37. Agents of the defendants in my case discontinued Mr. Hill's asthma medication so they could lower his medical-care level because at his correct medical-care level he was ineligible for transfer to the CMU at U.S.P. Marion and the Thompson SMU.

38. Agents of the defendants in my case misled the local U.S. district court here in order to obtain illegitimately an extension of time to answer a show-cause order in 19-cv-00508 when in reality they have no intention of contending with the merits of Mr. Hill's petition.

39. Agents of the defendants in my case misled The Court about their volume of litigation in order to buy time until January 10th, 2020, while without notifying The Court they worked on illegitimately transferring Mr. Hill to the Thompson SMU, achieving through dishonest manipulation his designation thereto on Friday, December 13th, 2019.

40. I have since heard multiple agents of the defendants tell Mr. Hill that he is now a high priority for transfer in the next few weeks, i.e., before The Court's new deadline of January 10th, 2020.

41. Given the above, the odds of Mr. Hill and me being placed in the FCI-THA

CMU SHU together now appear to be 175,000:175,000 or one hundred percent (100%), because we both spoke out to the media from "10-South Lower" and we both brought nearly-identical litigation about the conditions therein, resulting in nearly-identical retaliation by the defendants in my case and their predecessors.

42. I specifically mentioned class certification in my complaint (docket entry two (2)).

43. The recent and suspiciously-inconvenient death of Jeffrey Epstein in the MCC SHU raised issues of public importance regarding the conditions therein.

44. The estate of Jeffrey Epstein would be a potential class member should the Court certify a class.

45. I would - if I could - request comment on this declaration from The New York Post and its above-named reporters.

I declare that the foregoing is true and correct under the penalty of perjury under the laws of The United States. Executed on Wednesday, December 18th, 2019.

by: MSG
Martin S. Gottesfeld

<u>Declaration of Martin S. Gottesfeld:</u>

I, Martin S. Gottesfeld, hereby declare under the penalty of perjury under the laws of The United States pursuant to <u>28 U.S.C. § 1746(1)</u> that the following is true and correct on this 18th day of December, 2019:

1. My name is Martin S. Gottesfeld and I am the sole plaintiff in the case of <u>Gottesfeld v. Hurwitz, et al.</u>, 18-cv-10836-PGG-GWG (herein "the case"), currently pending before The Honorable U.S. District Court for The Southern District of New York (herein "The Court").

2. From my recollection, there are six (6) tiers in the 9-South special-housing unit (herein "SHU") at the Metropolitan Correctional Center-New York (herein "MCC NY").

3. G-Tier of the SHU has four (4) cells with a maximum occupancy of one (1) prisoner each, so the tier holds up to four (4) prisoners at a time.

4. H-Tier of the SHU has eight (8) cells with a maximum occupancy of two (2) prisoners each, so the tier holds up to sixteen (16) prisoners at a time.

5. From my recollection, the other four tiers in the SHU also have a maximum capacity of sixteen (16) prisoners.

6. The SHU itself, therefore, has a maximum capacity of eighty-four (84), or five (5) times sixteen (16) plus four (4).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on Wednesday, December 18th, 2019.

/s/ G
Martin S. Gottesfeld

- Page 1 of 1 -

Declaration of Martin S. Gottesfeld:

I, Martin S. Gottesfeld, hereby declare under the penalty of perjury under the laws of The United States pursuant to 28 U.S.C. §1746(1) that the following is true and correct on this 18th day of December, 2019:

1. My name is Martin S. Gottesfeld and I am the sole plaintiff in the case of Gottesfeld v. Hurwitz, et al., 18-cv-10836-PGG-GWG (herein "the case"), currently pending before The Honorable U.S. District Court for the Southern District of New York (herein "The Court").

2. My counselor at the Metropolitan Correctional Center New York (herein "MCC NY") during the events in controversy in the case was Mr. Espinet.

3. I was unable to recall Mr. Espinet's name and Mr. Demetrius Hill reminded me of it during our recent conversations about our litigation arising from our almost-overlapping time at MCC NY in 2016, i.e. Hill v. Tatum, (S.D.N.Y.) and Gottesfeld v. Hurwitz, et al., 18-cv-10836-PGG-GWG.

4. It was Mr. Espinet whom I asked for "ten (10) BP-8s," and whom responded, "I'm not giving you ten (10) BP-8s," while I was at MCC NY.

I declare that the foregoing is true and correct under the penalty of perjury under the laws of The United States. Executed on Wednesday, December 18th day, 2019.

/s/ M G
Martin S. Gottesfeld

# CERTIFICATE OF BELATED SERVICE

I, Martin S. Gottesfeld, pro se, certify that pursuant to the prison-mailbox rule of Houston v. Lack, 487 U.S. 266 ('1988'), I served a copy of my three (3) filings from Saturday, December 14th, 2019, i.e.:
  1, Letter to The Honorable Paul G. Gardephe re docket entry (D.E.) 105;
  2, Claim For Mandatory Judicial Notice (Fed. R. Evid. 201(c)(2)); and
  3, Emergency Motion For a Temporary Restraining Order

upon counsel for the defendants in the case of Gottesfeld v. Hurwitz, et al., 18-cv-10836-PGG-GWG by belatedly mailing such copies in an envelope bearing sufficient affixed pre-paid First-class U.S. postage, headed to Ms. J Wheeler of the FCI Terre Haute CMU unit team acting in her official capacity as an agent of the defendants on Wednesday, December 18th, 2019, or the first opportunity thereafter.

by: /s/ MG
Martin S. Gottesfeld, pro se
Reg. No.: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

- Page 1 of 1 -

**NAME:** Martin S. Gottesfeld
**NUMBER:** 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

Wednesday, December 18th, 2019, Houston v. Lack,
487 U.S. 266 (1988)

USMS? SDNY

C/O District Court
Pro Se Clerk's Office
500 Pearl St.
New York, NY 10007

RECEIVED JAN - 6 2020 PRO SE OFFICE