RECEIVED
JAN 15 2020
PRO SE OFFICE

United States District Court
Southern District of New York

Martin S. Gottesfeld, pro se,
Plaintiff
-against-
Hugh J. Hurwitz, et al.

Case No.: 18-cv-10836-PGG-GWG

# CLAIM FOR MANDATORY JUDICIAL NOTICE (FED. R. EVID. 201(c)(2))

Plaintiff and Claimant Martin S. Gottesfeld (herein the "claimant"), acting pro se, hereby moves The Honorable Court pursuant to Fed. R. Evid. 201(c)(2) to take mandatory judicial notice of herewith-provided Exhibit 1 hereto, Declaration of Martin S. Gottesfeld; Exhibit 2 hereto, request for the preservation of evidence; and Exhibit 3 hereto, further request for the preservation of evidence.

Respectfully filed pursuant to the prison-mailbox rule of Houston v. Lack, 487 U.S. 266 (1988), by mailing to The Court in an envelope bearing sufficient affixed pre-paid first-class U.S. postage handed to Ms. J. Wheeler of the FCI Terre Haute CMU unit team, acting in her official capacity as an agent of the defendants, on Friday, January 3rd, 2020, or the first opportunity thereafter.

by: [signature]
Martin S. Gottesfeld, pro se
Reg. No.: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-15-20

medical evaluations and I do not feel that I should be asked to provide informed consent when I am being coerced and bullied.

9. I provided alternate means by which R.N. Matthew Worthington could obtain my informed consent and the medical data which he wanted absent the coercive bullying of the custody staff and pointed out explicitly that a different nurse yesterday did as I proposed without issue and obtained the ~~readings~~ same readings that R.N. Worthington desired today without violating my rights, but R.N. Worthington would not even try the procedures used by the other nurse, ~~th~~ i.e., taking measurements through the slot in my cell door such that at all times I am unrestrained and protected from coercion, intimidation, retaliation and abuse from the custody staff.

10. My written requests to the medical and legal departments to execute an Indiana Health-Care Proxy (HCP), to update my emergency contact info, and to be provided a list of my rights as a patient of state-licensed Indiana health care professionals have remained unanswered. When I advised R.N. Worthington of this around 6:30 A.M. today, he promised to send a healthcare administrator to see me today to discuss these requests.

11. While I was at MCC New York, I consistently refused to allow any medical measurements while I was in mechanical restraints.

12. A couple days ago, for the first time in over twenty (20) days, C.O. J. Adams insisted that I wear heavier and far more ~~limited m~~ limiting mechanical restraints during my medical evaluations. These additional mechanical restraints – 2 sets of handcuffs and a heavy belly chain – skewed the results of my weight and blood pressure readings and made it such that I could not raise my hands to my mouth to drink the water provided by medical because custody staff refuse to fix the toxic water in my cell.

13. Thankfully, medical was able to provide me potable water through the slot in my door as they often do.

14. The custody staff, acting with the approval and encouragement of

Warden B. Lammer and at least the acquiescence, if not the outright encouragement of the defendants and their counsel, embarked on a coercive and retaliatory campaign to make my existence in the SHU miserable so as to bully me into breaking my hunger strike, just like at MCC NY.

15. C.O. J. Adams has taken to searching my cell whenever I leave it and taking my writing impliments. Thus I am no longer using the shower or the law library.

16. I have not received any confirmation from The Court that any of my filings mailed after December 9th, 2019, have been received or any orders based thereon.

17. I do not know the status of my pending direct appeal in The First Circuit or if my motion to change counsel reached that Court.

18. I filed on Monday pursuant to Houston v. Lack, a petition for a writ of habeas corpus (28 U.S.C. § 2241) with the U.S. District Court here in Terre Haute, Indiana; i.e. Gottesfeld v. Lammer, and included therewith a motion for summary judgment, a motion for a declaratory judgment and a speedy hearing pursuant to Fed. R. Civ. P. 57, citing my January 16th, 2020, filing deadline for my pro se supplemental appellate brief, and an emergency motion for preservation of evidence that agents of the defendant told me would not be preserved upon my written request. As of yesterday, this petition and the accompanying motions had not been taken to the mailroom because my unit team had yet to process the paperwork for the filing fee.

19. Days ago, I mailed papers to the U.S. District Court in Washington, DC, for filing in the case of Brown v. Fed. Bureau of Prisons, but I do not know if The Court received my papers.

I declare under the penalty of perjury under the laws of The United States that the foregoing is true and correct. Executed on Friday, January 3rd, 2020,

by: [signature] Martin S. Gottesfeld

Exhibit 2

To: CMU Unit Team
From: Martin S. Gottesfeld (Reg. No.: 12982-104)
Date: Thursday, January 2nd, 2020
Subject: Preservation against spoliation or other loss of audio/video surveillance footage

Happy New Year Unit Team,

I hope that you are well.

I hereby formally request the preservation against spoliation or other loss of the following audio and video surveillance recordings in the FCI Terre Haute CMU SHU. I certify in good faith under the penalty of perjury under the laws of The United States pursuant to 28 U.S.C. § 1746 that the following is relevant to pending and future litigation that I have brought or will bring in U.S. District Court:

- Tuesday, December 24th, 2019, approx. 3:30 P.M.; Prisoner Gottesfeld addresses the microphone and camera from the CMU SHU law library regarding his outbound mail to the courts and attorneys where he learns for the first time there will be no mail call;
- Tuesday, December 31st, 2019, approx. 6:30 A.M.; medical evaluation of Prisoner Gottesfeld;
- Wednesday, January 1st, 2020, approx. 6:30 A.M.; medical evaluation of Prisoner Gottesfeld and cell search of Prisoner Gottesfeld;
- Thursday, January 2nd, 2020, approx. 6:30 A.M.; medical evaluation of Prisoner Gottesfeld, threat of physical violence made against Prisoner Gottesfeld should he exercise his rights as an Indiana medical patient; and
- Thursday, January 2nd, 2020, approx. 12:00 P.M.; Mail call and follow discussion in which prison administrator calls Prisoner Gottesfeld's hunger strike, "disruptive behavior," and follow-up discussion with white shirt wherein Prisoner Gottesfeld outlines arbitrary and capricious new enforcement of policies against Prisoner Gottesfeld and the white shirt responds by saying, "You will come out."

If there is anything else that I must do in order to ensure the availability of the above-listed evidence, please let me know in writing.

Thanks,

/s/ Martin S. Gottesfeld, pro se

Exhibit 3

To: CMU Unit Team
From: Martin S. Gottesfeld (Reg. No.: 12982-104)
Date: Friday, January 3rd, 2020
Subject: Preservation against spoliation or other loss of audio/video surveillence footage

Salutations Unit Team,

I hope you're well.

I hereby formally request the preservation against spoliation or other loss of the following audio and video surveillence recordings in the FCI Terre Haute CMU SHU. I certify in good faith under the penalty of perjury under the laws of The United States pursuant to 28 U.S.C. § 1746 that the following is relevant to pending and future litigation that I have brought and will bring in U.S. District Court:

- Tuesday, December 31st, 2019, approx. 6:10 A.M.; Prisoner Gottesfeld declines breakfast, tray taken from cell slot immediately;
- Tuesday, December 31st, 2019, approx. 4:10 P.M.; Prisoner Gottesfeld declines dinner, tray taken from cell slot immediately;
- Thursday, January 2nd, 2020, approx. 4:30 P.M.; Prisoner Gottesfeld declines dinner, tray left on cell slot for some time before it is removed;
- Friday, January 3rd, 2020, approx. 6:10 A.M.; Prisoner Gottesfeld declines breakfast, tray left on cell slot for some time before it is removed; and
- Friday, January 3rd, 2020, approx. 6:30 A.M.; All interactions with Prisoner Gottesfeld before, during, and after morning medical evaluation.

If there is anything else that I must do in order to ensure the availability of the above-listed evidence, please let me know in writing.

Thanks,

[signature]

Martin S. Gottesfeld, pro se


NAME: Martin S. Gottesfeld
NUMBER: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808
FOREVER USA
PURPLE HEART
Friday, January 3rd, 2020, Houston v. Lack, 487 U.S. 266 (1988)
U.S. District Court
Pro Se Clerk's Office
500 Pearl St.
New York, NY 10007
RECEIVED
JAN 15 2020
PRO SE OFFICE
10007-131608