*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street, 3rd Floor*
*New York, New York 10007*

January 17, 2020

BY ECF

Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

     Re:    *Gottesfeld v. Hurwitz*, 18 Civ. 10836 (PGG)

Dear Judge Gardephe:

     On January 15, 2020, Plaintiff Martin Gottesfeld moved for sanctions against the undersigned, who represents Defendants in the above-captioned action. *See* Dkt. No. 134. Plaintiff contends that: (1) the undersigned did not disclose controlling legal authority to the Court; (2) the undersigned improperly stated that Plaintiff had violated the Court's scheduling orders as to his opposition to Defendants' motion to dismiss; and (3) that the undersigned is engaged in Plaintiff's alleged wide-ranging governmental conspiracy against him.

     As to the first issue, Plaintiff is correct that Defendants mistakenly cited to *Sandin v. Conner*, 515 U.S. 472, 484 (1995), in their analysis of Plaintiff's due process claim relating to his confinement in the special housing unit ("SHU") of the Metropolitan Correctional Center ("MCC"). The *Sandin* standard only applies to convicted prisoners, while pretrial detainees are entitled to greater protections. Defendants, however, concede as much in their reply. *See* Dkt. No. 111 at 9. Accordingly, Defendants, admittedly, made a mistake, however, upon being presented with this mistake, admitted as much to the Court.

     Second, Defendants accurately represented to the Court Plaintiff's failure to comply with a court ordered deadline. On August 15, 2019, the Court set a briefing schedule whereby Plaintiff's opposition to Defendants' motion to dismiss would be due on October 15, 2019. Dkt. No. 73. Thereafter, though Plaintiff requested extensions of this deadline on October 15, 2019, October 19, 2019, and November 14, 2019, the Court did not grant these applications until November 22, 2019. *See* Dkt. Nos. 81, 85, 89, 91. Accordingly, until November 22, 2019, Plaintiff was indeed in violation of the Court's August 15, 2019, order.

     Third, there is no wide-ranging conspiracy to deprive Plaintiff of his rights. Rather, he committed a serious crime involving computer hacking on a children's hospital and then

attempted to flee to Cuba to evade American authorities.  When his boat failed and he was taken into custody, he then proceeded to engage in a weeks-long hunger strike.  While Plaintiff's pretrial detention presented unique concerns, these facts do not suggest a government conspiracy against Plaintiff—and certainly not one in which the undersigned is/was engaged.

      Accordingly, Plaintiff's motion for sanctions should be denied.  I thank the Court for its attention to this matter.

                                  Sincerely,

                                  GEOFFREY S. BERMAN
                                  United States Attorney of the
                                  Southern District of New York


                        By:   /s/ Alexander J. Hogan
                              ALEXANDER J. HOGAN
                              Assistant United States Attorney
                              86 Chambers Street, Third Floor
                              New York, New York 10007
                              Tel.: (212) 637-2799
                              Fax: (212) 637-2686
                              E-mail: alexander.hogan@usdoj.gov


cc:     Martin Gottesfeld, Register Number 12982-104
          FCI Terre Haute
          Federal Correctional Institution
          P.O. Box 33
          Terre Haute, IN  47808