UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Martin S. Gottesfeld, pro se,
  Plaintiff
    - against -                    Case No.: 18-cv-10836-PGG-GWG
Hugh J. Hurwitz, et al.

CLAIM FOR MANDATORY JUDICIAL NOTICE
FED. R. EVID. 201(c)(2)

Plaintiff and Claimant Martin S. Gottesfeld (herein the "plaintiff"), acting pro se, hereby moves The Honorable Court pursuant to Fed. R. Evid. 201(c)(2) to take mandatory judicial notice of herewith-provided Exhibit 1 hereto, Declaration of Martin S. Gottesfeld, and Exhibit 2 hereto, Statement of Facts.

Respectfully filed in accordance with the prison-mailbox rule of Houston v. Lack, 487 U.S. 266 (1988), by mailing to The Court in an envelope bearing sufficient affixed pre-paid first-class U.S. postage, and handed to Ms. J. Wheeler of the FCI Terre Haute CMU unit team, acting in her official capacity as an agent of the defendants, on Monday, January 13th, 2020, or the first opportunity thereafter,

by: /s/ MG
Martin S. Gottesfeld, pro se

RECEIVED
JAN 27 2020
PRO SE OFFICE

Page 1 of 4
1-27-20

Exhibit 1

<u>Declaration of Martin S. Gottesfeld:</u>

I, Martin S. Gottesfeld, declare under the penalty of perjury under the laws of The United States pursuant to <u>28 U.S.C. § 1746</u> that the following is true and correct on this 13th day of January, 2020:

1. I am Martin S. Gottesfeld and I am the sole plaintiff in the case of <u>Gottesfeld v. Hurwitz, et al.</u>, 18-cv-10836-PGG-GWG (herein "the case"), currently pending before The Honorable U.S. District Court for the Southern District of New York (herein "The Court").

2. I have mailed many filings to The Court dated Monday, December 9th, 2019, or later, but I have received no answers to any of them by The Court, and this includes that I have received no answer to my emergency motion mailed thirty-two (32) days ago on December 12th.

3. The previously-unknown named male heavy-set red-haired lieutenant named as a prospective defendant for my cause of action under The False Claims Act in my recent <u>Motion to Add Defendants</u> is now known to me as Mr. N. Parr.

4. I would, if I could, file the Statement of Facts exhibited herewith as <u>Exhibit 2</u> hereto with the relevant Indiana licensing body or bodies and federal HHS and pursue complaints against each medical professional named therein at both the state and federal levels, but I cannot do so because the defendants in the case, their common counsel, Assistant U.S. Attorney Alexander J. Hogan, and their collective parties in privity make it impossible for me to obtain the necessary contact information, and even should such information otherwise come into my possession, the certain knowledge that I would suffer further retaliation very effectively chills any exercise of my First

1 of 2

Amendment rights. Each exercise is now a trade-off.

5. It has come to my attention that the captain previously identified in my filings as "B. Bragan," is really Mr. B. Bragan. I regret the error.

6. My appellate attorney, Ms. Virginia Villa, Esq., sought an attorney call with me on or about Monday, December 16th, 2019—prior to my January 2nd, 2020, opening-briefing deadline in The First Circuit—but agents of the defendants and their counsel, seeking to cover-up their unlawful conduct on Monday, December 9th, 2019, and thereafter, did not allow me any attorney call until more than three (3) weeks later, on Tuesday, January 7th, 2020, i.e. Five (5) days after the opening briefing deadline. This prejudices my pending direct appeal because I would have instructed Ms. Villa to move to change counsel and not to file any briefs. Instead, now, the appellee is able to glean strategic information from Ms. Villa's briefs and The First Circuit is now significantly less likely to appoint for me new counsel should I be unable to retain counsel of my choice.

7. I have requested the preservation of audio and video recordings against spoliation or other loss relevant to the events described in Exhibit 2.

I declare under the penalty of perjury under the laws of The United States that the foregoing is true and correct. Executed on Monday, January 13th, 2020.
by: /s/
Martin S. Gottesfeld

Exhibit 2

# Statement of Facts:

## A. The Parties:

1. Mr. Corey Pointer, Mr. Matthew Worthington, and Ms. J. Dean are each registered nurses (herein, collectively, the "RNs," or individually, an "RN") and each is licensed to practice nursing by The State of Indiana.

2. Ms. Elizabeth Trueblood and Mr. G. Lukens are each medical doctors and each is licensed to practice medicine by The State of Indiana.

3. Ms. Sandusky is an MLT and she is licensed by The State of Indiana.

4. The above shall herein be known collectively as "these same medical professionals."

5. Each of these same medical professionals operates under his or her Indiana State License at the Federal Correctional Institution (FCI) Terre Haute, Indiana.

6. I am Martin S. Gottesfeld, a patient of these same medical professionals, and my registration number, using which my relevant medical records can be located, is 12982-104.

## B. Background:

7. Each of these same medical professionals is refusing to honor my decision pursuant to my right to informed consent to decline non-emergency medical treatment from them.

8. Each of these same medical professionals is simultaneously refusing to honor my duly-witnessed and duly-executed

Indiana Health Care Representative Appointment, appointing my wife, Mrs. Dana E. Gottesfeld of Somerville, MA, whose mobile telephone number is 310-923-5880, to make healthcare decisions on my behalf should I become incapacitated.

9. My wife and I legally married more than five (5) years ago and have never divorced. Our marriage was recorded on December 26th, 2014, at the Manchester, NH, town hall, and my medical records maintained by these same medical professionals reflect that I am currently married.

10. My wife is and has always been my primary emergency contact in the records maintained by these same medical professionals.

11. My wife has held my duly-notarized Rhode Island durable power of attorney since early 2016, and I have never rescinded or superceded or otherwise invalidated it. My wife maintains a copy of this document today.

12. My wife has been appointed my duly-witnessed and duly-executed Massachusetts Health Care Proxy (HCP) since 2016, and I have never rescinded or superceded or otherwise invalidated her appointment.

13. Due to transfers and my resulting loss of access to my documents, I duly-executed another duly-witnessed Massachusetts HCP in 2017, maintaining my appointment of my wife. My wife maintains a copy of this document today.

14. Due to a request for a more recent in-state document I swore before a Massachusetts notary public a Massachusetts durable power of attorney form in 2018, still empowering my wife, and I have never rescinded, superceded, or otherwise

invalidated it. My wife maintains a copy of this document today.

15. I explicitly told each of these same medical professionals on multiple occasions just prior to them treating me against my will and without my consent that I do not wish for them to treat me, that they are doing so against my will, and of my wife's appointment to make medical decisions on my behalf, but they continue to treat me involuntarily based upon orders from non-medical personnel who are operating in their own best interests and not mine.

16. These same medical professionals refused my repeated oral and written requests to execute an Indiana Health Care Representative Appointment, but I was able eventually to obtain the form without their help.

17. Due to transfers and my resulting loss of access to my still-valid Massachusetts HCP, I executed on Friday, January 10th, 2020, an Indiana Health Care Representative Appointment, duly witnessed by Ms. S. Wheeler of FCI Terre Haute, appointing without limitation my wife, and I have never invalidated it.

18. I forthwith provided a copy of my Indiana Health Care Representative Appointment upon its execution to these same medical professionals.

19. Less than five (5) days before I executed my duly-witnessed Indiana Health Care Representative Appointment, these same medical professionals sent a female FCI Terre Haute staff psychologist whose name I do not recall, but whose name should appear in my records, to evaluate me for the sole reason that I was declining their care and the psychologist found me competent.

20. Hours after I executed my duly-witnessed Indiana Health Care Representative Appointment, FCI Terre Haute staff

psychologist Ms. Carmichael determined that I am competent to make my own health care decisions.

21. I have never been deemed incompetent or incapacitated by any court or mental-health professional and I have no personal history of mental illness or hospitalization.

22. For years prior to my incarceration, I functioned successfully as a senior systems engineer with a base salary in excess of $100,000 per year.

23. During my career, I helped maintain the organ-tracking software for The University of Miami Tissue Bank (UMTB), which is one of the largest transplant tissue banks in the U.S., as well as the research-sample tracking software for The CCHMC and UCLA medical center.

24. Frequent on-air Fox News and Newsmax TV personality Michelle Malkin and Rolling Stone featured my human-rights and patients'-rights work on back-to-back days.

25. Mr. John Kiriakou, who blew the whistle on the Bush-era CIA torture program, Newsweek, Red State, The Daily Wire, The New American, The Daily Caller, Sirius/XM's The Wilkow Majority, Barrett Brown, CRTV, Newsmax TV, and others have also featured my human-rights and patients'-rights work.

26. I appeared telephonically from federal custody on RT's international television news, available in over seven hundred million (700,000,000) homes in over one hundred (100) nations worldwide, to discuss the institutional abuse of the mentally ill by state-licensed healthcare professionals in America.

27. My writing has appeared at HuffPost, WND, Red State, InfoWars, The Western Journal, and The Intercept.

28. Federal trial judge Nathaniel M. Gorton ordered me over-

my objection to represent myself against two (2) federal prosecutors in a felony hacking case, having found me competent for the task, and I continue to represent myself in other cases.

29. My capacity to make my own medical decisions has never been seriously questioned and these same medical professionals have never sought a court order to treat me against my will or to appoint for me a guardian ad litem, nor have they ever notified my emergency contacts when treating me without my consent and against my will, or sought consent from my wife.

## C. The Violations of Informed Consent:

30. On the morning of Sunday, January 5th, 2020, RN Mr. Corey Pointer, having been notified by me of my Massachusetts HCP, utilized in a non-emergency and for administrative rather than medical reasons a team of six (6) men in body armor and riot gear to subdue me coercively and obtain without my consent and against my will blood-pressure readings, pulse-oxidation information, and my weight. A retaliatory and coercive disciplinary report was filed against me for declining to consent to R.N. Pointer's treatment. No new follow-up care was ordered as a result of this incident.

31. On or about the morning of Monday, January 6th, 2020, MLT Ms. Sandusky, having been notified by me of my Massachusetts HCP and my desire to execute an Indiana Health Care Representative Appointment, utilized in a non-emergency and for administrative rather than medical reasons the threat of another such team to coerce my involuntary physical compliance, all the while I voiced my non-consent as against

5 of 10

my will she drew my blood while I was handcuffed and chained. The stress and strain of the coercive environment spiked my blood pressure to 175/115. I explicitly informed MLT Sandusky and R.N. Mr. Matthew Worthington, who was also then treating me against my will and without my consent, "You folks are doing great harm." No new follow-up care was ordered as a result of this incident.

    32. On each of the mornings from Monday, January 6th, 2020, through Friday, January 10th, 2020, inclusive, RN Mr. Matthew Worthington, having been notified by me of my Massachusetts HCP and my desire to execute an Indiana Health Care Representative Appointment, utilized in non-emergencies and for administrative rather than medical reasons the threat of another such team to coerce my involuntary physical compliance, all the while I voiced my non-consent as against my will he took blood-pressure and weight measurements and examined my cardiovascular and gastrointestinal systems while I was handcuffed and chained. No follow-up care was ordered based on these incidents other than the aforementioned visits from the staff psychologists.

    33. On or about the morning of Friday, January 10th, 2020, medical doctor Mr. G. Lukens refused to provide to me his full name when I requested to know who was treating me, then knowing of my Massachusetts HCP and my desire to execute an Indiana Health Care Representative Appointment, he utilized in a non-emergency and for administrative rather than medical reasons the threat of another such team to coerce my involuntary physical compliance, all the while I voiced my non-consent as against my will he examined my cardiovascular and gastrointestinal systems and my ~~spittling~~ capillary refill rate while I was handcuffed and chained.

No follow-up care was ordered as a result.

34. Late in the morning of Friday, January 10th, 2020, FCI Terre Haute, Indiana staff member Ms. J. Wheeler witnessed me duly execute two (2) identical copies of my aforementioned Indiana Health Care Representative Appointment, appointing without limitation my wife. I forthwith gave to Ms. Wheeler one of the copies for delivery to these same medical professionals attached to a written request that they update their records to reflect my appointment of my wife. Shortly thereafter, i.e. hours later, Indiana psychologist Ms. Carmicheal deemed me competent to make my own health care decisions.

35. On the morning of Saturday, January 11th, 2020, I told RN Ms. J. Dean of my long-preexisting Massachusetts HCP, my newly-executed and properly-witnessed Indiana Health Care Representative Appointment, the determinations of my competency by two (2) Indiana psychologists, and I gave R.N. J. Dean the contact info for my wife. Immediately thereafter, R.N. J. Dean, knowing of my competency and my duly-executed Indiana Health Care Representative Appointment, utilized in a non-emergency and for administrative rather than medical reasons, the threat of another such team to coerce my involuntary physical compliance, all the while I voiced my non-consent as against my will she took blood-pressure and weight measurements while I was handcuffed and chained. No follow-up care was ordered as a result.

36. On the morning of Sunday, January 12th, 2020, I told RN Mr. Corey Pointer of my Indiana Health Care Representative Appointment, and the determinations of my competency by two (2) Indiana psychologists, and I told him to contact my wife if he wished to challenge my refusal of his treatment. Shortly thereafter

R.N. Corey Pointer unnecessarily touched my left pectoral muscle and when I did not concede to his unwanted physical advance, he utilized in a non-emergency and for administrative rather than medical reasons another team of six (6) men in body armor and riot gear to subdue me coercively and obtain without my consent and against my will blood-pressure and weight measurements. RN Corey Pointer then personally filed a retaliatory and coercive disciplinary report against me, seeking to punish me for failing to give in to his unwanted physical advances and for declining to consent to his unwanted treatment. No new follow-up care was ordered as a result of this incident until I reported RN Corey Pointer to the aforementioned Ms. J. Wheeler pursuant to The Prison Rape Elimination Act, at which point I declined a follow-up examination by RN Corey Pointer's colleague, RN Matthew Worthington.

37. On the morning of Monday, January 13th, 2020, I told RN Mr. Matthew Worthington of my Indiana Health Care Representative Appointment and the determination of my competency by staff psychologist Ms. Carmicheal. I provided him my wife's mobile telephone number and told him to contact her if he wished to challenge my refusal of his treatment. Immediately thereafter, RN Matthew Worthington, knowing of my Health Care Representative Appointment and the determinations of my competency, utilized in a non-emergency and for administrative rather than medical reasons, the threat of another such team to coerce my involuntary physical compliance, all the while I voiced my non-consent as against my will he took blood pressure and weight measurements and examined my cardiovascular and gastrointestinal systems while I was

handcuffed and chained. No new follow-up care was ordered as a result.

38. These same medical professionals each operate under Indiana medical doctor Ms. Elizabeth Trueblood, and on each of the above occasions they were implementing her directives as she is the medical director of FCI Terre Haute. These same medical professionals, at the direction of Ms. Elizabeth Trueblood, have for years been using violence and physical coercion to violate the rights of many similarly-situated patients and they have unnecessarily force-fed many patients against their will.

39. I asked these same medical professionals on many occasions for an Indiana Health Care Representative Appointment form, both orally and in writing, but they would not give me one and I had to obtain and execute one without them.

40. These same medical professionals are knowingly exacerbating my already-high blood pressure through the above coercive and intimidating practices and I have not benefitted in any way from the data they've gathered against my will and without my consent, let alone is there is no conceivable way benefit from this daily abuse that could ever justify these practices. Should there be any slight marginally-possible benefit to me from collecting some data, it is unnecessary to do so this frequently, especially given the documented negative impact of these practices on my hypertension.

41. The conduct of these same medical professionals — who work at the only federal prison that puts people to death — undermines the public's confidence in both the practice of medicine and the State of Indiana's ability to ensure ethical

compliance by those it licenses to be doctors, nurses, and MLTs.

42. I would gladly speak to any relevant authorities about the above incidents and provide anything that I can to assist them in upholding the relevant laws, regulations, and ethical standards, and in maintaining the public's confidence in the practice of medicine.

Signed under the penalty of perjury,

*[signature]* & Monday, January 13th, 2020

Martin S. Gottesfeld
Reg. No.: 12982-104

MSG
2020-01-14
→

43. It has now come to my attention that the name of the first FCI Terre Haute psychologist to confirm my competency to make my own medical decisions is Ms. Patterson.

44. I herein make no complaint against Ms. Patterson or Ms. ~~Carmichae~~ Carmicheal, though I do note that I asked each to

MSG
2020-01-14
→

annotate my records and I asked Ms. Carmicheal to emphasize to these same medical professionals that I am competent to make my own medical decisions.

10 of 10



Monley, Seavey 13th, NY (DOC)
Houston v. Lucky (5) 1:18-cv-266 (1733)

U.S. District Court
Pro Se Clerks Office
500 Pearl St.
New York, NY 10007

RECEIVED
JAN 27 2020
PRO SE OFFICE

USM P3
SDNY

NAME: Martin S. Gottesfeld
NUMBER: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808