United States District Court
Southern District of New York

Martin S. Gottesfeld, pro se,
　　Plaintiff
　　－against—
Hugh J. Hurwitz, et al.

1-31-20

Case No.: 18-cv-10836-PGG-GWG

RECEIVED JAN 31 2020 PRO SE OFFICE

USDC SDNY DOCUMENT DOC #: DATE FILED:

## REPLY TO DEFENDANTS' OPPOSITION (D.E. 125) TO PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME (D.E. 124)

　　Plaintiff Martin S. Gottesfeld (herein the "plaintiff"), acting pro se, hereby replies to the defendants' opposition (docket entry ("D.E.") 125) to his MOTION FOR AN EXTENSION OF TIME (D.E. 124).

　　In support of this reply and the plaintiff's original motion, the plaintiff herewith provides and respectfully requests ~~that the Court take~~ pursuant to Fed. R. Evid. 201(c)(2) that the Honorable Court take mandatory judicial notice of Exhibit 1 hereto, Declaration of Martin S. Gottesfeld (Monday, January 20th, 2020).

　　The defendants' arguments in D.E. 125 are, in a word: frivolous. Sadly, they are just the latest datum in an alarming trend! ~~Counsel for the defendants meritlessly craves the foreclosure of supposed sole access to which to deny the plaintiff (Exhibit 1 hereto at 6-7) and by denying the plaintiff two crucial sources, the plaintiff's opportunity to respond to arguments~~

　　Counsel for the defendants meritlessly craves to deny the plaintiff any and all opportunity to respond to new arguments and evidence proffered for

Page 1 of 3

1/6

the first time in the defendants' reply memorandum (D.E. 111) — such arguments and evidence the defendants and their counsel hope will be dispositive of the case — based upon a supposed page-length rule for a previous filing which counsel for the defendants concedes is inapplicable to pro se cases, access to which he denies the plaintiff (Exhibit 1 at 2 ¶¶ 6-7), and for which he nowhere offers admissible evidence. D.E. 125 at 1.

Counsel for the defendants also incompetently or deceitfully or both incompetently and deceitfully misconstrues the plaintiff's motion. "Notably, the Court has not granted Plaintiff permission to file a sur-reply at all, thus this motion [(D.E. 124)] is improperly characterized as a ~~motion~~ 'motion for extension of time.'" D.E. 125 at 1. The plaintiff's motion, however, was in reality specifically and explicitly one for ~~the~~ "an extension of time in which for him to file ... a specific motion for leave to file a sur-reply." D.E. 124 at 1 (emphasis added). Please also cf. D.E. 92, "MOTION FOR SUFFICIENT TIME TO FILE FOR LEAVE TO FILE A SUR-REPLY REGARDING DEFENDANTS' MOTION TO DISMISS (D.E. 51)," and Exhibit 1 thereto at 1 ~~¶¶~~ ¶¶ 3-4, denied ~~presently as moot and superseded by~~ ~~D.E.~~ at D.E. 126 presumably as moot and superseded by D.E. 124, upon entrance of D.E. 124 onto the instant docket.

This situation further demonstrates that it is inappropriate to allow ~~the~~ counsel for the defendants to (mis)construe the plaintiff's filings so as to deny the plaintiff his Constitutional and statutory rights. Castro v. United States, 540 U.S. 375 (2003).

The plaintiff declines any construal of D.E. 124 as anything other than a motion for an extension of time in which to file a subsequent motion for leave to file a sur-reply. Castro v. United States.

In further support of the propriety of allowing the plaintiff an

extension of time in which to file for leave to file a sur-reply to D.E. 111, the plaintiff hereby reincorporates herein by reference his evidence and arguments from his PRELIMINARY MOTION FOR LEAVE TO FILE A SUR-REPLY, filed pursuant to the prison-mailbox rule of Houston v. Lack, 487 U.S. 266 (1988), on Monday, January 6th, 2020.

The plaintiff further points out that counsel for the defendants is asking the Honorable Court to consummate an absurd and abject inequity by denying the plaintiff any opportunity to oppose new arguments and new evidence proffered for the very first time — and without leave from the Court — in the defendants' reply memorandum based upon a rule that the plaintiff was never served and had no opportunity to review prior to filing his opposition, and which counsel for the defendants concedes is manifestly inapplicable to the pro se plaintiff, while at the very same time counsel for the defendants — who is presumably a member of the Bar — flagrantly violated the applicable and mandatory Loc. Civ. R. 56.1, the sanction for which is denial of the defendants' motion. D.E. 107-1 at 16-17 (the plaintiff's timely motion for denial of D.E. 51-52 pursuant to Loc. Civ. R. 56.1).

Put simply: If the Court would now deny the plaintiff leave to file a sur-reply based upon an inapplicable rule about which the plaintiff knew not through no fault of his own, then the Court must also deny the defendants' underlying motion based upon the applicable Loc. Civ. R. 56.1, notice of which the Court itself served upon the parties. D.E. 9 at 12. For the Court to rule in favor of the defendants on both issues would be obvious favoritism and a total double-standard.

In support of D.E. 116 and the plaintiff's corresponding Motion for Sanctions, served upon Assistant U.S. Attorney Alexander J. Hogan on November 25th, 2019, the plaintiff notes Exhibit 1 hereto at 2 ¶¶ 8-12.

Respectfully filed on Monday, January 20th, 2020 (please see Exhibit 1 hereto at 3 ¶ 13),

by: /s/ MG

Martin S. Gottesfeld, pro se

Page 3 of 3

3/6

Exhibit 1

## Declaration of Martin S. Gottesfeld:

I, Martin S. Gottesfeld, declare that the following is true and correct under the penalty of perjury under the laws of The United States pursuant to 28 U.S.C. § 1746 on this 20th day of January, 2020:

1. I am Martin S. Gottesfeld and I am the sole plaintiff in the case of Gottesfeld v. Hurwitz, et al., 18-cv-10836-PGG-GWG (herein also "the case"), currently pending before The Honorable U.S. District Court for The Southern District of New York (herein "The Court").

2. I first received a copy of docket entry (D.E.) 125 in the case on Friday, January 17th, 2020, and my first opportunity to hand off a response thereto to prison authorities for mailing to The Court will be mail call on Tuesday, January 21st, 2020, due to the fact that I must hand my mail to specific prison personnel who will not be in on today's federal holiday, Martin Luther King, Jr. Day.

3. The envelope bearing to me the aforementioned copy of D.E. 125 from the U.S. Attorney's Office was postage-paid by a non-USPS Pitney Bowes machine on Thursday, January 9th, 2020, and then machine postmarked by the USPS in the P.M. hours of Friday, January 10th, 2020.

4. Markings on the aforementioned envelope left by agents of both the defendants in the instant case and their common counsel are meant to lead me to the conclusion that it was received by FCI Terre Haute on Thursday, January 16th, 2020.

5. Like all previous mail sent directly between me and The Court or me and counsel for the defendants, the aforementioned envelope was

Page 1 of 3

4/6

opened it – its idle "presence and its contents were read and digitally preserved by agents of the defendants prior to them marshalling it between the Postal Service and me.

6. The defendants in the case and their common counsel do not make available to me in the FCI Terre Haute CMU electronic law library (ELL) – or anywhere else for that matter – the individual practices of The Honorable U.S. District Court Judge Paul G. Gardephe.

7. The defendants in the case and their common counsel, Assistant U.S. Attorney Alexander J. Hogan, maliciously retaliate against my litigation and specifically my litigation-related and Constitutionally-protected communications with the outside world, and this renders unavailable to me any other possible access to the individual practices of The Honorable U.S. District Court Judge Paul G. Gardephe.

8. Nonetheless, upon my receipt for the first time of D.E. 125, I yet again checked the docket report for its docket entry text describing D.E. 9 and confirmed that it states, "The following document(s) were enclosed in the Service Package: ... the individual practices of the district judge and magistrate judge assigned to your case..."

9. I then yet again checked my copy of D.E. 9, which was recently made reavailable to me after the press and possibly attorneys began inquiring as to my status in the SHU (but this is not to say that I have access to all my legal work in the SHU because I do not).

10. I yet again confirmed that D.E. 9 at 1, under the heading, "ENCLOSED DOCUMENTS," purports in the third (3rd) checkbox to include, "the individual practices of the district judge

and magistrate judge assigned to your case."

11. Plaintiff has not again-assiduously reviewed the twenty-two (22) rules of D.R. of for any reference to page-length limitations, and once again found no such page-length limitations.

12. Responding to the frivolous and needless arguments of O.B. has delayed my litigation of this case and other cases and cost me money in the form of postage, ink and/or paper that I otherwise would not have had to spend and assist U.S. Attorney began there before he filed D.B. 125. That in so doing he would cause these needless delays and increases in the cost of the instant litigation.

13. This filing was ready for mailing at the Court pursuant to the prison-mailbox rule of Houston v. Lack, 487 U.S. 266 (1988), in an envelope bearing sufficient affixed pre-paid first-class U.S. postage, handed to Ms. S. Wheeler of the FCI Terre Haute CMU staff team acting in her official capacity as custodian of the defendant in this case on Monday January 20th, 2020 or the first opportunity thereafter.

I declare that the foregoing is true and correct under the penalty of perjury under the laws of the United States. Executed on Monday January 20th, 2020.

by: [signature]
Martin S. Gottesfeld

**NAME:** Martin S. Gottesfeld
**NUMBER:** 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

U.S. District Court
Pro Se Clerk's Office
500 Pearl St.
New York, NY 10007

RECEIVED JAN 31 2020 PRO SE OFFICE