United States District Court
Southern District of New York

Martin S. Gottesfeld, pro se,
  Plaintiff
      - against -                Case No.: 1:18-cv-10836-PGG-GWG
Hugh J. Hurwitz, et al.

<u>Reply to Defendants' Opposition (D.E. 120) to Plaintiff's Motion
for a Temporary Restraining Order (D.E. 117)</u>

Plaintiff Martin S. Gottesfeld (herein the "plaintiff"), acting pro se, hereby replies to the defendants' opposition (D.E. 120) to his <u>Emergency Motion for a Temporary Restraining Order</u> (D.E. 117).

In support of this reply and the plaintiff's original motion, the plaintiff herewith provides and respectfully requests pursuant to Fed. R. Evid. 201(c)(2) that the Honorable Court take mandatory judicial notice of Exhibit 1 hereto, Declaration of Martin S. Gottesfeld (Monday, January 20th, 2020).

Counsel for the defendants begins his opposition as usual by misconstruing the plaintiff's motion without the plaintiff's consent, so as to deny the plaintiff his rights. D.E. 120 at 1. This violates Supreme Court precedents. Castro v. United States, 540 U.S. 375 (2003).

The plaintiff hereby reincorporates herein by reference Exhibit 1 at 3 ¶¶ 22-25 to his <u>Motion to Add Defendants</u> mailed and filed pursuant to the prison-mailbox rule of Houston v. Lack, 487 U.S. 266 (1988), on Sunday, January 5th, 2020.

The plaintiff further hereby reincorporates herein by reference his arguments from D.E. 106.

Page 1 of 3 v5

While the defendants falsely and frivolously aver that the instant motion has "nothing whatsoever to do with" the instant complaint, their own admissions as obtained property by the plaintiff and the allegations in the instant complaint prove otherwise. Please see D.E. 2 at 5 ¶¶ 4-6 discussing living conditions for SHU inmates "Throughout the FBOP system," and 28 C.F.R. § 541.25; id. at 6 ¶ 7 discussing administrative-detention hearings and 28 C.F.R. § 541.26; id. at 7 ¶¶ 9-10, discussing 8th Amendment violations and Due Process violations including insect infestations; id. at 8 ¶¶ 13-17, discussing lack of access to potable drinking water, extreme temperatures, water leaks, and threats of involuntary medical care; and id. at 12 ¶ 22 alleging a conspiracy to deprive the plaintiff of his civil rights; then please cf. D.E. 116 at 9 ¶¶ 48-56 discussing the same SHU conditions, including lack of access to potable water and the courts; D.E. 117 at 2, discussing the plaintiff's hunger-strike as protected speech and the repeated instant Constitutional violations; id. at 4 ¶ 2, the plaintiff again being threatened with forced-feeding to chill his protected speech; D.E. 118 at 3 ¶¶ 6-8 discussing similar SHU conditions, including risks of infection and cockroaches; id. at 4 ¶¶ 11-14 discussing drinking water; id. at 4 ¶¶ 15-17 and at 5 ¶ 23, discussing interference with access to the courts; id. at 6 ¶¶ 18-22, discussing interference with right to refuse non-emergency medical treatment; D.E. 99 at 9, 20, 31, and 42, Request Numbers 22-27, and at id. at 11, 22, 33, and 48 Request Number 29, wherein the instant defendants admit to their ongoing efforts to deny the plaintiff his Constitutional rights; and Exhibit 2 to the plaintiff's Monday, January 13th, 2020, CLAIM FOR MANDATORY JUDICIAL NOTICE, describing the involuntary medical treatment now being forced upon the plaintiff.

Only a blind man or a fool could honestly call these events unrelated.

Page 2 of 3

2/5

Further, while construal of the instant motions under § 2241 might be appropriate if the plaintiff were located in The Court's territorial jurisdiction, it is clearly inappropriate when he is not. Moreover, the plaintiff already explicitly declined such construal pursuant to Castro v. United States.

Incredibly, counsel for the defendants even wishes for the Court to misconstrue motions brought pursuant to Local Civil Rule 1.5(b)(5) under § 2241. D.E. 120 at 2 n. 1. Such a construal would of course mean that Assistant United States Attorney Alexander J. Hogan could continue flagrantly violating the N.Y. R. Prof. Cond. at will against any incarcerated opposing party so long as he keeps the opposing party outside the district and that the N.Y. R. Prof. Cond. effectively would not apply to AUSA Hogan.

Returning to reality, of course, the unrepresented plaintiff need only plead facts that entitle him to relief under the law — any section of it. He has done so.

Will the Court play favorites or will it uphold the law?

"Justice must satisfy the appearance of justice." Offutt v. United States.

The plaintiff notes Exhibit 1 hereto at 2 ¶ 7.

Respectfully filed on Monday, January 20th, 2020,

by: /S/

Martin S. Gottesfeld, pro se

Exhibit 1

Declaration of Martin S. Gottesfeld:

I, Martin S. Gottesfeld, declare that the following is true and correct under the penalty of perjury under the laws of The United States pursuant to 28 U.S.C. § 1746 on this 20th day of January, 2020:

1. I am Martin S. Gottesfeld and I am the sole plaintiff in the case of Gottesfeld v. Hurwitz, et al., 18-cv-10836-PGG-GWG (herein "the case"), currently pending before The Honorable U.S. District Court for the Southern District of New York (herein "the Court").

2. I first received a copy of docket entry (D.E.) 120 in the case on Wednesday, January 15th, 2020, and I was then busy dealing with other cases, including my pending direct appeal in The First Circuit.

3. The envelope bearing to me the aforementioned copy of D.E. 120 from the U.S. attorney's office was postage paid by a non-USPS Pitney Bowes meter on Monday, January 6th, 2020 - some three (3) days after the filing of D.E. 120 - and then postmarked by the U.S.P.S. in the P.M. hours of Tuesday, January 7th, 2020.

4. Markings on the aforementioned envelope left by agents of both the defendants in the case and their common counsel are meant to lead me to the conclusion that it was received by FCI Terre Haute on ~~Thursday~~ Tuesday, January 14th, 2020.

5. Like all previous mail sent directly between me and The Court ~~and/or~~ me and counsel for the defendants, the aforementioned envelope was opened outside my presence and its contents were read and digitally preserved by agents of the defendants prior to them marshalling it between the Postal Service and me.

6. Agents of the defendants in the instant case continue to unnecessarily force me to accept medical treatment without notifying my emergency

Page 1 of 2   4/S

contacts.

7. This filing was ready for mailing to the Court pursuant to the prison-mailbox rule of Houston v. Lack, 487 U.S. 266 (1988), in an envelope bearing sufficient affixed pre-paid first-class U.S. postage and handed to Ms. J. Wheeler of the FCI Terre Haute CMU Unit Team, acting in her official capacity as an agent of the defendants in the instant case, on Monday, January 20th, 2020, or the first opportunity thereafter.

I declare that the foregoing is true and correct under the penalty of perjury under the laws of the United States. Executed on Monday, January 20th, 2020.

by: [signature]

Marty S. Gottesfeld, pro se

Page 5 of 5

S/S