UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| Martin S. Gottesfeld, pro se, Plaintiff - against - Hugh J. Hurwitz, et al. |
|---|

Case No.: 18-cv-10836-PGG-GWG

## MOTION FOR LEAVE TO FILE A SUR-REPLY TO D.E. 111

Plaintiff Martin S. Gottesfeld (herein the "plaintiff"), acting pro se, hereby moves The Honorable Court to grant him leave to file a sur-reply to the defendants' reply memorandum (docket entry [D.E.] 111) to his opposition (D.E. 101-102 and 115) to the defendants' motion to dismiss (D.E. 51-52) the instant complaint (D.E. 2).

The plaintiff hereby reincorporates herein by reference his arguments and evidence from his PRELIMINARY MOTION FOR LEAVE TO FILE A SUR-REPLY (D.E. 131). He notes id. at 9 (for clarity and convenience, the plaintiff continues citing to page numbers as they appear on PACER) ¶4, and Exhibit 1 hereto.

The plaintiff now notes that fifteen (15) of the twenty-six (26) cases--or roughly fifty-eight percent (58%)--cited by the defendants in their reply memorandum were not cited in the defendants' original motion. Please cf. D.E. 52 at 3 and D.E. 111 at 3. These fifteen (15) newly-cited cases are: (1) Bey v. Griffin, (2) Brown v. Graham, (3) Cabral v. Strada, (4) Dawkins v. Copeland, (5) Francis v. United States, (6) Hale v. Fed. Bureau of Prisons, (7) Hernandez v. United States, (8) Joost v. Menifee, (9) Ojo v. United States, (10) Patterson v. Ponte, (11) Richardson v. Vermont, (12) Rosario v. Fischer, (13) Salahuddin v. Goord, (14) Tellier v. Reisch, and (15) Thomas v. Washburn.

The plaintiff further notes that none of these newly-cited cases appear in his complaint or his opposition (D.E. 2 and D.E. 101-102 and 115).

As the plaintiff noted previously, of course, """Arguments made for the

- Page 1 of 2 -
- Page 1 of 3 -

first time in a reply brief need not be considered by a court."'" D.E. 131 at 2; quoting Kowalski v. YellowPages.com, LLC; 2012 U.S. Dist. LEXIS 46539; 10 Civ. 7318 (PGG) (S.D.N.Y. March 31, 2012) at *30 (internal citation omitted).

As also previously noted, "'Because Plaintiff had raised his "all rights reserved" argument for the first time in his reply, the court directed Defendants to file a sur-reply addressing the issue.'" D.E. 131 at 3; quoting Coffee v. City of New York; 2019 U.S. Dist. LEXIS 47304, 15 Civ. 8916 (PGG) (S.D.N.Y. March 20, 2019) at *8.

Therefore, in addition to all of the reasons reincorporated herein by reference from D.E. 131, the plaintiff moves The Court to grant him leave to file a sur-reply to D.E. 111 so that he can rebut the above-listed brand new citations the defendants made therein.

Respectfully filed in accordance with the prison-mailbox rule of Houston v. Lack, 487 U.S. 266 (1988), by mailing to The Court in an envelope bearing sufficient affixed pre-paid first-class U.S. postage and U.S.P.S. tracking number 9114 9023 0722 4072 3905 20, handed to Ms. J. Wheeler of the FCI Terre Haute CMU unit team, acting in her official capacity as an agent of the defendants, on Friday, February 7th, 2020, or the first opportunity thereafter,

by: /s/ 
Martin S. Gottesfeld, pro se
Reg. No.: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

- Page 2 of 3 -

Exhibit 1

## Declaration of Martin S. Gottesfeld:

I, Martin S. Gottesfeld, hereby declare that the following is true and correct under the penalty of perjury under the laws of The United States pursuant to 28 U.S.C. § 1746(1) on this seventh (7th) day of February, 2020:

1. I am Martin S. Gottesfeld and I am the sole plaintiff in the case of Gottesfeld v. Hurwitz, et al; 18-cv-10836-PGG-GWG (herein "the case"); currently pending before The Honorable U.S. District Court for The Southern District of New York (herein "The Court").

2. I recently regained access to most--but not all--of my legal work when agents of the defendants in the case released me from the FCI Terre Haute CMU special-housing unit (SHU) on Wednesday, January 29th, 2020, but it took me until today to get reorganized and attend to other time-sensitive matters, including inventorying my property that is now either missing, destroyed, or depreciated as a result of the defendants' retaliatory actions, filing other motions in the case and other cases, and once again changing cells during a unit-wide cell rotation that presented my only opportunity to get closer to the cell from which I was taken against my will on Monday, December 9th, 2019.

3. In regards to the newly- and frivolously-cited decisions noted in the accompanying motion, I once again note Fed. R. Civ. P. 11(b) and assert that counsel for the defendants, by citing these non-precedential and non-contrary decisions, is needlessly delaying and adding expense to my litigation of the case.

4. I am making this filing pursuant to the prison-mailbox rule as stated on page two of the accompanying motion.

5. Due to the defendants' ongoing retaliation against my litigation, I remain unable--though in no way whatsoever unwilling--to serve copies of my filings in the case upon the defendants because their agents are still restricting my ability to make photocopies much more severely than they do to other similarly-situated CMU prisoner-litigants.

I declare that the foregoing is true and correct under the penalty of perjury under the laws of The United States. Executed on Friday, February 7th, 2020.

by: _____
Martin S. Gottesfeld

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| Martin S. Gottesfeld, pro se, Plaintiff v. Hugh J. Hurwitz, et al. | Case No.: 18-cv-10836-PGG-GWG |
|---|---|

## MOTION TO AMEND DOCKET ENTRIES

Plaintiff Martin S. Gottesfeld (herein the "plaintiff"), acting pro se, hereby moves The Honorable Court pursuant to Castro v. United States, 540 U.S. 375 (2003), to order The Clerk of The Court to amend as follows the below docket entries in the instant case:

- docket entry (D.E.) 129 appears in the docket report as "Amend/Correct" and the plaintiff moves for it to appear instead as he captioned it, "MOTION TO AMEND DOCKET ENTRIES";

- D.E. 130 appears in the docket report as "Miscellaneous Relief" and the plaintiff moves for it to appear instead as he captioned it, "MOTION FOR ASSISTANCE WITH OR WAIVER OF SERVICE";

- D.E. 131 appears in the docket report as "Miscellaneous Relief" and the plaintiff moves for it to appear instead as he captioned it, "PRELIMINARY MOTION FOR LEAVE TO FILE A SUR-REPLY";

- D.E. 132 appears in the docket report as "Remark" and the plaintiff moves for it to appear instead as he captioned it, "CLAIM FOR MANDATORY JUDICIAL NOTICE (FED. R. EVID. 201(c)(2))";

- D.E. 133 appears in the docket report as "Amend/Correct" and the plaintiff moves for it to appear instead as he captioned it, "MOTION TO ADD DEFENDANTS";

- D.E. 134 appears in the docket report as "Sanctions" and the plaintiff moves for it to appear instead as he captioned it, "MOTION FOR SANCTIONS";

- D.E. 136 appears in the docket report as "Remark" and the plaintiff

moves for it to appear instead as he captioned it, "RENEWED MOTION FOR COPY OF GOVERNMENT'S LETTER";

- D.E. 137 appears in the docket report as "Compel" and the plaintiff moves for it to appear instead as he captioned it, "MOTION TO COMPEL AUDIO AND VIDEO RECORDING(S) OF FORCED-FEEDING(S)";

- D.E. 138 appears in the docket report as "Notice (Other)" and the plaintiff moves for it to appear instead as he captioned it, "CLAIM FOR MANDATORY JUDICIAL NOTICE (FED. R. EVID. 201(c)(2))";

- D.E. 139 appears in the docket report as "Miscellaneous Relief" and the plaintiff moves for it to appear instead as he captioned it, "MOTION TO AMEND DOCKET ENTRIES"; and

- D.E. 140 appears in the docket report as "Notice (Other)" and the plaintiff moves for it to appear instead as he captioned it, "CLAIM FOR MANDATORY JUDICIAL NOTICE (FED. R. EVID. 201(c)(2))".

Respectfully filed in accordance with the prison-mailbox rule of Houston v. Lack, 487 U.S. 266 (1988), by mailing to The Court in an envelope bearing sufficient affixed pre-paid first-class U.S. postage and U.S.P.S. tracking number 9114 9023 0722 4072 3905 20, handed to Ms. J. Wheeler of the FCI Terre Haute CMU unit team, acting in her official capacity as an agent of the defendants on Friday, February 7th, 2020, or the first opportunity thereafter,

by: /s/
Martin S. Gottesfeld, pro se
Reg. No.: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| Martin S. Gottesfeld, pro se, |
| Plaintiff |
| - against - |
| Hugh J. Hurwitz, et al. |

Case No.: 18-cv-10836-PGG-GWG

### NOTICE FOR CALENDAR CALL

To: Ruby J. Krajick
    Clerk of The Court
    United States District Court
    The Southern District of New York
    Daniel Patrick Moynihan U.S. Courthouse
    500 Pearl St.
    New York, NY 10007

Friday, February 7th, 2020

Ms. Krajick:

This is a request for a calendar call for the following motions and claims pending in the above-captioned case: docket entry (D.E.) 116, D.E. 134, and docket entries 68, 69, 79, 80, 84, 93, 95, 96, 98, 99, 103, 104, 106, 114, 117, 118, 122, 129, 130, 132, 133, 136, 137, 138, 139, and 140.

It is also worth noting that filings made by the plaintiff in the above-captioned case continue to be miscaptioned on the docket report despite Castro v. United States, 540 U.S. 375 (2003). Please see D.E. 129 and D.E. 139. It would be a shame if reasonable members of the public were to start objectively questioning if the plaintiff's filings are being miscaptioned so as to help the defendants in the case avoid calendar calls and rulings in the wake of the death of pre-trial detainee and potential class member Jeffrey Epstein and the current controversy over the (mis)treatment of pre-trial detainee Michael Avenatti.

Respectfully filed in accordance with the prison-mailbox rule of Houston v. Lack, 487 U.S. 266 (1988), by mailing to The Court in an envelope bearing

- Page 1 of 2 -

sufficient affixed pre-paid first-class U.S. postage and U.S.P.S. tracking number 9114 9023 0722 4072 3905 20, handed to Ms. J. Wheeler of the FCI Terre Haute CMU unit team, acting in her official capacity as an agent of the defendants on Friday, February 7th, 2020, or the first opportunity thereafter,

by: _____
Martin S. Gottesfeld, pro se
Reg. No.: 12982-104
Federal Correctional Institution
P.O. Box 33
Terre Haute, IN 47808

